# Ballard Spahr
### LLP

————————————————

1675 Broadway, 19th Floor
New York, NY 10019-5820

TEL 212.223.0200

FAX 212.223.1942

www.ballardspahr.com

Thomas Sullivan
Tel: 212.850.6139
Fax: 212.223.1942
sullivant@ballardspahr.com

April 16, 2026

*By Electronic Filing*

Hon. Andrew L. Carter Jr.
U.S. District Court, Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Re:     *Shaykhoun v. The Daily Mail et al.*, No. 24 Civ. 9978 (ALC) (S.D.N.Y.)

Dear Judge Carter:

We represent Defendants The Daily Mail, Dailymail.com, Daily Mail and General Trust PLC, and Noa Halff (collectively, the "Daily Mail Defendants"). We write in opposition to the letter motion of Plaintiff Sonya Shaykhoun ("Shaykhoun") seeking leave to file a fourth version of her Third Amended Complaint (the "TAC"). *See* Mot.[1] This motion should be denied and the Court should instead reject the TAC in its entirety.

When, as here, the deadline for amending a complaint as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "[L]eave to amend need not be granted when amendment would be futile." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016). An amendment is futile when additional information does not cure other fatal issues in the complaint. *See Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 55 (2d Cir. 1995).

Shaykhoun's request to file a fourth version of the TAC to correct what she characterizes as "minor, non-substantive omissions" in that document, *see* Mot. at 2, should be denied as futile because it does not address the fundamental flaw in the TAC – that the original version of this amended pleading was filed without leave. In its order granting the Daily Mail Defendants' motion to dismiss the Second Amended Complaint (the "SAC"), this Court gave Shaykhoun "leave to file an amended complaint as to the Section 1983 and declaratory relief claims." *See* Dkt. 75 at 21. The TAC goes well beyond what was permitted by the Court. The TAC does not address any of the deficiencies the Court identified in its dismissal opinion. Instead, it adds new claims for civil RICO conspiracy, conspiracy to obstruct justice, and federal witness tampering, and names 19 new defendants, including the

---

[1] Shaykhoun's letter motion, circulated to the parties on Tuesday, has not yet been filed.

Hon. Andrew L. Carter Jr.
April 16, 2026
Page 2

undersigned defense counsel.  In contrast to the SAC's focus on a 2023 incident in Riverside Park and resulting media coverage, the TAC describes Shaykhoun's employment fifteen years ago in Doha and a dispute about whether her boss from that time period holds a Jordanian law license.  *See, e.g.*, TAC ¶¶ 2, 42-46, 56.  Other than asserting that "The Daily Mail's intentional publication of Plaintiff's residential data signaled for Plaintiff's liquidation" in a seemingly otherwise unrelated paragraph, *see* TAC ¶ 64, the TAC no longer alleges any specific activity by the Daily Mail Defendants at all.

"District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."  *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) (collecting cases); *see McCray v. Patrolman N.A. Caparco*, 761 F. App'x 27, 30 (2d Cir. 2019) (summary order) (affirming a district court's "refusal to allow an amended complaint with fifty additional pages of allegations encompassing unrelated events occurring months and years later than those originally pleaded" and describing it as a "conclusion [that] is sufficiently obvious to warrant only our summary recognition").  That is precisely what has occurred here. Shaykhoun expressly pleads that she was aware of and knowingly went beyond the bounds of what this Court permitted.  *See* TAC ¶ 1 ( "the Order granted leave to amend the Section 1983 and declaratory relief claims" and "Plaintiff expands this TAC to address a coordinated campaign of professional retaliation").  In similar situations, courts have rejected the new amended complaint, deemed the prior dismissed pleading the operative one, and closed the case.  *See Roosevelt Rd. Re, Ltd. v. Subin*, 2025 WL 3049937, at *3-4 (E.D.N.Y. Sept. 16, 2025) (grant of limited leave to amend "was not a license to recast the case").

To the extent Shaykhoun's motion could be construed as seeking retroactive permission to file the expanded claims of her original TAC, that should also be denied as futile.  While the Daily Mail Defendants are still developing their analysis of the TAC in advance of their response due April 24, *see* Dkt. 75 at 21, each claim is clearly deficient:

- **Section 1983** – Shaykhoun has not corrected any of the deficiencies the Court previously identified.  *See* Dkt. 75 at 17-19.  Instead, Shaykhoun no longer alleges any specific actions by the Daily Mail Defendants which violated her rights at all.  *See generally* TAC.  In addition, any participation in joint activity with Qatar, *see* TAC ¶ 66, cannot be the basis for a claim, as "acts by a foreign government . . . cannot constitute conduct under color of state law under Section 1983."  *Siyu Yang v. Ardizzone*, 540 F. Supp. 3d 372, 380 (W.D.N.Y. 2021) (cleaned up), *aff'd on other grounds sub nom. Yang v. Eastman Sch. of Music*, 2022 WL 1040418 (2d Cir. Apr. 7, 2022).

Hon. Andrew L. Carter Jr.
April 16, 2026
Page 3

- **Civil RICO Conspiracy** – To adequately allege a RICO conspiracy, a plaintiff must establish "(1) an agreement to join the conspiracy; (2) the acts of each co-conspirator in furtherance of the conspiracy; (3) that the co-conspirator knowingly participated in the same." *Valenti v. Penn Mutual Life Ins.*, 850 F.Supp.2d 445, 450–51 (S.D.N.Y. 2012).  Shaykhoun does not plead any of these elements with respect to the Daily Mail Defendants.  *See Nasik Breeding & Rsch. Farm Ltd. v. Merck & Co.,* 165 F. Supp. 2d 514, 541 (S.D.N.Y. 2001) (allegations "devoid of factual assertions concerning the existence and nature of an agreement and unspecific as to the participants therein . . . are insufficient to state a claim under Section 1962(d)").

- **Conspiracy to Obstruct Justice** – "A cause of action may be maintained pursuant to § 1985 if the facts allege (1) a conspiracy between two or more persons, (2) to deter a witness 'by force, intimidation, or threat' from attending any court of the United States or testifying freely in a matter pending therein, which (3) causes injury to the claimant." *Herrera v. Scully*, 815 F. Supp. 713, 726 (S.D.N.Y. 1993).  Again here, Shaykhoun fails to plead the existence of a conspiracy.  Shaykhoun has also not alleged the use of "force, intimidation or, threat," just a settlement offer that she found unacceptable.  In addition, because "[f]iling papers in court does not constitute 'attending' court within the meaning of § 1985," *id.*, an alleged threat to prevent Shaykhoun from filing an amended complaint also does not constitute a violation of the statue.  Finally, there was also no injury here as Shaykhoun was not actually prevented from filing her amended complaint.  *See Reilly v. Natwest Mkts. Grp., Inc.*, 178 F. Supp. 2d 420, 428 (S.D.N.Y. 2001).

- **Federal Witness Tampering** – There is no private right of action under 18 U.S.C. § 1512.  *See, e.g.*, *Zahl v. Kosovsky*, 2011 WL 779784, at *10 (S.D.N.Y. Mar. 3, 2011), *aff'd*, 471 F. App'x 34 (2d Cir. 2012).

For these reasons, this Court should deny Shaykhoun leave to file a fourth version of her Third Amended Complaint, reject the Third Amended Complaint in its entirety, and dismiss this action with prejudice, as she failed to file a proper amended complaint within the deadline set in the dismissal opinion.

Respectfully submitted,
*/s/ Thomas B. Sullivan*

cc:    Plaintiff; all counsel of record (via ECF)