ADMITTED IN:
NEW YORK
FLORIDA
TEXAS

LAW OFFICES OF

# CAMERON STRACHER

MEDIA AND ENTERTAINMENT LAW
1133 BROADWAY, SUITE 516
NEW YORK, NY 10010
_____
(646) 992-3850
SARA@STRACHERLAW.COM

WWW.STRACHERLAW.COM

April 16, 2026

**Via Electronic Filing**

Hon. Andrew L. Carter Jr.
U.S. District Court, Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

> **Re:** ***Shaykhoun v. The Daily Mail et al.*, No. 24 Civ. 9978 (ALC) (S.D.N.Y.)**

Dear Judge Carter:

Defendants Independent Digital News and Media Limited (sued incorrectly herein as "The Independent"), Bevan Hurley, Geordie Greig, Louise Thomas, and Richard Best (collectively, "The Independent Defendants") and their counsel, Cameron Stracher, write in response to Plaintiff Sonya Shaykoun's ("Plaintiff") Letter Motion for Leave to File Third Amended Complaint. Plaintiff's Letter Motion should be denied, and the Third Amended Complaint ("TAC") struck, because it exceeds the Court's Order and the amendment is futile. Additionally, The Independent Defendants and Mr. Stracher respectfully request the Court's guidance on how to proceed given the multiple "corrections," impermissible joinder of parties, and shotgun pleading nature of the TAC.

On February 2, 2026, the Court granted Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint ("SAC"). Order, 21 (Dkt. 75). The SAC asserted claims of copyright infringement and various state law claims based on Defendants' use of Plaintiff's Tweet in their reporting, and Section 1983 and declaratory relief claims arising from co-Defendants' use of the New York anti-SLAPP law during a prior state court proceeding between Plaintiff and co-Defendants (in which The Independent Defendants were not parties). *See* SAC (Dkt. 51). The Court dismissed Plaintiff's copyright and state law claims with prejudice, and granted Plaintiff "leave to file an amended complaint as to the Section 1983 and declaratory relief claims" by April 8, 2026. Order, 21 (Dkt. 75).

Plaintiff's TAC goes far beyond the leave to amend granted by this Court. The TAC now attempts to add new parties and asserts claims for Section 1983 deprivation of rights, civil RICO conspiracy, conspiracy to obstruct justice, and federal witness tampering. TAC ¶¶ 72–85 (Dkt. 82).[1] Plaintiff's theory appears to be that Defendants, in addition to their counsel, have conspired with foreign actors to destroy Plaintiff's career. *See, e.g.* TAC ¶ 1. Plaintiff also claims that Mr.

_____

[1] To date, Plaintiff has filed or attempted to file three versions of the TAC. *See* Dkt. 77, 78, and 82. Because Plaintiff's Letter Motion cites to the version at Dkt. 82, this response cites to that version as well.

Stracher's communications with her to discuss settling this case amounted to federal witness tampering. *Id.* ¶ 29. Because these outlandish claims exceed the Court's Order granting Plaintiff leave to amend, and fail to satisfy even a generous reading of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's request to file the TAC or any "corrections" should be denied. *See* Fed. R. Civ. P. 8(a)(2) (requiring that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d Cir. 1988) (holding that district court was "within bounds of discretion to strike or dismiss complaint for noncompliance with Rule 8" where *pro se* complaint spanned "15 single-spaced pages," and contained "a surfeit of detail."); *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (recognizing district courts' authority to dismiss complaints that fail to comply with Rule 8).

Furthermore, leave to amend is properly denied when amendment would be futile. *See Joseph v. Buffalo News, Inc.*, 792 F. App'x 60, 63 (2d Cir. 2019) ("District courts may deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.") (internal citation omitted). Plaintiff's new claims and proposed amendments are futile on their face. The TAC does not even mention The Independent Defendants or clarify what role they played in the alleged "conspiracy" or any other claim beyond identifying them as Mr. Stracher's clients and mentioning that Richard Best once lived in Dubai.  Similarly, Plaintiff has no good faith basis to assert that a settlement proposal amounts to witness tampering or that Mr. Stracher or The Independent Defendants have any connection to the foreign actors. Finally, as with the SAC, Plaintiff does not allege that The Independent Defendants were parties to the state court proceedings that form the basis of her Section 1983 claim. For these additional reasons, Plaintiff's letter motion should be denied, and the TAC should be struck.

Finally, given the substantive and procedural issues with the TAC, The Independent Defendants and Mr. Stracher respectfully request the Court's guidance regarding how to proceed, namely, whether Defendants should proceed with filing letters regarding motions to dismiss the TAC and the timing of those letters, which TAC would be the operative complaint, and whether the additional parties have been properly added and, if served, should also file letters regarding motions to dismiss.

Respectfully,

Sara Tesoriero

cc:    Plaintiff and all other defendants (via ECF)

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2026, I caused a true copy of the foregoing to be served on all counsel of record via ECF.


/s/ *Sara C. Tesoriero*
Sara C. Tesoriero, Esq.