

42nd Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Katherine M. Bolger**
(212) 402-4068 tel
(212) 489-8340 fax

katebolger@dwt.com

April 16, 2026

**Via Electronic Filing**

The Honorable Andrew L. Carter, Jr.
U.S. District Court, Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

      Re:    *Shaykhoun v. The Daily Mail et al.*, Case No. 1:24-cv-09978-ALC (S.D.N.Y.)

Dear Judge Carter:

We represent defendants The Daily Beast Company LLC, AJ McDougall, Ben Sherwood, Joanna Coles, IAC Inc., Tracy Connor, and Barry Diller (the "DB Defendants") and write to oppose Plaintiff's letter-motion for leave to file a fourth version of her Third Amended Complaint ("TAC").[1]  We also write to draw the Court's attention to the contents of Plaintiff's TAC and ask that it be struck as it violates Fed. R. Civ. P. 8, this Court's February 26 Order, and is futile. Alternatively, if the TAC is not stricken, we write to request an in-person conference and seek Your Honor's guidance on how the undersigned should proceed given the multiple amendments and shotgun nature of the TAC.

What began with Plaintiff's unhappiness with the public reaction to her Tweet and media coverage of it has since morphed into a far-flung yet ill-defined conspiracy theory involving (among others) various law firms and news publications that have allegedly conspired to destroy her career on account of her long-ago disclosure that a certain attorney lacked a Jordanian law license.  As context, in Plaintiff's SAC, she originally asserted claims for copyright infringement and various state law claims apparently arising from the DB Defendants' news reporting of her Tweet, as well as Section 1983 and declaratory relief claims premised on the DB Defendants' reference to New York's anti-SLAPP law and her belief that it is unconstitutional.  *See generally* SAC (Dkt. 51).  On February 26, 2026, this Court granted the DB Defendants' motion to dismiss the SAC in full—dismissing the copyright infringement and state law claims with prejudice, declining supplemental jurisdiction, and dismissing the Section 1983 and declaratory relief claims without prejudice.  *See generally* Decision and Order (Dkt. 75). While expressing skepticism that Plaintiff could fashion any amendments that would alter the Court's analysis, the Court still gave Plaintiff the limited opportunity to amend her Section 1983 and declaratory relief claims.  Order at 21 (Dkt. 75).

---

[1] The undersigned will also represent the Davis Wright Tremaine LLP Defendants, but service is not complete.

Page 2

But Plaintiff's TAC goes far beyond the limited confines of the amendment permitted by the Court's February 26 Order. Plaintiff's 34-page TAC now improperly adds new parties, including the undersigned's law firm, and asserts new claims, not merely under Section 1983, but also for civil RICO conspiracy, conspiracy to obstruct justice, and federal witness tampering. TAC ¶¶ 72–85 (Dkt. 82). Plaintiff's new theory, to the extent it can be discerned from her rambling pleading, appears to be that the DB Defendants' counsel have conspired with other law firms, "the State of Qatar and the New York State Judiciary" to deprive her of her "property interest in her professional standing since 2004 and membership in the New York Bar since 2008." TAC ¶¶ 7, 66-68. Plaintiff's filing also broadly claims that all of the "Media Defendants" are "state actors" and otherwise relies on baseless allegations against the DB Defendants' counsel as part of a broader conspiracy.[2] TAC ¶ 58. After filing the TAC, Plaintiff continues to email new iterations of it to chambers and has requested leave to file a fourth version of it.

*First*, leave to amend is not unlimited, and courts in this Circuit routinely deny further amendments where a plaintiff has already been afforded multiple opportunities to cure deficiencies. Although Rule 15(a)(2) provides that "leave to amend shall be freely given when justice so requires," that decision remains within the court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court may deny leave where there has been repeated failure to cure deficiencies by prior amendments, undue delay, bad faith, or futility of amendment. *Id.*; *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (district court may deny leave where amendment would be futile); *Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (amendment is futile where the proposed claim could not withstand a motion to dismiss). Here, Plaintiff has not alleged the DB Defendants are state actors (nor could she), nor that they were willful participants in joint activity with the State. In fact, aside from the caption, the TAC does not even mention the DB Defendants or clarify what role they played in the alleged "conspiracy" or any other claim. Plaintiff's new claims and proposed amendments are, therefore, futile.

*Second*, Plaintiff's TAC far exceeds the permission this Court gave her to replead and the DB Defendants seek the Court's guidance on how to respond. Even under the most generous and lenient application of Rule 8, the TAC is improper. Fed. R. Civ. P. 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's TAC is neither short nor plain. Instead, it is a shotgun pleading replete with superfluous, ambiguous, and conclusory allegations with no nexus to any actions purportedly taken by the DB Defendants. "[A] complaint is not a public forum for vituperation and invective — not a protected platform to rage against an adversary." *Trump v. N.Y. Times Co.*, 800 F. Supp. 3d 1297, 1298-99 (M.D. Fla. 2025). In addition, the TAC exceeds the clear scope of this Court's February 26 Order. While the Court granted Plaintiff leave to file an amended pleading as to the Section 1983 and declaratory relief claims, (Dkt. 75), Plaintiff's TAC raises new, incomprehensible conspiracy theories far beyond the Order's remit. The TAC is, therefore, improper.

Given the substantive and procedural issues with the TAC, the DB Defendants respectfully

---

[2] Plaintiff also claims that the "Law Firm Defendants" acted under color of law vis-à-vis Defendant Pillsbury, which Plaintiff claims, is "a registered agent for the state of Qatar." TAC ¶ 7. Plaintiff also alleges that my associate and I are members of a RICO enterprise because we filed a fee motion on behalf of the DB Defendants for attorneys' fees in the prior state court action to bankrupt her and "deter her from progressing this litigation." *Id.* ¶ 25.

Page 3

request that this Court strike it.  It is within the discretion of the Court to dismiss pleadings that violate the basic pleading requirements of Rule 8.  *See Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d Cir. 1988) (holding that district court was "within the bounds of discretion to strike or dismiss the complaint for noncompliance with Rule 8" where *pro se* complaint spanned "15 single-spaced pages," and contained "a surfeit of detail"); *accord Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (recognizing district courts' authority to dismiss complaints that fail to comply with Rule 8); *see also Trump*, 800 F. Supp. 3d at 1298-99 (dismissing complaint under Rule 8).  And here, Plaintiff's TAC so clearly violates both the Court's permitted scope of amendment and Rule 8, that the undersigned asks this Court to strike it and dismiss this matter so that the DB Defendants— and all of the other Defendants—are not forced to incur the time and expense of responding to it.

For these reasons, the DB Defendants respectfully request the Court (1) deny Plaintiff's request for leave to amend; and (2) strike the TAC.  Alternatively, the DB Defendants respectfully request an in-person court conference and instruction from the Court on how to respond.

Thank you for your consideration.

Respectfully submitted,

Davis Wright Tremaine LLP

Katherine M. Bolger

cc:    All parties via ECF