1:2024cv09978ALC



Sonya Shaykhoun, Esq.
Law Offices of Sonya Shaykhoun, Esq.
825 West End Avenue,
New York, NY 10025
Email: sonya@shaykhounlaw.com
Tel: +1-(929) 408-4531 | +1-(929) 996-5662

May 3, 2026

**VIA ECF**

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**Re: *Shaykhoun v. Daily Mail et. al.* Case No. 1:24-cv-09978 (ALC) – Supplemental Letter Requesting Leave to File Letter Motion for Alternate Service regarding Defendant Cameron Stracher, Esq.**

Dear Judge Carter:

Pursuant to the Court's oversight of service protocols, I write as the Plaintiff in this matter to respectfully submit this supplemental letter in connection with my April 29, 2026, "Letter Requesting Leave to File Letter Motion for Alternate Service, Expedited Discovery, and Court-Supervised Discovery."

I respectfully request service of the Third Amended Complaint unpon Defendant Cameron Stracher, Esq. via electronic mail pursuant to Fed. R. Civ. P. 4(c )(1) and N.Y. CPLR § 308(5). Personal service is now impracticable for the below reasons. As

1:2024cv09978-ALC

Mr. Stracher has actual notice of this action, alternate service via electronic email is reasonably calculated to satisfy due process and ensure this matter proceeds on the forensic record.

The necessity of serving Mr. Cameron Stracher, Esq. via email arises from the following:

1. **Diligent Attempt at Personal Service:** On Wednesday, April 29, 2026, I drove my 81-year-old mother around Manhattan to effectuate service on NYC-based Defendants. My mother successfully served all parties except Mr. Stracher, who was not present in his office when she attempted service at around 4 PM. Apparently, there was no one in the office to accept service on his behalf at this time either. Given the imminence of the May 12, 2026, date for Defendants' opening briefs, it is more expedient and reliable method to ensure forensic continuity.

2. **Professional Constraints and Logistical Obstacles:** I commenced a document review project on April 30, 2026, which precludes me from personally facilitating a second physical service attempt during business hours. Furthermore, the prohibitive cost of Congestion Pricing represents a secondary logistical burden that I am loathe to incur on principle when a more efficient digital alterative exists.

3. **The Continual Smear Campaign & Financial Burden:** Furthermore, Defendants' coordinated smear campaign has directly resulted in a significant curtailment of my professional earnings. Consequently, the expense of repeated, unsuccessful personal service attempts has become a prohibitive financial burden, further necessitating the requested authorization for alternate service.

Respectfully submitted,

Sonya Shaykhoun, Esq.
Plaintiff *Pro Se*