

42nd Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Katherine M. Bolger**
(212) 402-4068 tel
(212) 489-8340 fax

katebolger@dwt.com

May 4, 2026

**Via Electronic Filing**

The Honorable Andrew L. Carter, Jr.
U.S. District Court, Southern District of New York
40 Foley Square, Room 444
New York, NY 10007

   Re: *Shaykhoun v. The Daily Mail et al.*, Case No. 1:24-cv-09978-ALC (S.D.N.Y.)

Dear Judge Carter:

   We represent defendants The Daily Beast Company LLC, AJ McDougall, Ben Sherwood, Joanna Coles, IAC Inc., Tracy Connor, and Barry Diller (collectively the "DB Defendants") in the above-captioned matter.  We also write on behalf of Defendants The Daily Mail, Dailymail.com, Daily Mail and General Trust PLC ("DMGT"), and Noa Halff (collectively, the "Daily Mail Defendants"), the Independent Digital News and Media Limited (sued incorrectly herein as "The Independent"), Bevan Hurley, Geordie Greig, Louise Thomas, and Richard Best (collectively, "The Independent Defendants"), Davis Wright Tremaine LLP, Katherine M. Bolger, and Lindsey B. Cherner (collectively the "DWT Defendants"), Ballard Spahr LLP, Thomas B. Sullivan, Saumya K. Vaishampayan (collectively the "Ballard Spahr Defendants"), and Cameron Stracher, PLLC and Cameron Stracher (collectively the "Cameron Stracher Defendants").

   This letter-motion is in opposition to Plaintiff Sonya Shaykhoun's April 29, 2026, letter requesting leave to file a letter motion for alternative service, expedited discovery, court-supervised discovery, and other relief. *See* Dkt. 92.  Because Plaintiff seeks relief which is premature and unpermitted in any case, the Court should deny the requested relief, and allow the parties to proceed with briefing the Defendants' motions to dismiss the Third Amended Complaint ("TAC"), which are due by May 12, 2026.

   **Alternative Service**: Plaintiff chose to file a voluminous TAC and name more than 30 defendants.  As "courts have consistently held," a plaintiff's contention that "it would be wasteful, expensive, and time-consuming and delay the progress of [her] suit . . . is not a sufficient justification for alternative service where the plaintiff has not first reasonably attempted to effect service through traditional means." *Ultra Int'l Music Publ'g, LLC v. Sony Music Ent.*, 2025 WL 670842, at *6 (S.D.N.Y. Mar. 3, 2025); *see Baliga ex rel. Link Motion Inc. v. Link Motion Inc.*, 385 F. Supp. 3d 212, 220 (S.D.N.Y. 2019) (ruling that a plaintiff's "desire to move quickly" is "no excuse to flout procedural rules," and denying request for alternative service).  Plaintiff has now served the DB Defendants, Daily Mail Defendants, The Independent Defendants, DWT

Page 2

Defendants, and Ballard Spahr Defendants. Plaintiff also attempted to serve the Cameron Stracher Defendants, but no one was present in the office at the time. Aside from Pilsbury Winthrop Shaw Pittman and their named attorneys, it appears she has made no effort to serve the remaining new defendants. In addition, counsel for Jonathan Harmsworth offered to waive formal service of a summons if Plaintiff requests it pursuant to Fed. R. Civ. P. 4(d), and provided her with a copy of the form to do so. She has not responded and has not requested that Harmsworth accept service by email. Harmsworth would be willing to accept service of the complaint by email if Plaintiff provides the Rule 4(d) form, as would the Cameron Stracher Defendants.

**Court-Supervised Discovery:** Before filing her letter, Plaintiff did not seek to meet and confer on any of these purported discovery issues, as required by Federal Rule of Civil Procedure 37(a)(1) and this Court's Rule 2(A). The motion should be denied for this reason alone. *See, e.g.*, *Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.*, 1998 WL 67672, at *3 (S.D.N.Y. Feb. 18, 1998) ("[T]he failure to meet and confer mandates denial of a motion . . . .").

In any event, Plaintiff provides no authority for her request that the Court supervise discovery or "liaise with judicial counterparts in England, Jordan, and Qatar." Dkt. 92 at 2; *see also id.* at 2 (seeking "[r]equests issued from [the Court's] chambers"). Nor could she. "The court impartially adjudicates cases. It does not conduct discovery on behalf of litigants. If the court were to do so it would become an advocate for the litigant." *Oh v. Jarrin*, 2019 WL 3944436, at *5 (D. Conn. Aug. 20, 2019); *accord Schacht v. Javits*, 53 F.R.D. 321, 325 (S.D.N.Y. 1971) ("With respect to plaintiff's request for prompt discovery, the Court is in no position to order defendants to commence discovery."); *Republic Pension Servs., Inc. v. Finger*, 1988 WL 22579, at *3 (E.D.N.Y. Feb. 11, 1988) ("It is inappropriate for the court to assist a party, inclusive of pro se parties, with completion of discovery."). Moreover, as discovery has not commenced, there is no discovery to supervise.

Nor is there any reason to issue Plaintiff's proposed "Comprehensive Order to Preserve Evidence." *See* Dkt. 92 at 8-14. Defendants are aware of their discovery obligations and will take appropriate steps to preserve potentially relevant documents. A "party seeking a preservation order must make the key showing that there is a significant risk that relevant evidence will be lost or destroyed in the absence of a court order." *Toussie v. Allstate Ins. Co.*, 2018 WL 2766140, at *6 (E.D.N.Y. June 8, 2018), *aff'd*, 2018 WL 11451597 (E.D.N.Y. Aug. 15, 2018). Plaintiff does not even attempt to make the required showing here.

**Expedited Discovery:** Generally, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Fed. R. Civ. P. 26(f). No reason exists to expedite discovery here. "Expedited discovery is not the norm," *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 590 B.R. 200, 207 (Bankr. S.D.N.Y. 2018), and "[w]hen determining whether to grant expedited discovery, courts in this District apply a 'flexible standard of reasonableness and good cause,'" *SingularDTV, GmbH v. Doe*, 637 F. Supp. 3d 38, 42 (S.D.N.Y. 2022). Here, Plaintiff does not provide any "good cause" to depart from the norm. To the contrary, the Court already has ruled that Plaintiff's Second Amended Complaint fails even to state a claim. The TAC also fails to state a claim and will be dismissed for the reasons outlined in the Defendants' pre-motion letters. *See Berger v. Dep't of Def.*, 2025 WL 712875, at *1 (S.D.N.Y. Mar. 5, 2025) (ruling "that discovery in this action should be stayed due to the lack of merit of

Page 3

Plaintiff's Complaint").  Put simply, courts do not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 686 (2009); *see also Ixotic AG v. Kammer*, 2010 WL 11627424, at *2 (E.D.N.Y. Feb. 17, 2010) (denying *pro se* "plaintiffs' motion for expedited discovery as premature").

**Other Relief:** Plaintiff also "move[s] the court for an order facilitating the Expeditious Restoration of [Her] Name."  Dkt. 92 at 3.  It is unclear what relief Plaintiff seeks.  The TAC does not assert a defamation claim against Defendants, *see* Dkt. 89 at 7-42, and Plaintiff has already conceded that any defamation claim against them would be time-barred, *see* Dkt. 51 at 8 (Second Amended Complaint).

Thank you for your consideration.

Respectfully submitted,

Davis Wright Tremaine LLP

Katherine M. Bolger

cc:      All parties via ECF