1:2024-cv-09978-ALC

Second Supplemental Letter Motion
May 7, 2026 (Correction of April 29
Version)

# EXHIBIT A (CORRECTED):
# Plaintiff's Letter Motion for Alternative Service for Foreign Defendants and Non-NYC-based Defendants (Rule 4(f)(3)), Expedited Discovery, and Court-Supervised Discovery (Rule 26(d))



Sonya Shaykhoun, Esq.
Law Offices of Sonya Shaykhoun, Esq.
825 West End Avenue,
New York, NY 10025
Email: sonya@shaykhounlaw.com
Tel: 929-408-4531, 929-9966-5662

April 29, 2026

**VIA EMAIL SUBMISSION TO SDNY PRO SE UNIT**

The Honorable Andrew L. Carter, Jr.
United States District Court,
Southern District of New York,
40 Foley Square,
New York, NY 10007

**Re: *Shaykhoun v. Daily Mail, et al*. No. 1:2024-cv-09978-ALC – Plaintiff's Letter Motion for Alternative Service for Foreign Defendants and Non-NYC-based Defendants (Rule 4(f)(3)), Expedited Discovery, and Court-Supervised Discovery (Rule 26(d))**

Dear Judge Carter:

Pursuant to the Court's Individual Practices, I am the Plaintiff in this matter. I respectfully submit this Letter Motion seeking: (1) an Order authorizing Alternative Service on the Defendants who are not in New York City; (2) an Order for Expedited Discovery at the Court's Discretion; and (3) Court-Supervised Discovery.

**I. Motion for Alternative Service To Defendants In Foreign Jurisdictions Pursuant To Rule 4(F)(3).** Federal Rule of Civil Procedure 4(f)(3) permits service on foreign individuals and entities by "other means not prohibited by international agreement as may be directed by the court." In this District, email service is authorized where traditional service is "impracticable" or where a "Sovereign Audit" of the facts requires high-velocity notice to prevent the spoliation of evidence. The Court in In re GLG Life Tech Corp. Sec. Litig., 11 Civ. 09150 (KBF) (GWG) (S.D. N.Y. Nov 09, 2012) decided to grant alternate service. "'The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court.'" Madu, 265 F.R.D. at 115 (quoting RSM Prod. Corp. v. Fridman, 2007 WL 1515068, at *1 (S.D.N.Y. May 24, 2007)). Courts have repeatedly recognized that " there is no hierarchy among the subsections in Rule 4(f)." Advanced Aerofoil Techs., AG v. Todaro, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012); accord Swarna v. Al-Awadi, 2007 WL 2815605, at *1 (S.D.N.Y. Sept. 20, 2007). Accordingly, " court-directed service under Rule 4(f)(3) is as favored as service under Rule 4(f)(1)," Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1015 (9th Cir.2002), inasmuch as it is " merely one means among several which enables service of process on an international defendant." Id. As one court has put it, service under Rule 4(f)(3) is "neither a ' last resort' nor ' extraordinary relief.'" Id. As in Swarna (authorizing service via email where defendants were located abroad and had already received actual notice of the litigation through extrajudicial channels), the international Defendants here - Osama Abu Dehays and Associated Newspapers Ltd. - are in constant coordination with their New York-based counsel and are actively using the "digital blood" of **The Volokh Conspiracy** blog to manage the narrative. This demonstrates actual notice, rendering traditional service protocols a redundant formality that serves only to facilitate market erasure and procedural inertia. Therefore, to ensure the sovereign integrity of this action, I respectfully move for an order authorizing service of the Summons and Amended Complaint via electronic mail to the foreign Defendants (Al Jazeera Media Network Legal Department, Qatar; Debra Erni, England; Osama Abu Dehays, Qatar; Jonathan Harmsworth, Viscount Rothermere, England).

**II. Authorization for Alternative Service on Domestic Defendants Pursuant to Rule 4(F)(3) & the Court's Inherent Authority.** I further move for an Order authorizing alternative service via email upon the domestic Defendants located in *inter alia* **Washington, D.C. and Los Angeles** (specifically including **The Daily Caller** and its associated agents). While these Defendants are located within the United States, the coordinated nature of the "market erasure" and the demonstrated hostility of the litigation environment make traditional personal service impracticable and a manufactured barrier to the swift administration of justice. To

date, despite known legal representation, certain domestic Defendants have not formally appeared on the **SDNY ECF Docket**, effectively remaining in the "shadows" to delay forensic accountability. Given the high-velocity risk of forensic spoliation and the "perishable" nature of the digital metadata currently being disseminated via **The Volokh Conspiracy** blog and social media, I should not be required to engage in the "Waiver of Service" dance with hostile parties. Pursuant to Fed. R. Civ. P. 4(f)(3) (applied by analogy) and the Court's broad discretion to manage its docket, I request authorization to serve all domestic Defendants via their known corporate and legal email addresses. This method is "reasonably calculated" to provide immediate notice and ensures that the Comprehensive Order to Preserve Evidence (Exhibit B) is served before the "digital blood" can be deleted. Mullane v. Central Hanover Bank Trust Co, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)

**III.    Motion For Court-Supervised & Expedited Discovery Pursuant to The Court's Broad Rule 26 Discretion & 26(d).** I request that the Court exercise its "Sovereign Discretion" to authorize **Expedited Discovery** before the Rule 26(f) conference. There is an acute risk of spoliation as Defendants have launched a fresh "take down" campaign in March and April 2026 via **The Volokh Conspiracy** and other media outlets. Expedited discovery is required to preserve IP Addresses, MAC Addresses, and administrative logs before they are forever deleted by the sophisticated digital janitors of the Enterprise. I have identified a sovereign void in the Jordanian licensure of Defendant Osama Abu Dehays. Expedited production of his foundational credentials – my knowledge of which being the spark that started the nearly seven-year bonfire that is my current reputation - and is required to prevent a fraud on the Court prior to the Defendants' anticipated May 12 filings. I therefore request that the Court assume direct oversight of this discovery to prevent further irrelevant procedural motions aimed at delaying justice.

**IV. Conclusion.** The "math" of this RICO Enterprise is clear. I require the "wood" held in the Defendants' servers and the Jordanian Registry to clinically liquidate the "Shadow" defense. I respectfully request that the Court grant this Motion to ensure forensic accountability and the swift delivery of justice.

Respectfully submitted,

Sonya Shaykhoun, Esq.,
Plaintiff *Pro Se*

**Rule 37.2 Certification:**

I hereby certify that a pre-motion conference was impracticable as the relief sought includes authorization for alternative service upon hostile and foreign parties who have not yet appeared or who are actively evading forensic accountability through extrajudicial channels.