1:2024-cv-09978-ALC

Notice of Supplemental Evidence<br>May 6, 2026

# EXHIBIT C:
# JAY WOLMAN, ESQ.'S OUTREACH REGARDING EXTENDING RESPONSE DATE TO JUNE 11, 2026 (MAY 6, 2026)

 Outlook

---

**Re: Request to Adjourn Response deadline**

---

**From** Sonya Shaykhoun <sonya@shaykhounlaw.com>

**Date** Wed 5/6/2026 5:15 PM

**To** Jay M. Wolman <jmw@randazza.com>

**Cc** Charles Glasser <charlesglasseresq@gmail.com>; Marc John Randazza <mjr@randazza.com>; Staff <staff@randazza.com>

Dear Mr. Wolman:

Thank you for your email. To clarify the record:

1. **Service and Actual Notice:**   Your email serves as a functional admission of Actual Notice. You are writing to me specifically regarding the Third Amended Complaint and the calculation of response deadlines. Under the "Actual Notice" standard prevailing in the Southern District of New York for digital-age litigation, your clients cannot simultaneously engage in extrajudicial "trial by blog" while claiming procedural invisibility. My Letter Motion for Alternate Service under Fed. R. Civ. P. 4(f)(3) is currently before Judge Carter to reconcile this "Martian" discrepancy.

2. **The Schedule and Procedural Integrity:**   My offer of May 18 was calculated to preserve the integrity of Judge Carter's Schedule   while accounting for my own logistical constraints as a solo practitioner. I am the one tasked with responding to the Phalanx's opening briefs; a one-month extension is not a "courtesy"—it is a Strategic Displacement   that would force me to litigate against your clients on a timeline that compromises my own ability to respond.

3. **The Doha Exodus and the "Bait and Switch" Pattern:** In the context of the Updated Extended Chronology—which identifies a high-speed office transition currently occurring in Doha—a 30-day "grace period" provides a Forensic Window for potential spoliation that the Statute simply does not afford. My refusal to grant an adjournment is grounded in the history of this enterprise, including the 2019 "Bait and Switch" where information regarding the mathematically impossible licensure was diverted into a character assassination. I will not grant "grace" to an enterprise that has been using such protocols to avoid the Jordanian Bar Association's records for seven years.

4. **Preservation:** Your refusal to stipulate to a preservation order, in light of the documented Doha Exodus occurring this month, is noted for the record. While you cite Rule 37(e), the Court's Inherent Authority under *Chambers v. NASCO* provides broader protections against the "Mechanical Perversion" of evidence during an international transition.

I will wait for the Court's ruling on the pending motions.

Regards,

Sonya Shaykhoun, Esq.

---

**Sonya Shaykhoun**
Law Offices of Sonya Shaykhoun, Esq., Founder/Attorney



+1-929-996-5662/+1-929-408-4531

825 West End Ave
New York, NY 10025-5349
https://shaykhounlaw.com

---

**From:** Jay M. Wolman <jmw@randazza.com>
**Sent:** Wednesday, May 6, 2026 4:53 PM
**To:** Sonya Shaykhoun <sonya@shaykhounlaw.com>
**Cc:** Charles Glasser <charlesglasseresq@gmail.com>; Marc John Randazza <mjr@randazza.com>; Staff <staff@randazza.com>
**Subject:** Re: Request to Adjourn Response deadline

Dear Ms. Shaykhoun,

Thank you for acknowledging and confirming that my clients have not actually been served.  Thus, there is no pending deadline for them to respond to the Third Amended Complaint and, consequently, no extension is yet required.

Should you choose to formally serve them, please let me know when you have accomplished the same so that we might calculate the appropriate response deadline.  In the alternative, if you wish us to waive service, you will need to comply with the requirements of Fed. R. Civ. P. 4(d).  For purposes of Rule 4(d)(1)(G) you may send the waiver request  packets per client to me by electronic mail:  jmw@randazza.com .

That said, I would like to take this opportunity to note that we are accustomed to granting and receiving reasonable extensions of time, and our request was a reasonable one.  Your restriction that would have us respond by May 18 is not. You have been pursuing this case for a year and a half and only recently added in our clients.  A brief, one month extension is de rigeur and we are disappointed that you did not grant that courtesy.  However, we are willing to litigate with grace and will choose to set aside this initial lack of courtesy, such that we can, going forward, grant each other reasonable accommodations as needed.

As to preservation, we are aware of the obligations of Fed. R. Civ. P. 37(e) and we are not inclined to enter into any stipulation relative to preservation that is not required under the rules.

Thank you for your attention to this matter.

Sincerely,
Jay Wolman

---

**Jay Marshall Wolman, CIPP/US, Counsel***
**Randazza Legal Group, PLLC**
100 Pearl Street, 14th Floor | Hartford, CT 06103
30 Western Avenue,, Gloucester, MA  01930
353 Ocean Ave Ste. 4E, Brooklyn, NY 11226
Tel: 702-420-2001 | Email: jmw@randazza.com

---

\* Licensed to practice law in Connecticut, Massachusetts, New York and the District of Columbia.

The information contained in this message may be privileged, confidential and/or exempt from disclosure under applicable law.  The information is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of any information contained herein or attached to this message is strictly prohibited.  If you have received this email in error, please immediately notify the sender and destroy the original transmission and its attachments in their entirety, whether in electronic or hard copy format, without reading them.  Thank you.

On Wed, May 6, 2026 at 4:20 PM Sonya Shaykhoun <sonya@shaykhounlaw.com> wrote:

> Dear Mr. Wolman,
>
> I have considered your request. While I cannot consent to an adjournment until June 11—as that would facilitate a month-long "silent window" during the ongoing reshuffling of personnel and assets in Doha—I am willing to accommodate your schedule on a limited basis to ensure the Court's calendar remains functional.

I will consent to an adjournment of the response date from May 12 to **May 18, 2026**, provided that your clients agree to the following two conditions of Statutory Integrity:

1. **Waiver of Service:**   Your clients formally waive service under Rule 4, acknowledging Actual Notice of the Third Amended Complaint, thereby mooting any "Martian" defenses regarding the Hague Convention or similar potential objections to my requesting alternate service via email.

2. **Preservation Stipulation:**   Your clients agree to the immediate preservation of all electronic evidence and server logs related to the entities and locations identified in my May 4 Updated Extended Chronology.

If these terms are acceptable, please provide a draft Joint Stipulation for my review by 10:00 AM tomorrow. If not, I will proceed with my opposition to any longer extension based on the documented risk of spoliation in Doha.

Sincerely,

Sonya Shaykhoun, Esq.

---

**Sonya Shaykhoun**
Law Offices of Sonya Shaykhoun, Esq., Founder/Attorney



+1-929-996-5662/+1-929-408-4531
825 West End Ave
New York, NY 10025-5349
https://shaykhounlaw.com

---

**From:** Jay M. Wolman <jmw@randazza.com>
**Sent:** Wednesday, May 6, 2026 2:57 PM
**To:** Sonya Shaykhoun <sonya@shaykhounlaw.com>
**Cc:** Charles Glasser <charlesglasseresq@gmail.com>; Marc John Randazza <mjr@randazza.com>; Staff <staff@randazza.com>
**Subject:** Request to Adjourn Response deadline

Dear Attorney Shaykhoun,

As you are aware, I have entered my appearance for defendants Daily Caller and Daily Caller News Foundation in case 1:24-cv-099780-ALC.

As you have not yet filed Proofs of Service, it is not quite clear when our deadline to respond to your Third Amended Complaint might be.  Moreover, the dates set forth in the April 21, 2026 Order (ECF No. 88) do not clearly refer to my clients who had not yet been a part of the case at that time.

Moreover, as I believe you are aware, we are joined in the representation by Attorney Charles Glasser, who recently suffered serious injuries and has planned surgery in the short term.  And, additionally, I have international travel planned shortly.

To that end, we propose an adjournment of whatever our response date might be to June 11, 2026, which will accommodate our scheduling needs.  Per Judge Carter's individual practices, we must inquire whether you consent and, if not, the reasons given by you for refusing to consent.

Thank you for your prompt attention to this matter.

Sincerely,
Jay Wolman

**Jay Marshall Wolman, CIPP/US, Counsel**\*
**Randazza Legal Group, PLLC**

100 Pearl Street, 14th Floor | Hartford, CT 06103

30 Western Avenue,, Gloucester, MA  01930

353 Ocean Ave Ste. 4E, Brooklyn, NY 11226

Tel: 702-420-2001 | Email: jmw@randazza.com

\* Licensed to practice law in Connecticut, Massachusetts, New York and the District of Columbia.

The information contained in this message may be privileged, confidential and/or exempt from disclosure under applicable law.  The information is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of any information contained herein or attached to this message is strictly prohibited.  If you have received this email in error, please immediately notify the sender and destroy the original transmission and its attachments in their entirety, whether in electronic or hard copy format, without reading them.  Thank you.