# EXHIBIT A:
# PLAINTIFF'S NOTICE OF SUPPLEMENTAL EVIDENCE OF ACTUAL NOTICE (CORRECTED)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

**SONYA SHAYKHOUN, ESQ.**

       **Plaintiff,**

                                       **Civil Action No.**
                                       **1: 24-cv-09978-ALC**

**v.**                                        **NOTICE**

**THE DAILY MAIL ET AL.**           **Date Filed: May 7, 2026**

             **Defendants.**

-----------------------------------------------------------x

### PLAINTIFF'S NOTICE OF SUPPLEMENTAL EVIDENCE OF ACTUAL NOTICE

Plaintiff Sonya Shaykhoun respectfully submits this Notice to alert the Court to supplemental evidence establishing that certain domestic and foreign Defendants – specifically *The Daily Caller* Defendants and Viscount Rothermere – possess Actual Notice of this action and are actively participating in its defense.

### I.    THE RELEVANT CONTACTS

1.    **April 14, 2026:** Thomas Sullivan, Esq., of Ballard Spahr emailed Plaintiff to offer waiver of service for Viscount Rothermere under Rule 4 and provided the requisite waiver forms (Exhibit A). This contact establishes that the Viscount's global interests are not only aware of the litigation but are actively managing it from a domestic legal posture. Plaintiff did not respond immediately but filed a Letter

requesting leave to file a Leave Motion on April 29, 2026[1], requesting, *inter alia* alternate, service via email pursuant to Fed. R. Civ. Proc. 4(f)(3) and the court's inherent authority.

2.    **April 27, 2026:** Jacqueline N. Schell, Esq., of Ballard Spahr - representing Thomas Sullivan, Esq. and Saumya Vaishampayan, Esq. - reached out asking if Plaintiff would agree to waive service (Exhibit B). These coordinated efforts by the Ballard Spahr counsel and Defendants prove a centralized awareness and response to the Complaint.

3.    **May 6, 2026**: Jay M. Wolman, Esq., of Randazza Legal Group, PLLC, representing ***The Daily Caller*** Defendants, reached out to Plaintiff via email requesting a significant extension of time (until June 11, 2026) to respond to the Court's opening brief deadline of May 12, 2026 (Exhibit C). Plaintiff attempted to meet and confer in good faith by offering a reasonable extension until May 18, 2026. Mr. Wolman refused this accommodation, insisting instead on a June 11, 2026, deadline (i.e., more than 30 days out.) Most critically, Mr. Wolman refused to provide any assurance that the Defendants would safeguard or preserve evidence during this requested delay. This refuse, coupled with the ongoing "Doha Exodus" of Pillsbury personnel, provide a concrete basis for Plaintiff's well-founded fear of spoilation. The Defendants are not seeking time to respond; they are seeking a "window of silence"

---

[1] Due to a clerical oversight, Plaintiff filed a duplication of the letter requesting leave as "Exhibit A" of the April 29, 2026, letter instead of the draft Letter Motion. Plaintiff is preparing a Notice of Correction to rectify this clerical error which she will file simultaneously with this Notice.

to scrub the forensic of the "bait-and-switch" in respect to the 2022 Jordanian licensure gap.

4.    Regarding Thomas Sullivan, Esq.'s April 14, 2026, outreach, Counsel for Davis Wright Tremaine, Kate Bolger, Esq., recently (i.e., in her May 4, 2026, letter to the Court objecting to, *inter alia*, the alternate service that Plaintiff requested) characterized Plaintiff's focused litigation posture as "ignoring" Mr. Sullivan. This characterization is a functional admission. Once cannot "ignore" outreach regarding a case unless the parties involved possess actual notice of that case. Ms. Bolger's attempt to "tone-police" the Plaintiff inadvertently confirms that the Defendants' international Phalanx has been fully apprised of this action for weeks, rendering their reliance on the Hague Convention's delays a bad-faith tactic to stall this matter.

## II. LEGAL SIGNIFICANCE: THE "ACTUAL NOTICE" TRIGGER

These contacts are not merely procedural inquiries; they are the forensic proof that the dissonant defense, i.e., the claim that these foreign and domestic parties are beyond immediate reach of the Court because Plaintiff has yet to serve them – is a fiction.

- **The Daily Caller's Request:** A party cannot request a 30-day extension of time to make submissions in respect to a case they claim not to have been served with. By requesting an extension, Mr. Wolman has judicially admitted that his clients possess the papers and are calculating the defense.

- **The Rothermere Liaison:** The offer to waive service by Ballard Spahr establishes that the Viscount is in "Actual Receipt" of the litigation materials.

3

## III. CONCLUSION

Under Rule 4(f)(3), the Court has broad discretion to authorize alternate service when a party has actual notice. The Defendants' direct engagement with Plaintiff proves that the "dignity" of formal international treaties is being used here solely as a tool for spoiliation and delay. Plaintiff respectfully requests the Court grant her pending Motion for Alternate Service immediately, as the Defendants are already "in the room."

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: May 7, 2026
New York, NY

/s/ Sonya Shaykhoun,Esq.
Sonya Shaykhoun, Esq.
Law Offices of Sonya Shaykhoun, Esq.
825 West End Avenue,
New York, NY 10025
Email: sonya@shaykhounlaw.com
Tel: 929-996-5662 | 929-408-4531

4