**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

SONYA HASHIM SHAYKHOUN, ESQ.,                            :
                                                         :
                                                         :   No. 24 Civ. 9978 (ALC)
                                                         :
                              Plaintiff,                 :
                                                         :   ECF Case
                                                         :
-against-                                                :
                                                         :
                                                         :
                                                         :
AL JAZEERA MEDIA NETWORK, DAVID T.                       :
DEKKER, ESQ., EDWARD FLANDERS, ESQ.,                     :
EDWARD A. PERRON, ESQ., OSAMA ABU                        :
DEHAYS, PILLSBURY WINTHROP SHAW                          :
PITTMAN LLP, DEBRA ERNI, ETHAN BARTON,                   :
JOHN HAWLEY, LUKE ROSIAK, THE DAILY                      :
CALLER NEWS FOUNDATION, THE DAILY                        :
MAIL, DAILYMAIL.COM, DAILY MAIL AND                      :
GENERAL TRUST PLC, NOA HALFF,                            :
JOHNATHAN HARMSWORTH, THE DAILY                          :
BEAST COMPANY LLC, AMANDA J.                             :
MCDOUGALL, BEN SHERWOOD, JOANNA                          :
COLES, IAC INC., TRACY CONNOR, BARRY                     :
DILLER, BEVAN HURLEY, THE INDEPENDENT,                   :
GEORDIE GREIG, LOUISE THOMAS, RICHARD                    :
BEST, BALLARD SPAHR LLP, THOMAS                          :
SULLIVAN, ESQ., SAUMYA VAISHAMPAYAN,                     :
ESQ., CAMERON STRACHER, ESQ., DAVIS                      :
WRIGHT TREMAINE LLP, KATHERINE M.                        :
BOLGER, LINDSEY B. CHERNER,                              :
                                                         :
                                                         :
                              Defendants.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X


**MEMORANDUM OF LAW IN SUPPORT OF**
**DAILY MAIL DEFENDANTS' AND BALLARD SPAHR DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Jacquelyn N. Schell
BALLARD SPAHR LLP
1675 Broadway, 19th Floor
New York, NY 10019
Tel: (212) 223-0200
Fax: (212) 223-1942
schellj@ballardspahr.com

*Attorneys for Ballard Spahr
Defendants*

Thomas B. Sullivan
Saumya K. Vaishampayan
BALLARD SPAHR LLP
1675 Broadway, 19th Floor
New York, NY 10019
Tel: (212) 223-0200
Fax: (212) 223-1942
sullivant@ballardspahr.com
vaishampayans@ballardspahr.com

*Attorneys for Daily Mail
Defendants*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................................1

STATEMENT OF FACTS .................................................................................................2

PROCEDURAL HISTORY..................................................................................................3

ARGUMENT .......................................................................................................................4

I.    THE TAC EXCEEDS THE COURT'S LEAVE TO AMEND AND ITS
      CLAIMS SHOULD BE DISMISSED ON THAT BASIS ALONE...................................5

II.   ON THE MERITS, THE TAC SHOULD BE DISMISSED BECAUSE IT
      FAILS TO PLAUSIBLY STATE ANY OF ITS CLAIMS..................................................8

      A.    THE COMPLAINT CONTAINS NO ALLEGATIONS OF
            SPECIFIC CONDUCT BY ANY OF THE DAILY MAIL
            DEFENDANTS ......................................................................................9

      B.    THE SECTION 1983 CLAIM IS EVEN LESS ADEQUATELY
            PLEADED THAN IN THE COMPLAINT THE COURT
            PREVIOUSLY DISMISSED..................................................................11

      C.    THE TAC FAILS TO PLAUSIBLY ALLEGE A RICO
            CONSPIRACY CLAIM .........................................................................15

      D.    THE TAC DOES NOT PLAUSIBLY ALLEGE A WITNESS
            INTIMIDATION CLAIM UNDER 42 U.S.C. 1985(2) .......................22

      E.    PLAINTIFF CANNOT BRING A CLAIM FOR FEDERAL
            WITNESS TAMPERING.......................................................................23

CONCLUSION..................................................................................................................25

# TABLE OF AUTHORITIES

**Cases**                                                                      **Page(s)**

*Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
   233 F.R.D. 327 (S.D.N.Y. 2005) ................................................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)....................................................................................3, 8, 12

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...............................................................................................8

*Bender v. City of N.Y.*,
   2011 WL 4344203 (S.D.N.Y. Sept. 14, 2011).......................................................24

*Black v. Ganieva*,
   619 F. Supp. 3d 309 (S.D.N.Y. 2022)............................................................. *passim*

*Bravo v. Established Burger One LLC*,
   2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013) ...........................................................6

*Broccoli v. Ashworth*,
   2024 WL 1199549 (S.D.N.Y. Mar. 20, 2024) .......................................................21

*Cent. N.Y. Fair Bus. Ass'n v. Jewell*,
   673 F. App'x 63 (2d Cir. 2016) ...............................................................................9

*Chahal v. Paine Webber Inc.*,
   725 F.2d 20 (2d Cir. 1984).....................................................................................22

*Cohen v. S.A.C. Trading Corp.*,
   711 F.3d 353 (2d Cir. 2013)...................................................................................21

*Conte v. Newsday, Inc.*,
   703 F. Supp. 2d 126 (2010) ..................................................................................19

*Contes v. City of N.Y.*,
   1999 WL 500140 (S.D.N.Y. July 14, 1999) ....................................................18, 20

*In re Crysen/Montenay Energy Co.*,
   226 F.3d 160 (2d Cir. 2000)..................................................................................10

*Dabah v. Franklin*,
   2022 WL 973834 (S.D.N.Y. Mar. 31, 2022) ........................................................13

*Dennis v. Sparks*,
   449 U.S. 24 (1980)................................................................................................14

*Empire Merchants, LLC v. Reliable Churchill LLP*,
  2017 WL 7512900 (E.D.N.Y. Jan. 30, 2017) ...............................................................23

*Espire Ads LLC v. TAPP Influencers Corp.*,
  655 F. Supp. 3d 223 (S.D.N.Y. 2023)...........................................................................16

*Flexborrow LLC v. TD Auto Fin. LLC*,
  255 F. Supp. 3d 406 (E.D.N.Y. 2017) .....................................................................17, 18

*G-I Holdings, Inc. v. Baron & Budd*,
  179 F. Supp. 2d 233 (S.D.N.Y. 2001).........................................................................24

*Goldfine v. Sichenzia*,
  118 F. Supp. 2d 392 (S.D.N.Y. 2000).........................................................................15

*Gong v. Sarnoff*,
  2023 WL 4561800 (S.D.N.Y. July 17, 2023) .............................................................13

*Gunn v. Palmieri*,
  1989 WL 119519 (E.D.N.Y. 1989)..............................................................................20

*Ham v. Lenovo (United States) Inc.*,
  664 F. Supp. 3d 562 (S.D.N.Y. 2023)...........................................................................8

*Hariprasad v. Master Holdings Inc.*,
  788 F. App'x 783 (2d Cir. 2019) .................................................................................24

*Hecht v. Com. Clearing House, Inc.*,
  897 F.2d 21 (2d Cir. 1990)......................................................................................17, 20

*Herrera v. Scully*,
  815 F. Supp. 713 (S.D.N.Y. 1993) ..............................................................................23

*Hollander v. Pressreader, Inc.*,
  2020 WL 2836189 (S.D.N.Y. May 30, 2020) ........................................................20, 21

*Hubbuch v. Cap. One, N.A.*,
  2026 WL 691261 (S.D.N.Y. Feb. 10, 2026)..................................................................5

*Katzman v. Victoria's Secret Catalogue*,
  167 F.R.D. 649 (S.D.N.Y. 1996) .................................................................................15

*Kim v. Kimm*,
  884 F.3d 98 (2d Cir. 2018).....................................................................................18, 19

*Kimm v. Lee*,
  2005 WL 89386 (S.D.N.Y. Jan. 13, 2005) ............................................................18, 20

iii

*King v. Falco*,
 2018 WL 6510809 (S.D.N.Y. Dec. 11, 2018) ...................................................................12, 13

*Kramer v. Time Warner Inc.*,
 937 F.2d 767 (2d Cir. 1991)...................................................................................................14

*Lawtone-Bowles v. Baum*,
 2025 WL 2295253 (S.D.N.Y. Aug. 6, 2025)...........................................................................16

*Li v. City of N.Y.*,
 246 F. Supp. 3d 578 (E.D.N.Y. 2017) ....................................................................................13

*Martin Hilti Fam. Tr. v. Knoedler Gallery, LLC*,
 386 F. Supp. 3d 319 (S.D.N.Y. 2019)....................................................................................15

*McCray v. Patrolman N.A. Caparco*,
 761 F. App'x 27 (2d Cir. 2019) .........................................................................................5, 6, 7

*McDonald v. Esposito*,
 2021 WL 1062259 (E.D.N.Y. Mar. 18, 2021).........................................................................24

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*,
 1994 WL 88129 (S.D.N.Y. Mar. 15, 1994) ............................................................................16

*Mitchell v. Maldonado*,
 2025 WL 2098141 (D. Conn. July 25, 2025) ..........................................................................10

*Nygard v. Bacon*,
 2021 WL 3721347 (S.D.N.Y. Aug. 20, 2021).........................................................................21

*O'Brien v. Nat'l Prop. Analysts Partners*,
 719 F. Supp. 222 (S.D.N.Y. 1989) .........................................................................................11

*Palm Beach Strategic Income, LP v. Salzman*,
 457 F. App'x 40 (2d Cir. 2012) ................................................................................................5

*Patterson v. City of Utica*,
 370 F.3d 322 (2d Cir. 2004).....................................................................................................14

*Peralta v. Peralta*,
 2018 WL 1384509 (S.D.N.Y. Mar. 16, 2018) .........................................................................19

*Phila. Reserve Supply Co. v. Nowalk & Associates, Inc.*,
 1992 WL 210590 (E.D.Pa. Aug. 25, 1992) .......................................................................24, 25

*Pitchell v. Callan*,
 13 F.3d 545 (2d Cir. 1994).......................................................................................................12

iv

*Quick v. Westchester Cnty.*,
    2019 WL 1083784 (S.D.N.Y. Mar. 7, 2019) ...............................................................13

*Reeves v. City of N.Y.*,
    2026 WL 309532 (E.D.N.Y. Feb. 5, 2026)..........................................................11, 20

*Reilly v. Natwest Mkts. Grp., Inc.*,
    178 F. Supp. 2d 420 (S.D.N.Y. 2001)..........................................................................23

*Rene v. Citibank NA*,
    32 F. Supp. 2d 539 (E.D.N.Y. 1999) .............................................................................8

*Roosevelt Rd. Re, Ltd. v. Haggar*,
    2026 WL 682192 (E.D.N.Y. Mar. 11, 2026) ...............................................................16

*Roosevelt Rd. Re, Ltd. v. Subin*,
    2025 WL 3049937 (E.D.N.Y. Sept. 16, 2025)) .........................................................6, 7

*Royal Canin U.S.A., Inc. v. Wullschleger*,
    604 U.S. 22 (2025)......................................................................................................10

*Sadallah v. City of Utica*,
    383 F.3d 34 (2d Cir. 2004)..........................................................................................15

*Salis v. Dopico*,
    2025 WL 880407 (2d Cir. Mar. 21, 2025)..................................................................8, 9

*Sholopa v. Turk Hava Yollari A.O., Inc.*,
    595 F. Supp. 3d 257 (S.D.N.Y. 2022).............................................................................8

*Sivokonev v. Cuomo*,
    447 F. Supp. 3d 58 (W.D.N.Y. 2020) ...........................................................................24

*Siyu Yang v. Ardizzone*,
    540 F. Supp. 3d 372 (W.D.N.Y. 2021) .........................................................................13

*Skilling v. United States*,
    561 U.S. 358 (2010)......................................................................................................19

*SKS & Assocs., Inc. v. Dart*,
    619 F.3d 674 (7th Cir. 2010) .......................................................................................14

*Spavone v. N.Y.S. Dep't of Corr. Servs.*,
    719 F.3d 127 (2d Cir. 2013).........................................................................................12

*Spear v. Town of W. Hartford*,
    954 F.2d 63 (2d Cir. 1992)...........................................................................................13

*In re Sumitomo Copper Litig.*,
  995 F. Supp. 451 (S.D.N.Y. 1998) ...................................................................................17

*Tech. Opportunity Grp., Ltd. v. BCN Telecom, Inc.*,
  2019 WL 4688628 (S.D.N.Y. Sept. 25, 2019)...............................................................21, 22

*Tracy v. Freshwater*,
  623 F.3d 90 (2d Cir. 2010)................................................................................................9

*Tyson-Phipps v. Rubio*,
  779 F. Supp. 3d 440 (S.D.N.Y. 2025)................................................................................9

*Webb v. Goord*,
  340 F.3d 105 (2d Cir. 2003)...........................................................................................22

*Weinstein v. City of N.Y.*,
  2014 WL 1378129 (S.D.N.Y. Apr. 8, 2014)...............................................................23, 24

*Williams v. Affinion Grp., LLC*,
  889 F.3d 116 (2d Cir. 2018)............................................................................................17

*Williams v. Long Beach Mortg. Co.*,
  2016 WL 5720810 (S.D.N.Y. Sept. 30, 2016)............................................................22, 23

*World Wrestling Ent., Inc. v. Jakks Pacific, Inc.*,
  530 F. Supp. 2d 486 (S.D.N.Y. 2007)..............................................................................21

*Zahl v. Kosovsky*,
  2011 WL 779784 (S.D.N.Y. Mar. 3, 2011) .....................................................................24

**Statutes**

18 U.S.C. § 1512.........................................................................................................5, 6, 23, 24

18 U.S.C. § 1961..............................................................................................................17, 19

18 U.S.C. § 1962.............................................................................................................4, 5, 6

18 U.S.C. § 2261A................................................................................................................19

42 U.S.C. § 1983.......................................................................................................... *passim*

42 U.S.C. § 1985.......................................................................................................5, 6, 22, 23

**Other Authorities**

Fed. R. Civ. P. 4...................................................................................................................20

Fed. R. Civ. P. 8.....................................................................................................................8

Fed. R. Civ. P. 9 .................................................................................................................17, 19

Fed. R. Civ. P. 12 ...................................................................................................................8

Fed. R. Civ. P. 15 ...............................................................................................................5, 8

U.S. Const. amend. I .......................................................................................................3, 7, 10

U.S. Const. amend. XIV .......................................................................................................11

Defendants The Daily Mail, Dailymail.com,[1] Daily Mail and General Trust PLC ("DMGT"), Noa Halff, and Jonathan Harmsworth[2] (collectively, the "Daily Mail Defendants") and Ballard Spahr LLP, Thomas Sullivan, and Saumya Vaishampayan (collectively, the "Ballard Spahr Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the operative Third Amended Complaint ("TAC") (Dkt. 89 at 7-42) with prejudice pursuant to Rule 12(b)(6).

## PRELIMINARY STATEMENT

In her TAC, Plaintiff Sonya Shaykhoun ("Plaintiff") abandons the allegations that were central to her previous complaints in this action: her 2023 altercation with food vendors in Riverside Park and the news coverage that resulted from her viral social media post about the altercation.  Instead, she now alleges that there is a vast conspiracy to cover up a former colleague's purportedly deficient Jordanian bar license and to destroy her reputation in retaliation for her efforts to expose him.

The TAC is hard to decipher.  It does not shed light on the role of the Daily Mail Defendants and Ballard Spahr Defendants in the alleged conspiracy, linked to Plaintiff's time in Doha fifteen years ago, or attempt to explain why they would participate in such a scheme.  In any event, the TAC is procedurally improper and fails to plausibly allege any of its four claims. For these reasons, the Court should dismiss the Complaint with prejudice and terminate this case.

---

[1] Plaintiff continues to name "The Daily Mail" and "Dailymail.com" as Defendants in this matter.  As pointed out in the Daily Mail Defendants' prior dismissal motion, they are not legal entities amenable to suit.  The correct name of both defendants is Associated Newspapers Limited ("ANL").

[2] Harmsworth has not yet been served.  He is nevertheless joining this motion because the claims against him fail on the merits.

**STATEMENT OF FACTS**

Plaintiff is an attorney barred in New York.  TAC ¶ 12.  She has more than 22 years of legal experience, including in senior positions at companies in the Middle East.  *Id.* ¶¶ 12, 25.

Plaintiff served as senior legal counsel at Al Jazeera Media Network in Doha, Qatar from 2011 to 2014, when she was terminated.  *Id.* ¶¶ 1, 31, 46.  While there, she claims to have discovered that an Al Jazeera colleague, Osama Abu-Dehays ("Abu-Dehays"), was not actually licensed to practice law in Jordan.  *See id.* ¶ 1, 31 (exposing "inconsistencies" in bar license); *id.* ¶ 33 (alleging a "fraudulent 2002 Jordanian Bar membership"); *id.* ¶ 78 (referring an "unlicensed Jordanian lawyer").  That former colleague is now a partner at the law firm Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") in Doha, Qatar.  *Id.* ¶ 18.

In 2019, Plaintiff reached out to the Solicitors Regulatory Authority ("SRA") regarding Abu-Dehays's purported "Licensure Deficit."  *Id.* ¶ 57.  In March 2020, Plaintiff notified attorneys at Pillsbury about the same alleged issue, as well as the alleged "fraud" associated with covering it up.  *Id.* ¶¶ 14-17, 21, 23.  The SRA inquiry "failed" and Pillsbury did not investigate her claims.  *Id.* ¶ 57.  She claims that the more-than 30 defendants named in the TAC, including the Daily Mail Defendants and Ballard Spahr Defendants, conspired to hurt her through a "seven-year-long continual press assault" in retaliation for exposing Abu-Dehays.  *Id.* ¶ 2.

Plaintiff appears to assert that the Daily Mail Defendants participated in this conspiracy by publishing an article that was part of the "press assault."  *Id.*  She further claims that the Ballard Spahr Defendants participated because (1) *Reason* published an article about the Court's opinion and order dismissing Plaintiff's Second Amended Complaint, which she claims "Sullivan and Vaishampayan commissioned" because it noted their role as defense counsel, and

2

(2) defense counsel proposed a walk-away settlement after the February dismissal, which she viewed as "extortionate." *See id.* ¶¶ 24, 27, 29, 62. [3]

### **PROCEDURAL HISTORY**

Plaintiff represents herself in this action. On December 27, 2024, she filed a complaint in this Court arising out of articles published by the Daily Mail Defendants and others about her social media post, which had gone viral, and the backlash to it. *See generally* Dkt. 1. Plaintiff's post detailed her May 2023 altercation with purportedly unlicensed food vendors in Riverside Park. *See id.* On March 17, 2025, she filed a First Amended Complaint. Dkt. 29. On May 2, 2025, Plaintiff sought leave to file a Second Amended Complaint ("SAC")—this time asserting claims for copyright infringement, a violation of First Amendment rights under 42 U.S.C. § 1983, and several state-law claims. *See* Dkts. 50-51. The Daily Mail Defendants opposed, and the Court granted her motion for leave to amend. *See* Dkts. 54, 58. In the SAC's Section 1983 claim, Plaintiff alleged that her First Amendment rights to petition and access the courts were violated when the various defendants discussed invoking New York's anti-SLAPP law in her earlier state court action against them, ultimately leading her to withdraw that action voluntarily. *See* Dkt. 75 at 18.

On February 26, 2026, the Court granted the Daily Mail Defendants' motion to dismiss the SAC. *See generally id.* The Court dismissed Plaintiff's copyright claim with prejudice because she failed to plead timely registration of her copyrighted work and because the Daily Mail Defendants' use of her copyrighted work was fair use. *See id.* at 8-17. The Court then dismissed the Section 1983 claim without prejudice, finding Plaintiff failed allege that (1) the

---

[3] The Daily Mail Defendants and the Ballard Spahr Defendants assume that the TAC's non-conclusory factual allegations are true for the purposes of this motion, as they must. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). For the avoidance of doubt, however, the Daily Mail Defendants and the Ballard Spahr Defendants did not participate in any conspiracy.

Daily Mail Defendants "acted under color of state law" and (2) that their "conduct deprived [Plaintiff] of a right guaranteed by the U.S. Constitution." *Id.* at 18.  The Court also dismissed the claim for declaratory relief, because it had dismissed all substantive claims. *Id.* at 19-20. Finally, the Court declined to exercise supplemental jurisdiction over the SAC's state-law claims. *See id.* at 20.  The Court, however, granted Plaintiff "leave to file an amended complaint as to the Section 1983 and declaratory relief claims" by April 8, 2026. *See id.* at 21.

On April 8, Plaintiff filed the first version of her third amended complaint. *See* Dkt. 77. The Court ultimately adopted the version of the TAC at Dkt. 89 as the operative complaint. *See* Dkt. 91.  The TAC bears little resemblance to her previous complaints.  Instead of focusing on the Daily Mail Defendants' publication of an article about her May 2023 interaction with food vendors in Riverside Park, it asserts that various parties have been engaging in a wide-ranging conspiracy over the course of fifteen years to retaliate against her, all because she claims to have discovered that a former colleague was not properly licensed to practice law in Jordan. *See, e.g.*, TAC ¶ 2.  The TAC names several new defendants, including the Daily Mail Defendants' counsel, Thomas Sullivan and Saumya Vaishampayan, and their law firm Ballard Spahr LLP. Plaintiff concedes that the TAC exceeds the scope of permitted amendment, but claims it was necessary to violate the Court's order because "the forensic drafting process revealed that these claims are inextricably linked to a broader transnational pattern." *Id.* ¶ 1.

The Court ordered the defendants who had previously been named in the SAC to move to dismiss the TAC by May 12, 2026. *See* Dkt. 88.  This motion timely follows.

## ARGUMENT

The TAC contains four federal claims under: (1) 42 U.S.C. § 1983 for "deprivation of [Plaintiff's] property interest in her professional standing," (2) 18 U.S.C. § 1962(d) for civil

RICO conspiracy, (3) 42 U.S.C. § 1985(2) for "conspiracy to obstruct justice," and (4) 18 U.S.C. § 1512 for "federal witness tampering."  *See* TAC ¶¶ 69-85.  Because the Court only granted "leave to file an amended complaint as to the Section 1983 and declaratory relief claims," the TAC's claims under 18 U.S.C. § 1962(d), 42 U.S.C. § 1985(2), and 18 U.S.C. § 1512 should be dismissed, as they exceed the scope of permitted amendment.  *See* Dkt. 75 at 21.  The TAC's claim under 42 U.S.C. § 1983 should be dismissed because it fails to address the deficiencies identified by the Court.  Even if the Court considers each claim on the merits, all four claims are fundamentally flawed and should be dismissed.

## I.  <u>THE TAC EXCEEDS THE COURT'S LEAVE TO AMEND AND ITS CLAIMS SHOULD BE DISMISSED ON THAT BASIS ALONE</u>

The Federal Rules of Civil Procedure permit a party to "amend its pleading once as a matter of course."  Fed. R. Civ. P. 15(a)(1).  After that, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  *Id.* (a)(2).  "Adding new claims, allegations, or parties without leave of court or consent from the opposing party violates Federal Rule of Civil Procedure 15(a)(2)."  *Hubbuch v. Cap. One, N.A.*, 2026 WL 691261, at *6 (S.D.N.Y. Feb. 10, 2026).  Accordingly, "[d]istrict courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."  *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (collecting cases); *see McCray v. Patrolman N.A. Caparco*, 761 F. App'x 27, 30 (2d Cir. 2019) (same).

In dismissing the SAC, the Court gave Plaintiff "leave to file an amended complaint as to the Section 1983 and declaratory relief claims."  *See* Dkt. 75 at 21; *see also* Dkt. 88 at 1 (permitting amendment "without prejudice to the arguments raised in Defendants' oppositions which may be renewed on a motion to dismiss").  The TAC goes well beyond what was

permitted by the Court.  The TAC does not address any of the deficiencies the Court identified in its dismissal opinion.  *See generally* TAC.  Instead, it adds new claims for civil RICO conspiracy, conspiracy to obstruct justice, and federal witness tampering, and names several new defendants, including the undersigned defense counsel.  *See id.*  In contrast to the SAC's focus on a 2023 incident in Riverside Park and resulting media coverage, the TAC describes Plaintiff's employment years ago in Doha and a dispute about whether her colleague from that time period holds a Jordanian law license.  *See, e.g.*, TAC ¶¶ 2, 42-46, 56.  Other than asserting that "[t]he Daily Mail's intentional publication of Plaintiff's residential data signaled for Plaintiff's liquidation," *see id.* ¶ 64, the TAC no longer alleges any specific activity by the Daily Mail Defendants at all.

Indeed, Plaintiff expressly pleads that she was aware of and knowingly went beyond the bounds of what this Court permitted.  *See* TAC ¶ 1 (alleging that "the Order granted leave to amend the Section 1983 and declaratory relief claims" and "Plaintiff expands this TAC to address a coordinated campaign of professional retaliation").  Dismissal of the newly asserted claims under 18 U.S.C. § 1962(d), 42 U.S.C. § 1985(2), and 18 U.S.C. § 1512 is therefore appropriate.  *See McCray*, 761 F. App'x at 30 (affirming a district court's "refusal to allow an amended complaint with fifty additional pages of allegations encompassing unrelated events occurring months and years later than those originally pleaded" and describing it as a "conclusion [that] is sufficiently obvious to warrant only our summary recognition"); *Bravo v. Established Burger One LLC*, 2013 WL 5549495, at *5 (S.D.N.Y. Oct. 8, 2013) (dismissing newly asserted claims in the second amended complaint that are "totally different" and "on behalf of an entirely new class of" plaintiffs, where leave to amend was granted "*only* to add new parties on the same claims already asserted"); *cf. Roosevelt Rd. Re, Ltd. v. Subin*, 2025 WL

6

3049937, at *3-4 (E.D.N.Y. Sept. 16, 2025) (rejecting new amended complaint, deeming the prior dismissed pleading the operative one, and closing the case because limited leave to amend "was not a license to recast the case"), *appeal docketed*, No. 25-2560 (2d Cir. Oct. 17, 2025).

Even with respect to the Section 1983 claim, the amendment is improper.  In the original claim, Plaintiff alleged that "Defendants argued for the application of New York's anti-SLAPP laws to her New York State Action which led to the judge threatening her with paying Defendants' fees and denying her discovery, ultimately leading to her voluntarily withdrawing the action," which she claimed "deprived her of the right to petition or access the courts" under the First Amendment.  *See* Dkt. 75 at 17-19.  The Court identified numerous deficiencies with the claim, but granted leave to make "additions to her complaint [that] may allege sufficient facts to state a cause of action."  *See id.* at 21.  The new claim relates to different underlying conduct, the allegedly delayed adjudication of her subsequent motion for sanctions in the New York State action against persons other than the Daily Mail or Ballard Spahr Defendants, as well as another law firm's "joint venture with the State of Qatar."  *See* TAC ¶¶ 7, 19-20, 51, 69-71.  Because this amendment does not attempt to address the deficiencies the Court previously identified, it is improper.  *See McCray*, 761 F. App'x at 30; *see also Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 233 F.R.D. 327, 330 (S.D.N.Y. 2005) (denying motion to amend where instead of filing "an amended complaint that attempted to address the defects cited by the Court in certain of the counts stated in the initial complaint," plaintiff instead "responded with a proposal to file a completely new complaint, that restated the old claims in a manner that represented a 'significant departure' from its original pleading, necessitating another round of briefing," and noting that "Defendants and the Court cannot be expected to deal with a constantly shifting target, as plaintiff revises and re-revises its claims").  Plaintiff should not be permitted to

assert a claim relating to a separate series of occurrences and even a separate constitutional right just because it happens to also fall under Section 1983.

For these reasons, the Court should dismiss these improperly asserted claims.

## II.    ON THE MERITS, THE TAC SHOULD BE DISMISSED BECAUSE IT FAILS TO PLAUSIBLY STATE ANY OF ITS CLAIMS

To the extent the Court determines that any of the claims are properly considered under Rule 15, they nevertheless fail because Plaintiff has not stated a claim.  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678; *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (allegations must "raise a right to relief above the speculative level").  "[A] formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  For the purposes of adjudicating a Rule 12(b)(6) motion, courts "need not credit threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Ham v. Lenovo (United States) Inc.*, 664 F. Supp. 3d 562, 574 (S.D.N.Y. 2023) (cleaned up).  Ultimately, "if the plaintiff has not nudged [her] claims across the line from conceivable to plausible, [her] complaint must be dismissed."  *Sholopa v. Turk Hava Yollari A.O., Inc.*, 595 F. Supp. 3d 257, 261 (S.D.N.Y. 2022) (cleaned up).

Among other things, Rule 8 requires a plaintiff to provide a "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Courts "have consistently held that, where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted."  *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541 (E.D.N.Y. 1999); *accord Salis v. Dopico*, 2025 WL 880407, at *2 (2d Cir.

8

Mar. 21, 2025) (summary order) (claim properly dismissed where party was named "as a defendant in the caption but fails to include any allegations that indicate how [it] violated the law or injured [the plaintiff"), *cert. denied*, 146 S. Ct. 184 (2025); *Cent. N.Y. Fair Bus. Ass'n v. Jewell*, 673 F. App'x 63, 65 (2d Cir. 2016) (complaint properly dismissed as to defendant where it "contained no allegations against him").

While courts generally afford *pro se* litigants special solicitude—chiefly by liberally construing their pleadings—they do not extend it to *pro se* plaintiffs who are also attorneys. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010). Instead, a complaint filed by a *pro se* attorney is "held to the same standard as any other pleading[] drafted by a lawyer." *Tyson-Phipps v. Rubio*, 779 F. Supp. 3d 440, 455 & n.6 (S.D.N.Y. 2025). Because Plaintiff is a licensed attorney, TAC ¶ 1, her complaint receives no special latitude.

### A.    THE COMPLAINT CONTAINS NO ALLEGATIONS OF SPECIFIC CONDUCT BY ANY OF THE DAILY MAIL DEFENDANTS

There is only one explicit reference to any of the Daily Mail Defendants in the Complaint. The Daily Mail is alleged to have intentionally published "Plaintiff's residential data" which "signaled for Plaintiff's physical liquidation." TAC ¶ 64. Plaintiff provides no further details about this alleged action in the TAC, including when it occurred or how any of the various Daily Mail Defendants were involved. This allegation is also not connected to any of the causes of action. It is not alleged to have violated Plaintiff's rights under Section 1983, served as a predicate act under RICO, been part of a conspiracy to obstruct judice, or been an act of tampering with a federal witness. Because Plaintiff has failed to indicate how any of the Daily Mail Defendants "violated the law or injured" the plaintiff, all claims against them should be dismissed. *See Salis*, 2025 WL 880407, at *2.

The TAC also generally alleges that the "Media Defendants," an undefined term, "utilized the First Amendment and the 'Fair Use' doctrine as a 'mirage' to obscure active racketeering," and that "Defendants" "invert[ed] the N.Y. Anti-SLAPP law . . . into a state-authorized shield." *See* TAC ¶ 61. The TAC does not allege who the Media Defendants are or how in particular they did any of these activities.

The references in the TAC to the publication of Plaintiff's address and invocation of the anti-SLAPP law are likely intended to reference various allegations in earlier versions of the Complaint. However, "[i]t is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect." *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000); *see Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("The original pleading no longer performs any function in the case." (cleaned up)). Therefore, in assessing a motion to dismiss an amended complaint, a court normally only considers the allegations contained in the amended complaint. *See, e.g.*, *Mitchell v. Maldonado*, 2025 WL 2098141, at *1 n.4 (D. Conn. July 25, 2025).[4] Thus, those earlier allegations are not considered here. And, even if they were, they form no basis for a claim, as this Court previously found. *See generally* Dkt. 75. In particular, they cannot help state a claim against Harmsworth, who is named for the first time in the TAC, and whose alleged role in any of these events is not explained.

Plaintiff includes additional allegations in an "Extended Chronology, attached as Exhibit 7 to her April 21, 2026 letter. *See* Dkt. 89 at 107-33. The "Extended Chronology" is attached as an exhibit to the letter, not the "Perfected TAC" also attached thereto, *see id.* at 6, and is not

---

[4] While courts at times consider an earlier complaint in deference to a plaintiff's *pro se* status, Plaintiff is a practicing attorney and receives no such deference, as discussed above.

referenced or incorporated within the TAC.[5]  Plaintiff states that it is intended as a "reference tool" and is "a deconstruction of the TAC in table form."  *Id.* at 108.  Any additional allegations expanding on those in the TAC should not be considered here.  *See Reeves v. City of N.Y.*, 2026 WL 309532, at *3 n.4 (E.D.N.Y. Feb. 5, 2026); *accord O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("[I]t is axiomatic that [a][c]omplaint cannot be amended by the briefs in opposition to a motion to dismiss.").[6]

## B.    THE SECTION 1983 CLAIM IS EVEN LESS ADEQUATELY PLEADED THAN IN THE COMPLAINT THE COURT PREVIOUSLY DISMISSED

In her TAC, Plaintiff makes significant changes to her Section 1983 theory.  She now alleges that she was deprived of her "property interest in her professional standing" in violation of her Fourteenth Amendment right in two specific ways: (1) Pillsbury "willfully participat[ed] in a joint venture with the State of Qatar" and (2) her cross-motion for sanctions against Davis Wright Tremaine and two of its attorneys in the prior New York State action remained unadjudicated for ten months.  *See* TAC ¶¶ 7, 19-20, 51, 69-71.  This renewed claim fails for at least three different reasons: (1) Plaintiff does not allege any conduct by the Daily Mail Defendants or Ballard Spahr Defendants which was violative of Section 1983, (2) a loss of professional standing is insufficient to state a Section 1983 claim, and (3) even if the Daily Mail or Ballard Defendants were alleged to have participated in the activities Plaintiff claims violated Section 1983, those activities cannot be the basis for such a claim.

---

[5] The TAC references and incorporates a separate document, a "Chronology of Events" as Exhibit J.  *See* TAC ¶ 39; *see* Dkt. 78-1 at 50-51.  Exhibit J and other exhibits were attached to an earlier version of the TAC, but they were not attached to the operative version.  For purposes of this motion, we assume that the referenced exhibits are those attached to the earlier version of the TAC.

[6] To the extent these allegations are nonetheless considered by this Court, they still fail to state a claim against the Daily Mail Defendants and the Ballard Spahr Defendants, as discussed below.

11

*First*, to plead a Section 1983 claim, a plaintiff must allege conduct "committed by a person acting under color of state law" and which "deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Spavone v. N.Y.S. Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013). Outside of the specific Section 1983 context, it is a clear that to survive a motion to dismiss a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An "unadorned, the-defendant-unlawfully-harmed-me accusation" does not suffice. *Id.*

Plaintiff does not plead any activity by the Daily Mail Defendants or Ballard Spahr Defendants which violated her constitutional rights, instead pointing to activity by two other sets of defendants. The minimal allegations related to the Daily Mail, *see supra* at 6, 9-10, are not referenced in this section of the Complaint.[7] Similarly, for the Ballard Spahr Defendants, the TAC cites only (1) an article published by *Reason* about the dismissal decision in this case which referenced them as defense counsel, from which Plaintiff speculates, with no basis, that they "commissioned" it, *id.* ¶¶ 24, 29, and their alleged participation in offering Plaintiff a walk-away settlement demand, *id.* ¶¶ 27, 62. This alleged activity is also not pleaded as a basis for the Section 1983 claim or alleged to have been state action. Because Plaintiff fails to plead any conduct by the Daily Mail Defendants or Ballard Spahr Defendants supporting a Section 1983 claim, the claim should be dismissed. *See King v. Falco*, 2018 WL 6510809, at *7 (S.D.N.Y.

---

[7] To the extent Plaintiff intends to incorporate her allegations about invocation of the anti-SLAPP statute into this section, *see* TAC, Ex. J, this Court has already rejected such a claim. *See* Dkt. 75 at 17-19.

Dec. 11, 2018) (dismissing Section 1983 claim where plaintiff included defendant's "name in the case caption but fails to make any substantive allegations against her in the body of the complaint"); *accord Quick v. Westchester Cnty.*, 2019 WL 1083784, at \*4 (S.D.N.Y. Mar. 7, 2019) (same).[8]

*Second,* even if Plaintiff had alleged that the Daily Mail Defendants and/or Ballard Spahr Defendants were involved in the activities allegedly undertaken by Pillsbury and Davis Wright Tremaine, her claim would still fail.  With respect to Plaintiff's claims involving Pillsbury's participation in joint activity with Qatar, *see* TAC ¶¶ 7, 19-20, 69, "acts by a foreign government and its officials 'cannot constitute conduct under color of state law' under Section 1983."  *Gong v. Sarnoff*, 2023 WL 4561800, at \*7 (S.D.N.Y. July 17, 2023); *accord Siyu Yang v. Ardizzone*, 540 F. Supp. 3d 372, 380 (W.D.N.Y. 2021) (cleaned up), *aff'd sub nom. Yang v. Eastman Sch. of Music*, 2022 WL 1040418 (2d Cir. Apr. 7, 2022).

Plaintiff has also failed to allege that the Pillsbury-related activity was state action.  To allege state action, the plaintiff must "allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act."  *Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992).  The crux of Plaintiff's claim is that Pillsbury acted to "deprive[] the Sovereign, i.e., Qatar, of honest services" by hiding the fact that an attorney was not licensed to practice law in Jordan.  *See* TAC ¶¶ 2, 65, 66.  Therefore, Pillsbury is alleged to have acted contrary to Qatar's interests, not "in concert with" it at all.

---

[8] To the extent the general reference to "Defendants" in this section of the TAC was intended to suggest personal involvement by all of these parties in these actions, this also fails, as "[p]leadings that do not differentiate which defendant was involved in the unlawful conduct are insufficient to state a claim." *Li v. City of N.Y.*, 246 F. Supp. 3d 578, 598 (E.D.N.Y. 2017); *see also Dabah v. Franklin*, 2022 WL 973834, at \*3 (S.D.N.Y. Mar. 31, 2022) ("allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983"), *aff'd*, 2023 WL 3577872 (2d Cir. May 22, 2023).

13

With respect to the alleged delay in adjudication of her sanctions motion, *see* TAC ¶ 51, Plaintiff points to no actual conduct whatsoever by Davis Wright Tremaine or any defendant, alleging only a failure to act by the state court.  Litigants do not control when motions are decided, and opposing a motion for sanctions is not state action.  *Cf. Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."); *see* Dkt. 75 at 18 (citing *Dennis*).  Nor is it uncommon for motions to sometimes take months to decide.  It would also violate "principles of equity, comity, and federalism" for this Court "to supervise state court operations" and determine the correct time a motion should have been adjudicated.  *See SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 682 (7th Cir. 2010).  Indeed, Plaintiff's allegations on this point are misleading – while she originally attempted to file her cross-motion for sanctions in June 2025, she failed to include a required application for a waiver of the motion fee until she was alerted to this deficiency by court staff in October.  *See* Sullivan Decl. Ex. A ¶¶ 5-6.[9]  Thus, Plaintiff herself is responsible for approximately half of the period her motion remained unadjudicated.  The state court also ultimately denied her request to waive fees, finding that the underlying sanction motion was "ill-founded."  *See* Sullivan Decl. Ex. B.  A delay in *denying* her motion cannot have possibly injured Plaintiff.

*Third*, a "person's interest in his or her good reputation alone, apart from a more tangible interest, is not a liberty or property interest sufficient to invoke the procedural protections of the Due Process Clause or create a cause of action under § 1983." *Patterson v. City of Utica*, 370 F.3d 322, 329-30 (2d Cir. 2004).  Relatedly, a plaintiff cannot state a Section 1983 claim based on "deleterious effects flowing directly from a sullied reputation," such as customers not hiring

---

[9] The Court may take judicial notice of state court records.  *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

them as a result. *Sadallah v. City of Utica*, 383 F.3d 34, 38-39 (2d Cir. 2004) (cleaned up).

Plaintiff alleges only that she was deprived of her property interest in her professional standing.

*See* TAC ¶ 71; *see also id.* ¶ 34 (alleging an injury to her interests "in her law license, reputation

and business relationships"). This is not an interest protected under Section 1983. Her claim

fails for this third, independent reason as well.

For these reasons, the Court should dismiss Plaintiff's Section 1983 claim.

## C.     THE TAC FAILS TO PLAUSIBLY ALLEGE A RICO CONSPIRACY CLAIM

Plaintiff alleges that, through her RICO conspiracy claim, this action seeks "to recover

for a coordinated Market Erasure via a seven-year-long continual press assault triggered by

Plaintiff's 2019 attempt to expose" her former colleague's "lack of Jordanian law license." TAC

¶ 2. "Because the mere assertion of a RICO claim has an almost inevitable stigmatizing effect

on those named as defendants, courts should strive to flush out frivolous RICO allegations at an

early stage of the litigation." *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 655

(S.D.N.Y. 1996) (cleaned up), *aff'd*, 113 F.3d 1229 (2d Cir. 1997); *accord Goldfine v. Sichenzia*,

118 F. Supp. 2d 392, 397 (S.D.N.Y. 2000) ("This Court looks with particular scrutiny at Civil

RICO claims to ensure that the Statute is used for the purposes intended by Congress."). To

establish a civil RICO conspiracy claim, a plaintiff must prove

> (1) that there existed a conspiracy to commit acts that, if
> successful, would constitute a substantive civil RICO violation; (2)
> that defendant agreed to join in, and knowingly participated in, that
> conspiracy; and (3) that defendant acted in furtherance of the
> conspiracy in some manner (although not necessarily by the
> commission of any RICO predicate acts himself).

*Martin Hilti Fam. Tr. v. Knoedler Gallery, LLC*, 386 F. Supp. 3d 319, 340 (S.D.N.Y. 2019). The

plaintiff must also "demonstrate that the alleged coconspirators knew about and agreed to

facilitate a pattern of racketeering activity." *Black v. Ganieva*, 619 F. Supp. 3d 309, 329

15

(S.D.N.Y. 2022) (cleaned up), *aff'd*, 2023 WL 2317173 (2d Cir. Mar. 2, 2023).  Plaintiff fails to plausibly allege her new RICO claim for multiple reasons.

*First*, Plaintiff has failed to allege that the Daily Mail or Ballard Spahr Defendants conspired with anyone.  "A RICO conspiracy claim should state with specificity what the agreement was, who entered into the agreement, when the agreement commenced, and what actions were taken in furtherance of it."  *Roosevelt Rd. Re, Ltd. v. Haggar*, 2026 WL 682192, at *15 (E.D.N.Y. Mar. 11, 2026) (cleaned up); *accord Lawtone-Bowles v. Baum*, 2025 WL 2295253, at *7 (S.D.N.Y. Aug. 6, 2025) (dismissing claim where plaintiff "does not allege facts suggesting an agreement to commit racketeering activity or include factual assertions about communications, express agreements, meetings, or coordinated planning among Defendants" (cleaned up)).  "Conclusory allegations of agreements to violate RICO are insufficient to state a RICO conspiracy claim."  *Espire Ads LLC v. TAPP Influencers Corp.*, 655 F. Supp. 3d 223, 257 (S.D.N.Y. 2023); *accord Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*, 1994 WL 88129, at *30 (S.D.N.Y. Mar. 15, 1994) ("[N]umerous district courts within this circuit have dismissed conclusory allegations of agreement as insufficient to state a RICO conspiracy claim.").

The TAC lacks any allegations that the Daily Mail Defendants or the Ballard Spahr Defendants agreed to join a conspiracy, acted in furtherance of the conspiracy, or knowingly participated in any conspiracy.  It does not state what the parties agreed to, who entered into the agreement, and when it commenced.  The TAC's conclusory references to "active racketeering" and "joint participation in the RICO Conspiracy" by all defendants, *see, e.g.*, TAC ¶¶ 57, 61, do not suffice, *see Espire Ads*, 655 F. Supp. 3d at 257 (dismissing RICO conspiracy claim for conclusory allegations).  Plaintiff also fails to allege that the Daily Mail Defendants or the Ballard Spahr Defendants had any knowledge of any issue with Abu-Dehays's licensure status,

16

knew of efforts to prevent that deficit from being exposed, or explain why media organizations or their counsel would want to further such an enterprise. *See Black*, 619 F. Supp. 3d at 348. These pleading failures are fatal to Plaintiff's RICO conspiracy claim. *See Williams v. Affinion Grp., LLC*, 889 F.3d 116, 126 (2d Cir. 2018) (affirming dismissal of RICO conspiracy claim where plaintiffs "failed to plead the necessary agreement to violate RICO's substantive provisions").

*Second*, a plaintiff seeking to bring a RICO conspiracy claim must "demonstrate that the alleged coconspirators knew about and agreed to facilitate a pattern of racketeering activity." *Black*, 619 F. Supp. 3d at 329 (cleaned up); *see also Hecht v. Com. Clearing House, Inc.*, 897 F.2d 21, 25 (2d Cir. 1990) ("the core of a RICO civil conspiracy is an agreement to commit predicate acts"). A "pattern of racketeering activity" is at least two predicate acts of racketeering activity. 18 U.S.C. § 1961(5). Here, because none of the acts alleged by Plaintiff, *see* TAC ¶¶ 75-78, constitute predicate acts under RICO, she does not allege the Daily Mail Defendants or Ballard Spahr Defendants knew about or agreed to facilitate a pattern of racketeering activity.

**Wire Fraud.** Plaintiff contends that defendants committed wire fraud through the "fraudulent misrepresentation of [Abu-Dehays's] Jordanian legal credentials." *Id.* ¶ 52, 75. "Rule 9(b) has great 'urgency' in civil RICO actions. . . . Indeed, the 'overwhelming trend' amongst the lower courts is to apply Rule 9(b) strictly in order to effect dismissal of civil RICO suits." *In re Sumitomo Copper Litig.*, 995 F. Supp. 451, 455 (S.D.N.Y. 1998). "When alleging fraudulent activities as predicate acts for a RICO claim, a plaintiff must satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b) by "(1) specify[ing] the statements that the plaintiff contends were fraudulent, (2) identify[ing] the speaker, (3) stat[ing]where and when the

17

statements were made, and (4) explain[ing] why the statements were fraudulent." *Flexborrow LLC v. TD Auto Fin. LLC*, 255 F. Supp. 3d 406, 420 (E.D.N.Y. 2017). "A complaint must also identify the purpose of the allegedly fraudulent communication within the defendant's fraudulent scheme and facts that give rise to a strong inference of fraudulent intent." *Black*, 619 F. Supp. 3d at 342 (cleaned up). The only even somewhat specific act of wire fraud alleged in the TAC is a series of emails from an employee of Pillsbury to *Daily Caller* reporter Luke Rosiak. *See* TAC ¶ 56 & Ex. P. However, Rosiak is alleged to have been a co-conspirator, and Plaintiff does not explain how this communication internal to the alleged conspiracy had any purpose within the scheme or how it was fraudulent at all.

**Witness Tampering.** Plaintiff alleges that the Defendants engaged in witness tampering, through "the 'Karen' script" and March 2, 2026 publication of the *Reason* article. *See* TAC ¶¶ 22, 50, 76. It is unclear what specific acts Plaintiff claims constituted "the 'Karen' script," and to the extent this is intended as a reference to the articles published by the Daily Mail Defendants, no such allegations appear in this version of the complaint. *See generally* TAC. Plaintiff has also failed to plead the elements of a witness tampering claim. *See infra* at 23-24. Moreover, it is well-settled that publications do not give rise to actionable RICO claims, as "[d]efamation is not a predicate act." *Contes v. City of N.Y.*, 1999 WL 500140, at *8 (S.D.N.Y. July 14, 1999); *see Kimm v. Lee*, 2005 WL 89386, at *5 (S.D.N.Y. Jan. 13, 2005) (same, collecting cases), *aff'd*, 196 F. App'x 14 (2d Cir. 2006). In addition, courts routinely reject claimed predicate acts based on litigation activities, s*ee Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018), including the feeding of a media narrative concerning a lawsuit to the press, *Black*, 619 F. Supp. 3d at 344-45.

18

**Extortion.** Plaintiff contends that the Defendants made a "$0.00 release demand coupled with the threat of professional disparagement," which constituted extortion. *See* TAC ¶ 77. Again, litigation activities are not a basis for RICO liability. *See Kim*, 884 F.3d at 105. Moreover, a threat to defame someone is insufficient to support a RICO claim based on extortion. *See Conte v. Newsday, Inc.*, 703 F. Supp. 2d 126, 137 (2010).

**Honest Services Fraud.** Plaintiff finally alleges that Pillsbury committed honest services fraud. *See* TAC ¶ 78. Section 1346 "covers only bribery and kickback schemes." *Skilling v. United States*, 561 U.S. 358, 368 (2010). There is no such allegation here. In addition, this purported predicate act is not pleaded with particularity.

To the extent the Court considers the Extended Chronology, which it should not, *see supra* at 10-11, it references numerous other supposed predicate acts of wire fraud, mail fraud, honest services fraud, witness tampering, extortion, and cyberstalking, as well as supposed violations of the rules of professional responsibility.[10] *See* Dkt. 89 at 108-33. The various fraud allegations fail to meet the specificity requirements of Rule 9(b). Many do not even involve a statement, such as allegations that various requirements to become a Jordanian lawyer are somehow predicate acts of wire fraud. *See* Dkt. 89 at 109-13. The Extended Chronology alleges acts of witness tampering which occurred years before Plaintiff brought this claim, and therefore could not possibly have interfered with it. In one case, Plaintiff alleges an act of witness tampering that occurred before she had even learned of any issue with Abu-Dehays' bar license. *Compare* TAC ¶ 43 *with* Dkt. 89 at 115. It also contains allegations related to the publishing of allegedly defamatory material, *see* Dkt. 89 at 121-23, which, again, are not the proper basis for a

---

[10] Neither a violation of 18 U.S.C. § 2261A nor a violation of ethics rules can serve as a RICO predicate act. *See* 18 U.S.C. § 1961(1); *Peralta v. Peralta*, 2018 WL 1384509, at *8 (S.D.N.Y. Mar. 16, 2018).

19

RICO claim. *See Contes*, 1999 WL 500140, at *8. Other allegations take absurd views of common litigation activity. For example, the Extended Chronology contends that the undersigned counsel's offer to waive service under Rule 4(d) or defense counsels' filing of letters in opposition to her motion at the same time somehow obstructed justice, *see* Dkt. 89 at 131, 132. *See Gunn v. Palmieri*, 1989 WL 119519, at *1 (E.D.N.Y. 1989) (finding plaintiff's claim that "serving and filing an answer or a motion . . . could be considered obstruction of justice" "ridiculous" and "untenable").

In her May 4, 2025 correspondence with the Court, Dkt. 97, Plaintiff again claims to introduce "new predicates." As discussed above, Plaintiff cannot amend her complaint with letters to the Court and these new acts should not be considered. *See Reeves*, 2026 WL 309532, at *3 n.4. To the extent these claims are considered, they also fail to support a RICO claim. While Plaintiff alleges that she has received hate mail and been the subject of "do not hire directives," she does not claim that any of this conduct was done by any of the defendants. Moreover, as discussed above, defamation cannot be a predicate act.

*Third*, to plead a RICO claim a plaintiff must allege that she was directly injured in her business or property and that her injury was proximately caused by the acts constituting the RICO violation. *See Hecht*, 897 F.2d at 23. Plaintiff has not done so here. The alleged acts of wire fraud and honest services fraud would hurt Pillsbury's clients, not Plaintiff. With respect to the allegations of witness tampering and extortion, Plaintiff does not allege any specific harm – she continued to bring this case. To the extent that she seeks redress for reputational damage, *see* TAC ¶ 2 (alleging a "continual press assault"), courts reject "attempt[s] to spin an alleged scheme to harm a plaintiff's professional reputation into a RICO claim." *Kimm*, 2005 WL 89386, at *4; *Hollander v. Pressreader, Inc.*, 2020 WL 2836189, at *4 (S.D.N.Y. May 30, 2020)

20

(same); *see Nygard v. Bacon*, 2021 WL 3721347, at *3 (S.D.N.Y. Aug. 20, 2021) ("[C]ourts typically reject efforts to shoehorn what are effectively defamation claims into the RICO framework . . . .").

*Fourth*, this claim is time-barred.  The statue of limitations for a civil RICO claim is four years, running from "when the plaintiff discovers or should have discovered the RICO injury." *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 361 (2d Cir. 2013).  This includes claims for civil RICO conspiracy.  *World Wrestling Ent., Inc. v. Jakks Pacific, Inc.*, 530 F. Supp. 2d 486, 530 (S.D.N.Y. 2007), *aff'd*, 328 F. App'x 695 (2d Cir. 2009).  Because the statute of limitations runs from the date of injury, a plaintiff cannot save her claim by claiming that she "did not know the full scope of Defendants' scheme." *Broccoli v. Ashworth*, 2024 WL 1199549, at *4 (S.D.N.Y. Mar. 20, 2024).  Moreover, while a new limitation period "begins anew each time a plaintiff discovers or should have discovered a new and independent injury," "allegations of new and independent injuries cannot depend on injuries that are derivative of the core injury sustained." *Tech. Opportunity Grp., Ltd. v. BCN Telecom, Inc.*, 2019 WL 4688628, at *6 (S.D.N.Y. Sept. 25, 2019) (cleaned up).

Here, Plaintiff alleges that she was aware that Abu-Dehays lacked a Jordanian law license by no later than July 20, 2019, when she emailed the SRA about it.  *See* TAC ¶ 57 & Ex. T at 59.[11]  She contends that the media campaign against her began no later than August 3, 2019 when the *Daily Caller* published a "hit piece." *See* TAC ¶¶ 37, 56.  She "challenged" John Hawley and accused him of being paid off by Abu-Dehays in October 2019.  *See* TAC ¶ 56 & Ex. R;[12] *see also* Ex. E at 5[13] (contending in March 2020 that "money may have passed hands to

---

[11] Exhibit T is available at Dkt. 78-5.

[12] Exhibit R is available at Dkt. 78-3 at 68-71.

[13] Exhibit E is available at Dkt. 78-1 at 22-33.  The quoted passage appears on ECF page 26.

quash the story"). Therefore, to the extent Plaintiff contends that she was injured by Abu-Dehays claiming to have a Jordanian license or by the conspiracy to damage her reputation, both of those injuries were discovered more than four years before the original complaint was filed in December of 2024. All other injuries were derivative of those core original injuries. *See Tech. Opportunity*, 2019 WL 4688628, at *7 ("subsequent payments in furtherance of a single scheme are not new and independent injuries").

For all of these reasons, Plaintiff has not plausibly alleged a civil RICO conspiracy claim.[14]

### D.   THE TAC DOES NOT PLAUSIBLY ALLEGE A WITNESS INTIMIDATION CLAIM UNDER 42 U.S.C. 1985(2)

Plaintiff appears to base her witness intimidation claim under 42 U.S.C. § 1985(2) on her allegation that "Defendants conspired to . . . intimidate her into abandoning her role as a whistleblower in this federal action." TAC ¶ 81; *see also id.* ¶ 49 (referring to "media insults" as "the 'intimidation'"). "The essential allegations of a § 1985(2) claim of witness intimidation are (1) a conspiracy between two or more persons, (2) to deter a witness by force, intimidation or threat from attending court or testifying freely in any pending matter, which (3) results in injury to the plaintiff." *Chahal v. Paine Webber Inc.*, 725 F.2d 20, 23 (2d Cir. 1984). She has not plausibly alleged any of these elements.

Plaintiff fails to plead the existence of a conspiracy, or "some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003). As with the RICO claim discussed above, conclusory allegations of a conspiracy do not suffice. *See Williams v.*

---

[14] It does not appear that Plaintiff is intending to allege a substantive RICO claim, but to the extent she is, it would fail because of her failure to allege a predicate act. *See Black*, 619 F. Supp. 3d at 337.

22

*Long Beach Mortg. Co.*, 2016 WL 5720810, at *7 (S.D.N.Y. Sept. 30, 2016) (collecting cases), *aff'd on other grounds*, 709 F. App'x 92 (2d Cir. 2018).

Plaintiff has also failed to plead the second element. *First*, her allegations fall short of "force, intimidation, or threat," as they amount to defense counsel's proffer of a settlement offer that she found unacceptable, *see, e.g.*, TAC ¶¶ 29, 62, and a critical *Reason* article discussing her loss in federal court, *see id.* ¶¶ 11, 24, 62; *see also id.* ¶ 49 ("The media insults are the 'intimidation'; the professional liquidation is the 'force.'"). *Second,* Plaintiff appears to allege that she was being pressured not to file the TAC, but "[f]iling papers in court does not constitute 'attending' court within the meaning of § 1985." *Herrera v. Scully*, 815 F. Supp. 713, 726 (S.D.N.Y. 1993). *Third*, the alleged threat also did not relate to a "pending matter" – the Jordanian license claims were not part of this action until Plaintiff filed this TAC. *See Empire Merchants, LLC v. Reliable Churchill LLP*, 2017 WL 7512900, at *11 (E.D.N.Y. Jan. 30, 2017).

Finally, there is also no injury here, as Plaintiff has not "abandon[ed] her role as a whistleblower," TAC ¶ 81, as demonstrated by her multiple attempts at filing the TAC and other papers. *See Reilly v. Natwest Mkts. Grp., Inc.*, 178 F. Supp. 2d 420, 428 (S.D.N.Y. 2001) (dismissing Section 1985(2) claim in part because plaintiff "fail[ed] to adequately plead any injury resulting from defendants' allegedly retaliatory conduct").

For these reasons, this claim should be dismissed.

### E.     PLAINTIFF CANNOT BRING A CLAIM FOR FEDERAL WITNESS TAMPERING

Plaintiff's last cause of action is for federal witness tampering under 18 U.S.C. § 1512. "Violations of the Criminal Code do not provide a basis for a civil cause of action, unless the particular provision in question includes an express or implied private right of action." *Weinstein v. City of N.Y.*, 2014 WL 1378129, at *4 (S.D.N.Y. Apr. 8, 2014), *aff'd on other*

23

*grounds*, 622 F. App'x 45 (2d Cir. 2015); *accord Hariprasad v. Master Holdings Inc.*, 788 F. App'x 783, 786 (2d Cir. 2019) ("[A] criminal statute does not routinely create a private right of action without a specific statutory basis for implying one."). Courts in this Circuit have repeatedly held that there is no private right of action under Section 1512. *See, e.g.*, *McDonald v. Esposito*, 2021 WL 1062259, at \*5 (E.D.N.Y. Mar. 18, 2021); *Sivokonev v. Cuomo*, 447 F. Supp. 3d 58, 61 (W.D.N.Y. 2020); *Bender v. City of N.Y.*, 2011 WL 4344203, at \*2 (S.D.N.Y. Sept. 14, 2011); *Zahl v. Kosovsky*, 2011 WL 779784, at \*10 (S.D.N.Y. Mar. 3, 2011), *aff'd on other grounds*, 471 F. App'x 34 (2d Cir. 2012). Because Plaintiff cannot bring a claim under Section 1512, this cause of action must be dismissed.

Moreover, no federal witness tampering is alleged here. To commit federal witness tampering, a person must have "knowingly use[d] intimidation, threaten[ed], or corruptly persuade[d] another person, or attempt[ed] to do so, or engage[d] in misleading conduct toward another person." *See* 18 U.S.C. § 1512(b). Plaintiff instead alleges only that "disparaging material" was published in *Reason*, and that undersigned defense counsel "commissioned" it. TAC ¶¶ 24, 29, 50, 85. To be clear undersigned counsel had nothing to do with the publication of the *Reason* article.[15] But even if they had, it would not come close to violating the statute. Far more potentially intimidating conduct, like a threatened counter-suit that would cause "financial ruin" were found not actionable under Section 1512, because "waging a counterattack to civil litigation, without factual allegations of unlawful means, does not amount to witness intimidation." *G-I Holdings, Inc. v. Baron & Budd*, 179 F. Supp. 2d 233, 266 (S.D.N.Y. 2001) (quoting *Phila. Reserve Supply Co. v. Nowalk & Associates, Inc.*, 1992 WL 210590, at \*6

---

[15] Plaintiff speculates that the Ballard Spahr Defendants were involved in this publication. As Plaintiff's own materials make clear, Professor Volokh was in fact following his common practice of noting the prevailing counsel in cases he covers. *See* Dkt. 89 at 148.

(E.D.Pa. Aug. 25, 1992)).  There is nothing unlawful about cooperating with a news report on an issued court decision.

For these reasons, this claim too should be dismissed.

## <u>CONCLUSION</u>

For each and all the foregoing reasons, the Daily Mail Defendants and the Ballard Spahr Defendants respectfully request that this Court dismiss the TAC in its entirety with prejudice and grant such other relief as this Court deems appropriate.

Dated:  May 12, 2026          Respectfully submitted,

**BALLARD SPAHR LLP**

By: */s/ Thomas B. Sullivan*

Thomas B. Sullivan
Saumya K. Vaishampayan
1675 Broadway, 19th Floor
New York, NY 10019
Tel: (212) 223-0200
Fax: (212) 223-1942
sullivant@ballardspahr.com
vaishampayans@ballardspahr.com

*Attorneys for Daily Mail Defendants*

By: */s/ Jacquelyn N. Schell*
Jacquelyn N. Schell
1675 Broadway, 19th Floor
New York, NY 10019
Tel: (212) 223-0200
Fax: (212) 223-1942
schellj@ballardspahr.com

*Attorneys for Ballard Spahr Defendants*

**WORD COUNT CERTIFICATION**

I, Thomas B. Sullivan, hereby certify that this Memorandum is 25 pages in length and contains 8,183 words, in compliance with Rule 2(B) of this Court's Individual Practices and Local Rule 7.1.  In preparing this certification, I relied on the word count of the word-processing system used to prepare this document.


Dated: May 12, 2026                                    */s/ Thomas B. Sullivan*
                                                       Thomas B. Sullivan

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 12th day of May, 2026, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will serve all parties of record in the case.

*/s/  Thomas B. Sullivan*
Thomas B. Sullivan

27