UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x
                                      :

SONYA SHAYKHOUN, ESQ.,               :

                                      :

                     Plaintiff,     :   Case No. 1:24-CV-9978-ALC

v.                                  :

                                      :

THE DAILY MAIL, DAILYMAIL.COM,     :
DAILY MAIL AND GENERAL TRUST PLC ("DMGT"), :
NOA HALFF, THE DAILY BEAST COMPANY LLC   :
("TDB"), AMANDA J. MCDOUGALL (A/K/A AK   :
MCDOUGALL), BEN SHERWOOD, JOANNA COLES, :
IAC INC. ("IAC"), TRACY CONNOR, BARRY DILLER, :
BEVAN HURLEY, THE INDEPENDENT, GEORGIE  :
GREIG, LOUISE THOMAS, RICHARD BEST     :

                                      :

                     Defendants.   :
------------------------------------------------------------------------- x

## THE INDEPENDENT DEFENDANTS' AND
## STRACHER DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO DISMISS

Cameron Stracher
Sara C. Tesoriero
CAMERON STRACHER, PLLC
1133 Broadway, Suite 516
New York, NY 10010
Tel: 646.992.3850
Fax: 646.992.4241
cam@stracherlaw.com
sara@stracherlaw.com

*Attorneys for The Independent Defendants and
Stracher Defendants*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ iii

PRELIMINARY STATEMENT ....................................................................................................... 1

BACKGROUND .............................................................................................................................. 2

A.    Pre-suit Background ................................................................................................... 2

B.    Procedural History ...................................................................................................... 3

C.    The Third Amended Complaint ................................................................................... 4

ARGUMENT .................................................................................................................................... 6

I.    PLAINTIFF'S BURDEN TO PLAUSIBLY PLEAD A VALID CLAIM. .................... 6

II.    PLAINTIFF HAS FAILED TO PLAUSIBLY PLEAD HER CLAIMS. ...................... 7

      A.    The TAC Does Not Plausibly Plead A Section 1983 Claim Against The Independent
            Defendants or Stracher Defendants. ............................................................................. 7

      B.    The TAC Does Not Plausibly Plead A RICO Conspiracy Claim. ............................. 9

            1. Plaintiff's RICO conspiracy claim fails because she cannot allege a substantive
               RICO violation. ...................................................................................................... 9

                a.  Plaintiff cannot establish the existence of a RICO enterprise ............... 10

                b.  Plaintiff has failed to allege a "racketeering activity." ........................... 12

            2.  Plaintiff's RICO conspiracy claim fails because she has not alleged an
                agreement. ............................................................................................................. 15

      C.    The TAC Does No Plausibly Plead A Claim For Conspiracy To Obstruct Justice
            Under 42 U.S.C. § 1985(2). ....................................................................................... 16

      D.    Plaintiff Cannot Maintain A Claim Under 18 U.S.C § 1512. .................................. 17

CONCLUSION ............................................................................................................................... 17

## TABLE OF AUTHORITIES

**Cases**

*4 K & D Corp. v. Concierge Auctions, LLC*, 2 F. Supp. 3d 525 (S.D.N.Y. 2014) ....................... 16

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................... 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................... 6

*Bender v. City of New York*, No. 09 CV 3286 BSJ, 2011 WL 4344203 (S.D.N.Y. Sept. 14, 2011) ............................................................................................................................. 17

*Black Radio Network, Inc. v. NYNEX Corp.*, 44 F. Supp. 2d 565 (S.D.N.Y. 1999) ..................... 14

*Black v. Ganieva*, 619 F. Supp. 3d 309 (S.D.N.Y. 2022), *aff'd*, No. 22-1524-CV, 2023 WL 2317173 (2d Cir. Mar. 2, 2023) .......................................................................... 10, 11, 12, 15

*Blanchard v. Doe*, No. 17CV6893PKCJO, 2019 WL 2211079 (E.D.N.Y. May 22, 2019) ........... 4

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342 (S.D.N.Y. 2014) .......... 9

*Ciambriello v. Cnty. of Nassau*, 292 F.3d 307 (2d Cir. 2002) .......................................... 7

*D. Penguin Bros. v. City Nat. Bank*, 587 F. App'x 663 (2d Cir. 2014) ........................................ 11

*First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159 (2d Cir. 2004) ........................... 11

*Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511 (9th Cir. 1987) .............................................. 8

*Ghosh v. New York City Hous. Auth.*, No. 21CV06139ATBCM, 2023 WL 3612553 (S.D.N.Y. Feb. 27, 2023), *report and recommendation adopted*, No. 21CIV6139ATBCM, 2023 WL 3746617 (S.D.N.Y. Mar. 20, 2023) ..................................................................... 7

*Goldfine v. Sichenzia*, 118 F. Supp. 2d 392 (S.D.N.Y. 2000) ....................................................... 12

*In re Hampton Transportation Ventures, Inc.*, No. 15-73837-AST, 2024 WL 3663204 (Bankr. E.D.N.Y. Aug. 2, 2024) ......................................................................................... 14

*Kim v. Kimm*, 884 F.3d 98 (2d Cir. 2018) ................................................................................... 14

*Langton v. Town of Chester*, No. 14CIV9474NSRLMS, 2017 WL 6988708 (S.D.N.Y. Sept. 26, 2017), *aff'd sub nom. Langton v. Town of Chester Libr. Bd.*, No. 14-CV-9474 (NSR), 2020 WL 2850898 (S.D.N.Y. June 1, 2020) .......................................................................... 16, 17

*Murrey v. Minc*, No. 21CIV320ATJLC, 2022 WL 1910127 (S.D.N.Y. June 3, 2022) ............ 6, 13

*Nat'l Grp. for Commc'ns & Computers Ltd. v. Lucent Techs. Inc.*, 420 F. Supp. 2d 253 (S.D.N.Y. 2006) ................................................................................................................................. 14

*Naughright v. Weiss*, 826 F. Supp. 2d 676 (S.D.N.Y. 2011) ........................................................ 8

*Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40 (2d Cir. 2012)............................ 4

*Park S. Assocs. v. Fischbein*, 626 F. Supp. 1108 (S.D.N.Y.), *aff'd sub nom. Park S. Assoc. v. Fischbein*, 800 F.2d 1128 (2d Cir. 1986)...................................................................................... 14

*Rajaratnam v. Motley Rice, LLC*, 449 F. Supp. 3d 45 (E.D.N.Y. 2020) ..................................... 13

*Red Rock Sourcing LLC v. JGX LLC,* No. 21 CIV. 1054 (JPC), 2024 WL 1243325 (S.D.N.Y. Mar. 22, 2024) ........................................................................................................................... 15

*Salinas v. United States*, 552 U.S. 51 (1997)............................................................................... 15

*Shaykhoun v. The Daily Mail et al,* Case No. 100558/2024 (N.Y. Cnty. Nov. 19, 2024).............. 2

*Tounkara v. Republic of Senegal*, No. 21CV8027LAKRWL, 2022 WL 17826422 (S.D.N.Y. Dec. 20, 2022), *report and recommendation adopted*, No. 21CV08027LAKRWL, 2023 WL 2692434 (S.D.N.Y. Mar. 29, 2023) ............................................................................................ 8

*Tyson-Phipps v. Rubio*, No. 23 CIV. 2316 (LAK) (GWG), 2025 WL 1184920 (S.D.N.Y. Apr. 24, 2025) ...................................................................................................................................... 6

*Webb v. Goord*, 340 F.3d 105 (2d Cir. 2003) ............................................................................. 16

*Williams v. Affinion Grp., LLC*, 889 F.3d 116 (2d Cir. 2018) ............................................ 9, 10, 15

*Zahl v. Kosovsky*, No. 08 CIV. 8308 LTS THK, 2011 WL 779784 (S.D.N.Y. Mar. 3, 2011), *aff'd*, 471 F. App'x 34 (2d Cir. 2012) ....................................................................................... 17

*Zemsky v. City of New York*, 821 F.2d 148 (2d Cir. 1987) ............................................................. 8

**Statutes**

18 U.S.C. § 1512................................................................................................................ 12, 13, 17

18 U.S.C. § 1951...................................................................................................................... 12, 14

18 U.S.C. § 1961.............................................................................................................................. 9

18 U.S.C. § 1962........................................................................................................................ 9, 10

42 U.S.C. § 1983.............................................................................................................................. 7

42 U.S.C. § 1985............................................................................................................................ 16

**Rules**

F. R. Civ. P. 12(b)(6) ....................................................................................................................... 6

Fed. R. Civ. P. 8(a)(2)............................................................................................................ 7

Defendants Independent Digital News and Media Limited (sued incorrectly herein as "The Independent"), Bevan Hurley, Geordie Greig (sued incorrectly herein as "Georgie Greig"), Louise Thomas, and Richard Best, (collectively, "The Independent Defendants") and Cameron Stracher and Cameron Stracher, PLLC (sued incorrectly herein as "The Law Firm…Cameron Stracher, Esq.") (collectively, the "Stracher Defendants") hereby submit this memorandum of law in support of their motion to dismiss Plaintiff Sonya Shaykhoun's ("Plaintiff" or "Shaykhoun") Third Amended Complaint ("TAC") against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff's claims in her Third Amended Complaint arise from her misguided belief that a cabal of unrelated businesses and individuals across the globe are conspiring to destroy her career.  After Plaintiff's efforts to sue The Independent Defendants and other media defendants over their reporting about her controversial social media post failed, Plaintiff now concocts a nonsensical and illogical tale of a multinational scheme to cover-up the alleged unlicensed practice of a Jordanian lawyer and to discredit Plaintiff through Section 1983 violations, a RICO conspiracy, obstruction of justice, and witness tampering that, somehow, involves The Independent Defendants and their legal counsel.  Because the Third Amended Complaint falls woefully short of alleging any causes of action against The Independent Defendants or the Stracher Defendants, it should be dismissed with prejudice.

1

**BACKGROUND**

### A.    Pre-suit Background

Plaintiff is an attorney who has practiced in New York for eighteen years and has over twenty-two years of experience as a corporate attorney.  TAC ¶ 12.[1]  She has worked in "transactional, commercial, and regulatory matters," served as in-house counsel at "major media and aviation" entities and holds two LL.M. degrees.  *Id.*

On May 17, 2023, Plaintiff publicly posted on the social media platform X (formerly "Twitter") regarding an interaction she had with a food vendor in Riverside Park (the "Tweet"). Order, 2 (ECF 75).  On May 19, 2023, Independent Digital News and Media Limited published an article written by Bevan Hurley in its online newspaper, *The Independent*, which reported on the social media response to Plaintiff's Tweet.  *Id.* at 3.  Defendants The Daily Beast and The Daily Mail also published articles about Plaintiff's Tweet on May 18th and 19th (together with *The Independent* article, the "Articles").  *Id.* at 2–3.

Plaintiff subsequently filed a complaint in New York state court against The Daily Beast, The Daily Mail, and a number of individual defendants for claims arising from their articles (the "New York State Action").  *Shaykhoun v. The Daily Mail et al*, Case No. 100558/2024 (N.Y. Cnty. Nov. 19, 2024).  However, Plaintiff voluntarily discontinued her case after the defendants indicated they would seek to recover fees for defending the lawsuit under New York's anti-SLAPP statute, N.Y. Civ. Rights Law § 70-a.  Order of Voluntary Discontinuance, *Shaykhoun v. The Daily Mail et al*, Case No. 100558/2024 (N.Y. Cnty. Jan. 15, 2025) ("Order of

---

[1] Pursuant to this Court's Endorsed Order at ECF 91, this Motion cites to the version of the TAC attached to Plaintiff's letter motion at ECF 89.

Discontinuance").[2]  None of The Independent Defendants or Stracher Defendants were parties or counsel in the New York State Action.  *Shaykhoun*, Case No. 100558/2024 (N.Y. Cnty. Nov. 19, 2024); *see also*, Order of Discontinuance (not identifying any of The Independent Defendants or Stracher Defendants as parties in the case caption).

### B.    Procedural History

Plaintiff filed her initial Complaint in this matter against The Independent Defendants, The Daily Mail, The Daily Beast Company LLC, and related corporate entities and individuals at those companies (collectively, the "Media Defendants") on December 27, 2024.  *See, gen.* Compl.  (ECF 1).  In her Second Amended Complaint, Plaintiff brought claims arising from the Media Defendants' reporting on the Tweet and the use of the Tweet in their Articles.  *See, gen.* Second Amended Complaint ("SAC") (ECF 51).  Specifically, Plaintiff alleged that the use of the Tweet in the Articles constituted copyright infringement (Count One).  SAC ¶¶ 55–60. Plaintiff also alleged that Defendants unfairly portrayed her as a "Karen" (a "pejorative implying racial bias and entitlement") in their Articles, *id.* ¶ 62, and that this characterization and the use of the Tweet gave rise to various state law claims.  *Id.* ¶¶ 61–122.  Finally, although The Independent Defendants played no role in the New York State Action, Plaintiff asserted claims for abuse of process, violation of First Amendment rights (which the Court construed as being brought pursuant to 42 U.S.C. § 1983), and declaratory relief regarding the unconstitutionality of the New York anti-SLAPP law against all Defendants based on the defendants' utilization of the New York anti-SLAPP statute in the New York State Action.  *Id.* ¶¶ 123–33.

---

[2] A copy of the Order of Voluntary Discontinuance is also attached as Exhibit 8 to Plaintiff's First Amended Complaint (ECF 29).

All Defendants moved to dismiss the SAC for failure to state a claim, and this Court granted the motion.  Order, 1 (ECF 75).  The Court dismissed most of Plaintiff's claims with prejudice; however, the Court granted Plaintiff leave to amend "as to the Section 1983 and declaratory relief claims."  *Id.* at 21.  Following the dismissal, Cameron Stracher, counsel for The Independent Defendants, contacted Plaintiff on behalf of all Media Defendants to ask if Plaintiff would agree not to file an amended complaint in exchange for the Media Defendants agreeing not to pursue prevailing party fees for the successful dismissal of her copyright claim. *See* TAC ¶ 29 (claiming Mr. Stracher presented a "$0.00 legal release" to Plaintiff in "lockstep" with co-defense counsel).

### C.    The Third Amended Complaint

In her Third Amended Complaint, Plaintiff dramatically alters her theory of the case, adds several new parties, including counsel for The Independent Defendants, Cameron Stracher and Cameron Stracher PLLC, and asserts claims for Section 1983 deprivation of rights (Count I), civil RICO conspiracy pursuant to 18 U.S.C. § 1962(d) (Count II), conspiracy to obstruct justice pursuant to 42 U.S.C. § 1985(2) (Count III), and federal witness tampering pursuant to 18 U.S.C. § 1512 (Count IV).[3]  TAC ¶¶ 68–85.  According to Plaintiff, the Media Defendants, along with their legal counsel, have conspired with foreign actors to destroy Plaintiff's career.  *Id.* ¶¶ 1–3. Specifically, Plaintiff claims that she previously attempted to expose the unlawful practice of a

---

[3] The TAC goes well beyond the leave to amend granted by the Court and should be dismissed for this independent reason. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."); *Blanchard v. Doe*, No. 17CV6893PKCJO, 2019 WL 2211079, at *1 (E.D.N.Y. May 22, 2019) ("[T]he Court has inherent authority to dismiss an amended complaint to the extent that it exceeds the scope of the permission to amend or fails to address deficiencies previously identified in the original complaint.").

Jordanian lawyer, Defendant Osama Abu Dehays ("Dehays"), who previously served as Chief Legal Officer for Al Jazeera Media Network ("AJMN") and is currently a partner with Defendant Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"). *Id.* ¶¶ 2, 14, 18. According to Plaintiff, Pillsbury is a "Registered Foreign Agent" for the State of Qatar. *Id.* ¶¶ 7, 14, 20. Plaintiff alleges that after she notified Pillsbury of Dehays's lack of credentials, the firm, with the support of AJMN, launched a campaign to cover up the "fraud" and to discredit Plaintiff. *Id.* ¶¶ 21–22, 35–36. To this end, Plaintiff claims, the Media Defendants participated in the "take-down" of Plaintiff and sought to "neutralize" her through the "'Karen' script." *Id.* ¶¶ 22, 37. The TAC does not clarify what the "Karen script" is. *See, gen.* TAC. She also alleges that the Stracher Defendants and other counsel for the Media Defendants (collectively, the "Defense Firms") transitioned from legal advocates to "participants in the Pillsbury . . . enterprise" and have "assume[d] liability for the prior and subsequent acts of the Enterprise" by demanding a "$0.00 legal release" from Plaintiff in this matter, which amounted to extortion and obstruction of justice. *Id.* ¶¶ 27, 29, 62.

Plaintiff maintains that by "willfully participating in joint activity with the State of Qatar" (via Pillsbury) and "the New York State Judiciary" (via the utilization of the anti-SLAPP defense in the New York State action), all Defendants have deprived her of her Fourteenth Amendment "property interest in her professional standing" in violation of 42 U.S.C. § 1983. *Id.* ¶¶ 68–71. She also claims that Defendants' efforts to "execute a professional liquidation" against Plaintiff amount to a civil RICO conspiracy under 18 U.S.C. § 1962(d). *Id.* ¶¶ 61, 72–78. Lastly, she claims that the "media intimidation" and Mr. Stracher's settlement offer amount to conspiracy to

obstruct justice under 42 U.S.C. § 1985(2) and federal witness tampering under 18 U.S.C. § 1512.[4]  *Id.* at ¶¶ 29, 48–50, 76, 79–85.

Because the TAC fails to state a claim, The Independent Defendants and the Stracher Defendants now file this Motion to Dismiss Plaintiff's Third Amended Complaint with prejudice.

## ARGUMENT

### I.    PLAINTIFF'S BURDEN TO PLAUSIBLY PLEAD A VALID CLAIM.

On a motion to dismiss under Rule 12(b)(6), a court must assess whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  It is plaintiff's burden to show "more than a sheer possibility that [defendants have] acted unlawfully." *Iqbal*, 556 U.S. at 678.  A complaint filed by a *pro se* attorney is "held to the same standard as any other pleading[] drafted by a lawyer." *Tyson-Phipps v. Rubio*, No. 23 CIV. 2316 (LAK) (GWG), 2025 WL 1184920, at *9 (S.D.N.Y. Apr. 24, 2025); *see also Murrey v. Minc*, No. 21CIV320ATJLC, 2022 WL 1910127, at *2 (S.D.N.Y. June 3, 2022) ("pro se status 'does not exempt a party from compliance with relevant rules of

---

[4] While Plaintiff alleges that an article published on Reason.com that reported on the Order dismissing Plaintiff's SAC also constituted witness tampering, she does not allege that The Independent Defendants or Stracher Defendants were involved as sources or in the publication of that article.  *See* TAC ¶¶ 24, 29 (alleging that only attorneys Thomas Sullivan and Saumya Vaishampayan from Ballard Spahr LLP provided quotes for the Reason.com article).

procedural and substantive law.'") (citation omitted). Here, the Third Amended Complaint should be dismissed with prejudice because Plaintiff fails to plausibly plead her claims.[5]

## II.    PLAINTIFF HAS FAILED TO PLAUSIBLY PLEAD HER CLAIMS.

### A.    The TAC Does Not Plausibly Plead A Section 1983 Claim Against The Independent Defendants or Stracher Defendants.

Plaintiff's Section 1983 claim cannot be maintained against The Independent Defendants or the Stracher Defendants because they are private parties. *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'") (citation omitted). "In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." *Id.* Here, Plaintiff does not allege any facts that demonstrate The Independent Defendants or the Stracher Defendants acted under color of state law. First, to the extent Plaintiff's claim allegedly arises from defendants' actions in the New York State Action, The Independent Defendants and Stracher Defendants

---

[5] The TAC is not a beacon of clarity, and includes many undefined terms, references to various and overlapping subgroups of Defendants, and novel legal theories that make it difficult for The Independent Defendants and Stracher Defendants to be certain they have addressed every allegation Plaintiff intended to direct at them (or to know if they have addressed claims that were only intended to be raised against other Defendants). On that basis alone, Plaintiff's TAC should be dismissed for failing to comply with Rule 8 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(2) (requiring that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Ghosh v. New York City Hous. Auth.*, No. 21CV06139ATBCM, 2023 WL 3612553, at *6 (S.D.N.Y. Feb. 27, 2023), *report and recommendation adopted*, No. 21CIV6139ATBCM, 2023 WL 3746617 (S.D.N.Y. Mar. 20, 2023) (recognizing that "[a] plaintiff's pro se status will not protect him from a Rule 8(a) dismissal" and dismissing complaint where the "convoluted series of paragraphs ma[d]e it difficult to understand who did what to whom, or when, much less why the plaintiff believes that any of the slights and injustices he lists" supported his legal claims) (citation omitted).

were not parties to or counsel in that action, and Plaintiff does not allege otherwise.  TAC ¶ 69;

Order of Discontinuance; *see also Naughright v. Weiss*, 826 F. Supp. 2d 676, 693 (S.D.N.Y.

2011) (dismissing negligence claim against two defendants where plaintiff failed to allege any

facts in support of the claim against those defendants).  Second, Plaintiff's conclusory assertion

that The Independent Defendants and Stracher Defendants participated in "joint activity with the

State of Qatar" lacks any supporting factual allegations, *see Zemsky v. City of New York*, 821

F.2d 148, 151 (2d Cir. 1987) ("We have previously held that a pro se complaint containing only

conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional

rights cannot withstand a motion to dismiss.") (quotations omitted), and, regardless, cannot

support a Section 1983 claim because Section 1983 does not apply to actions by foreign

government employees or officials.  *See Tounkara v. Republic of Senegal*, No.

21CV8027LAKRWL, 2022 WL 17826422, at *7 (S.D.N.Y. Dec. 20, 2022), *report and

recommendation adopted*, No. 21CV08027LAKRWL, 2023 WL 2692434 (S.D.N.Y. Mar. 29,

2023) ("Section 1983 applies only to constitutional violations by state or local officials; it 'does

not apply to allegedly unlawful acts of federal officers.' Nor, as is relevant here, does it apply to

actions by foreign government employees or officials.") (citation omitted); *see also Gerritsen v.

de la Madrid Hurtado*, 819 F.2d 1511, 1518 (9th Cir. 1987) ("'state action' or acts 'under color

of state law' refer to acts attributable to states of the United States . . . acts performed by the

defendants, all of whom are officials, instrumentalities, or employees of the Mexican

government, could not constitute acts under color of state law").

Accordingly, Plaintiff has failed to state a cause of action under Section 1983 and Count I

should be dismissed with prejudice.

**B.    The TAC Does Not Plausibly Plead A RICO Conspiracy Claim.**

Plaintiff also asserts Defendants formed an "Enterprise" that jointly participated in a conspiracy in violation of section 1962(d) of the federal RICO statute, 18 U.S.C. § 1961, *et seq.* TAC ¶¶ 27, 72–78. Specifically, the TAC asserts that AJMN, Pillsbury, the Media Defendants, and the Defense Firms formed a RICO enterprise with the goal of covering up Dehays's unlicensed practice of law, TAC ¶¶ 35–37, with AJMN and Pillsbury operating at the center, the Media Defendants acting as "proxies," and the Defense Firms acting as participants through the "adoption" of the enterprise's "campaign," *id.* ¶¶ 26, 30, 37. Under section 1962(d), it is "unlawful for any person to conspire to violate any provisions of subsection (a), (b), or (c)." 18 U.S.C. § 1962(d). Plaintiff does not identify which substantive section of the RICO statute Defendants allegedly conspired to violate, but it appears from the allegations in the TAC that the only relevant substantive provision would be (c). *See* TAC ¶¶ 72–78 (alleging the existence of an enterprise and predicate racketeering activity); *Williams v. Affinion Grp., LLC*, 889 F.3d 116, 124 (2d Cir. 2018) (recognizing that to state a claim under 18 U.S.C. § 1962(c), a plaintiff must allege the existence of a RICO enterprise and that defendants participated in a "pattern" of "racketeering activity"). Here, Plaintiff's RICO conspiracy claim should be dismissed because the TAC fails to plausibly allege a substantive RICO violation or an agreement to violate RICO's substantive provisions.

1.    Plaintiff's RICO conspiracy claim fails because she cannot allege a substantive RICO violation.

"Where a complaint does not adequately plead a substantive RICO violation, the conspiracy claim under § 1962(d) also fails." *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 363 (S.D.N.Y. 2014). To state a claim under 18 U.S.C. § 1962(c), a plaintiff must allege the existence of a RICO enterprise and that defendants participated in a

"pattern" of "racketeering activity."  *Williams*, 889 F.2d at 124.  On the face of Plaintiff's TAC,

The Independent Defendants' and Stracher Defendants' alleged activities are insufficient to

establish either required element of a section 1962(c) RICO claim.

### a.    *Plaintiff cannot establish the existence of a RICO enterprise.*

Plaintiff fails to allege a cognizable enterprise involving The Independent Defendants and

Stracher Defendants.  To qualify as a RICO enterprise there must be a "relationship[ ] among

those associated with the enterprise" and the association must share a common purpose.  *Black v.*

*Ganieva*, 619 F. Supp. 3d 309, 330 (S.D.N.Y. 2022), *aff'd*, No. 22-1524-CV, 2023 WL 2317173

(2d Cir. Mar. 2, 2023) .  To determine whether a complaint pleads an association, courts will

examine factors such as "whether members of the alleged enterprise have interpersonal

relationships" and "whether the complaint explains how they came to an agreement to act

together or how they knew one another."  *Id.* at 334.  Here, the TAC does not allege any

interpersonal relationship or agreement between the AJMN and Pillsbury enterprise "core" and

The Independent Defendants or the Stracher Defendants.  *See, gen.* TAC.  Indeed, the TAC does

not allege that The Independent Defendants and Stracher Defendants communicated with AJMN

or Pillsbury at all.  *Id.*  Thus, Plaintiff has not demonstrated the required association element.

*See Black*, 619 F. Supp. 3d at 334–35 (finding plaintiff failed to alleged the association element

of a RICO enterprise where the complaint "does not allege—at any time—*any* interpersonal

relationship, agreement, collective action, or symbiosis between [defendants]") (emphasis in

original).

For the common purpose element, district courts in this Circuit have held that the that the

enterprise's members must "have had a common intent to violate RICO or to act unlawfully.  A

separate purpose or objective that does not involve illegal conduct will not do."  *Black*, 619 F.

Supp. 3d at 331; *see also First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 174 (2d Cir. 2004) (citation modified) ("For an association of individuals to constitute an enterprise, the individuals must share a common purpose to engage in a particular fraudulent course of conduct.") (citation omitted).  As with the association element, Plaintiff does not allege that The Independent Defendants, the Stracher Defendants, and the remaining Defendants shared any common intent to violate the law.  While the TAC asserts that the "Enterprise's common purpose is the continuous, 15-year extraction of sovereign assets . . . , pecuniary benefits, and the protection of [Dehays's] Licensure Deficit," TAC ¶ 36, it does not allege any facts in support of that claim.  The TAC does not claim that The Independent Defendants or the Stracher Defendants had any contact with AJMN, Pillsbury, or any Defendant familiar with Plaintiff's allegations against Dehays and does not clarify why these completely unrelated companies and individuals would share the goal of covering up the unlawful practice of a Jordanian lawyer.  *See D. Penguin Bros. v. City Nat. Bank*, 587 F. App'x 663, 668 (2d Cir. 2014) (summary order) (allegations of common purpose "f[e]ll short of supporting a plausible inference that an association-in-fact enterprise existed" where alleged common goal was "a naked assertion devoid of further factual enhancement," where complaint lacked specific allegations about many defendants' intent, and where complaint failed to suggest why the goal was shared among RICO defendants) (cleaned up).  At most, the TAC alleges that The Independent Defendants and Stracher Defendants were part of a broader effort to "neutralize" Plaintiff by damaging her reputation and professional career.  TAC ¶¶ 37, 48.  But ill-will towards an individual does not satisfy the common purpose requirement.  *See Black*, 619 F.Supp.3d at 333 (finding that allegation that defendants "all sought to 'spread[ ] lies about,' 'injur[e],' 'bring[ ] down,' and 'cancel' [plaintiff]" did not establish a common purpose for a RICO enterprise).  Thus, the TAC

11

fails to allege the existence of a RICO enterprise involving The Independent Defendants and Stracher Defendants.

### b.    Plaintiff has failed to allege a "racketeering activity."

Plaintiff has also failed to allege that The Independent Defendants and Stracher Defendants engaged in any racketeering activity. "To be liable under the RICO statute, a defendant must commit at least two acts of racketeering activity." *Black*, 619 F. Supp. 3d at 337 (citation omitted). Moreover, "[l]ability under § 1962(c) requires a showing that *each* defendant employed by or associated with the enterprise" participated in the unlawful conduct of the enterprise. *Goldfine v. Sichenzia*, 118 F. Supp. 2d 392, 402 (S.D.N.Y. 2000) (emphasis in original). Plaintiff's RICO claim against The Independent Defendants and Stracher Defendants is premised on her allegation that "'Karen' script" media campaign and the settlement offer conveyed by Mr. Stacher amounted to witness tampering under 18 U.S.C. § 1512 and extortion under 18 U.S.C. § 1951. TAC ¶¶ 29, 76–77. Neither claim satisfies the racketeering activity requirement.

First, the TAC does not allege any specific actions taken by The Independent Defendants that could amount to racketeering activity. *See, gen.* TAC. Indeed, aside from mentioning that the Stracher Defendants are their counsel and claiming Managing Editor Richard Best oversaw the "Karen script," TAC ¶¶ 29, 59, The Independent Defendants are not mentioned in the TAC at all. To the extent The Independent Defendants are accused of participating in the "Karen script" as part of the Media Defendants, *id.* ¶ 37, the TAC does not clarify what the "Karen script" is or how any action related to the "Karen script" was criminal. *See, e.g. id.* ¶¶ 37 (claiming "Media Proxies" executed the "Karen script" but not explaining what the "Karen script" is), 59 (claiming Richard Best oversaw the "Karen script" but not explaining what the "Karen script" is or alleging Best conducted any criminal activity).

Second, to the extent that the "Karen script" refers to the Articles, neither the publication of materials allegedly intended to damage Plaintiff's reputation—even if such intent existed—nor Mr. Stracher's communication with Plaintiff about a potential settlement constitute witness tampering under 18 U.S.C. § 1512.[6] Section 1512(b) makes it a crime to "intimidate[e], threaten[ ], or corruptly persuade" a potential witness, or to attempt to do so, with intent to influence the witness's testimony in an official proceeding. 18 U.S.C. § 1512(b). The TAC does not allege that the Articles were published with the intent to influence any witness in an official proceeding. *See, gen.* TAC. Indeed, the TAC does not identify an ongoing official proceeding at the time the Articles were published. *Id.* Similarly, the TAC does not explain how a routine settlement offer conveyed by Mr. Stracher constituted a threat or intimidation or how it would have prevented or influenced Plaintiff's testimony in this proceeding, particularly if she declined the offer. *Id.* ¶ 29 (asserting that Mr. Stracher's "demand for a $0.00 legal release" amounted to witness tampering without explaining how such a communication hindered Plaintiff's ability to proceed in this action). Thus, the TAC does not allege witness tampering as a predicate act. *See Rajaratnam v. Motley Rice, LLC*, 449 F. Supp. 3d 45, 75 (E.D.N.Y. 2020) (Plaintiff failed to plead predicate act of witness tampering where "Plaintiff has adduced no factual basis for his assertions of witness tampering, and, instead, alleges a 'formulaic recitation of the elements,' which *Twombly* prohibits") (citation omitted).

---

[6] Although Plaintiff asserts that "[t]his is not a 'defamation' case," TAC ¶ 2, she repeatedly alleges that Media Defendants attempted to "neutralize" Plaintiff by publishing information that damaged her reputation. *Id.* ¶¶ 3, 26, 37, 48, 76; *see also id.* at 24 (requesting damages for the "coordinated reputational assault). This is a defamation claim in practice if not in name, which cannot serve as the basis for a RICO claim. *See Murrey*, 2022 WL 1910127 at *2 ("it is firmly established that defamation does not provide the requisite predicate for RICO violations") (internal marks omitted).

Finally, the settlement offer clearly does not constitute extortion under 18 U.S.C. § 1951. Routine settlement offers do not give rise to extortion claims. *See In re Hampton Transportation Ventures, Inc.*, No. 15-73837-AST, 2024 WL 3663204, at *8 (Bankr. E.D.N.Y. Aug. 2, 2024) ("These allegations, if true, appear on their face to be a routine settlement offer which would be inadmissible under Federal Rule of Evidence 408, and in any event are not recognized by New York as creating a private right of action for extortion."); *see also Kim v. Kimm*, 884 F.3d 98, 104 (2d Cir. 2018) (routine litigation activities "cannot act as a predicate offense for a civil-RICO claim."). Section 1951 "requires that a defendant's extortionate acts be induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." *Park S. Assocs. v. Fischbein*, 626 F. Supp. 1108, 1114 (S.D.N.Y.), *aff'd sub nom. Park S. Assoc. v. Fischbein*, 800 F.2d 1128 (2d Cir. 1986) (quoting 18 U.S.C. § 1951). Nothing in the TAC alleges that Mr. Stracher threatened force, violence, or fear when asking if Plaintiff would be interested in settling her outstanding claims. *See, gen.* TAC.

Thus, Plaintiff has failed to allege either the existence of an enterprise or predicate racketeering activities by The Independent Defendants or Stracher Defendants, and on this basis alone her RICO conspiracy claim should be dismissed with prejudice. *See Nat'l Grp. for Commc'ns & Computers Ltd. v. Lucent Techs. Inc.*, 420 F. Supp. 2d 253, 272 (S.D.N.Y. 2006) ("Case law in this Circuit confirms that a 1962(d) conspiracy claim must be dismissed where the substantive RICO claim is deficient."); *Black Radio Network, Inc. v. NYNEX Corp.*, 44 F. Supp. 2d 565, 581 (S.D.N.Y. 1999) ("A RICO conspiracy claim must fail, however, if the substantive claims themselves are deficient.").

2.    Plaintiff's RICO conspiracy claim fails because she has not alleged an agreement.

To state a RICO conspiracy claim, Plaintiff must allege that The Independent Defendants and Stracher Defendants formed an agreement with the remaining Defendants to commit predicate acts, which the TAC does not do. *See Williams*, 889 F.3d at 124 ("[T]o state a RICO conspiracy, a plaintiff must allege the existence of an agreement to violate RICO's substantive provisions.") (quotation omitted); *Black*, 619 F. Supp. 3d at 329 ("To establish a violation of § 1962(d), i.e., a RICO conspiracy, a civil plaintiff must demonstrate that the alleged coconspirators knew about and agreed to facilitate a pattern of racketeering activity.") (quotation omitted). "Conclusory, boilerplate allegations as to the existence of the relevant agreement are insufficient." *Red Rock Sourcing LLC v. JGX LLC,* No. 21 CIV. 1054 (JPC), 2024 WL 1243325, at *20 (S.D.N.Y. Mar. 22, 2024). Here, the TAC does not allege that The Independent Defendants or Stracher Defendants formed any agreement with AJMN and Pillsbury, let alone one to commit racketeering activity to further the alleged goal of covering up Dehays's unlawful practice. *See* TAC ¶¶ 30 (claiming only that the Stracher Defendants assumed liability for the acts of the "Enterprise" by offering a settlement while on "notice" of Dehays's licensing fraud); 61 (asserting, without elaborating, that the Media Defendants coordinated with a "RICO Enterprise").[7] Thus, for this additional reason, Plaintiff's RICO conspiracy claim should be dismissed. *See Red Rock Sourcing*, 2024 WL 1243325, at *21 (dismissing RICO conspiracy claim where plaintiff made no more than "boilerplate allegations" about the existence of an agreement to violate RICO's substantive provisions); *4 K & D Corp. v. Concierge Auctions,*

---

[7] Plaintiff's citation to *Salinas v. United States*, 552 U.S. 51 (1997) is incorrect. TAC ¶ 30. The Court found that "[a] conspiracy may exist even if a conspirator does not agree to commit or facilitate *each and every part of the substantive offense* . . . [but] [t]he partners in the criminal plan must agree to pursue the same criminal objective . . . ." *Id.* at 63 (emphasis added).

15

*LLC*, 2 F. Supp. 3d 525, 545 (S.D.N.Y. 2014) (dismissing a RICO conspiracy count when "[o]ther than one conclusory allegation that the defendants 'agreed' to commit the violations, the plaintiffs have alleged no facts to show specifically that the defendants had any 'meeting of the minds' in the alleged violations") (citation omitted).

C.    **The TAC Does No Plausibly Plead A Claim For Conspiracy To Obstruct Justice Under 42 U.S.C. § 1985(2).**

To sustain a cause of action under Section 1985(2), a plaintiff must allege "(1) a conspiracy between two or more persons, (2) to deter a witness 'by force, intimidation, or threat' from attending any court of the United States or testifying freely therein, which (3) causes injury to the [plaintiff]." *Langton v. Town of Chester*, No. 14CIV9474NSRLMS, 2017 WL 6988708, at *6 (S.D.N.Y. Sept. 26, 2017), *aff'd sub nom. Langton v. Town of Chester Libr. Bd.*, No. 14-CV-9474 (NSR), 2020 WL 2850898 (S.D.N.Y. June 1, 2020) (citation omitted). To demonstrate a conspiracy, a plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003). The TAC pleads none of these elements. First, as established by Plaintiff's failure to plead a RICO conspiracy, the TAC does not allege any meeting of the minds between Defendants regarding Plaintiff. *See* TAC ¶ 81 (asserting that "Defendants conspired to interfere with Plaintiff's business relationships" but not alleging any facts indicating a meeting of the minds). Second, the TAC does not identify any actions by The Independent Defendants or Stracher Defendants that involve force, intimidation, or threats, or any that would have prevented Plaintiff from attending or testifying in a proceeding. *See, gen.* TAC. Finally, the TAC does not adequately allege that Plaintiff was injured as a result of any conspiracy involving The Independent Defendants or Stracher Defendants to intimidate or threaten Plaintiff. TAC ¶ 81 (alleging that Defendants' conspiracy as relegated plaintiff to

16

"document review projects" but failing to allege facts connecting any actions by The Independent Defendants or Stracher Defendants to that outcome).  Therefore, Count III should be dismissed with prejudice.  *See Langton*, 2017 WL 6988708, at \*7 (dismissing Section 1985(2) claim where Plaintiff "failed to allege any facts from which to infer the existence of a conspiracy").

**D.    Plaintiff Cannot Maintain A Claim Under 18 U.S.C § 1512.**

The federal witness tampering statute, 18 U.S.C. § 1512, does not provide a private right of action.  *Zahl v. Kosovsky*, No. 08 CIV. 8308 LTS THK, 2011 WL 779784, at \*10 (S.D.N.Y. Mar. 3, 2011), *aff'*d, 471 F. App'x 34 (2d Cir. 2012); *Bender v. City of New York*, No. 09 CV 3286 BSJ, 2011 WL 4344203, at \*2 (S.D.N.Y. Sept. 14, 2011).  And as set forth above, none of Plaintiff's allegation about The Independent Defendants or Stracher Defendants amount to witness tampering. *See*, *supra*, 18–19.  Therefore, Count IV should be dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Third Amended Complaint should be dismissed in its entirety with prejudice.

Dated:  May 12, 2026                        Respectfully submitted,


/s/*Cameron Stracher*
Cameron Stracher
Sara C. Tesoriero
CAMERON STRACHER, PLLC
1133 Broadway, Suite 516
New York, NY 10010
Tel: 646.992.3850
Fax: 646.992.4241
cam@stracherlaw.com
sara@stracherlaw.com

*Attorneys for The Independent Defendants and Stracher Defendants*

17

**WORD COUNT CERTIFICATION**

I, Cameron Stracher, hereby certify that this Memorandum is 17 pages in length and contains 5,239 words, in compliance with Rule 2(B) of this Court's Individual Practices and Local Rule 7.1.  In preparing this certification, I relied on the word count of the word-processing system used to prepare this document.

Dated:  May 12, 2026

/s/ *Cameron Stracher*
Cameron Stracher

18

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2026, I caused a true copy of the foregoing to be served on all counsel of record via ECF.

/s/ *Sara C. Tesoriero*
Sara C. Tesoriero, Esq.

19