

**Jay Marshall Wolman, JD**
Licensed in CT, MA, NY, DC

**15 May 2026**

<u>Via CM/ECF</u>
The Honorable Andrew L. Carter, Jr.
U.S. District Court, Southern District of New York
40 Foley Square, Room 444
New York, NY 10007

> **Re:    *Shaykhoun v. The Daily Mail et al. | Case No. 1:24-cv-09978-ALC*
> *Response to Shaykhoun Filings Regarding Service and Time to Respond***

Dear Judge Carter:

We represent the Daily Caller and the Daily Caller News Foundation ("Daily Caller Defendants") in the above referenced case.  We are writing in response to the May 11, 2026, Plaintiff's Notice to the Court Regarding Courtesy Copies (ECF No. 117), which asserts, *inter alia* that the *Daily Caller* Defendants (The Daily Caller and The Daily Caller News Foundation, as well as Luke Rosiak, Ethan Barton, and John Hawley) were given "Actual Notice" that she claims was "functionally and legally sufficient to satisfy the requirements of Due Process and Rule 4."  It is not.

Until Plaintiff effects service or seeks a proper waiver,[1] Defendants will take no further action unless directed to do so by the Court.[2] We also wish to point out certain other deficiencies that would make permitting alternate service futile.

### 1.    Plaintiff Failed to Attempt to Serve Defendants

"Actual notice alone will not sustain the service or subject a person to the court's jurisdiction when there has not been compliance with prescribed conditions of service."  *Buggs v. Ehrnschwende*r, 968 F.2d 1544, 1548 (2d Cir. 1992) quoting *Markoff v. South Nassau Community Hosp.*, 61 N.Y.2d 283, 288 (1984).  Even where counsel has appeared, such does not alter the requirement that a party be served.  *See, e.g., Martin v. N.Y. State Dep't of Mental Hygiene*, 588 F.2d 371, 373 (2d Cir. 1978).

We understand Plaintiff seeks leave to effectuate service through alternative means, but she has failed to meet her burden.  Under New York law, a party may only effectuate service through alternative means, including by email, if the traditional methods of service are "impracticable."

---

[1] Defendants indicated a willingness to waive service per Fed. R. Civ. P. 4(d), should she choose to request a waiver.  Plaintiff refused to do so.

[2] As the Court is aware, the time to respond to a complaint does not begin to run until the defendant has been served. *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350-51 (1999); Fed. R. Civ. P. 12(a)(1)(A)(i)(noting the deadline to answer "*after being served* with the summons and complaint" (emphasis added)).  Rather, "the action remains pending in an inchoate state until service is completed[.]" *Messenger v. United States*, 231 F.2d 328, 329 (2d Cir. 1956).



CPLR 311(b). It is not impracticable; in fact, it appears Plaintiff has not even attempted it. All she asserts is wild speculation of some "international treaties [that are] being used here solely as a tool for spoiliation [sic] and delay" (ECF No. 108) where there is no record (or extant) evidence that Defendants have done so and her claim that "the demonstrated hostility of the litigation environment make traditional personal service impracticable" (ECF No. 107-1). She has not even tried to effect proper service.

The law is clear: "Although the impracticability standard is not capable of easy definition, in general, a plaintiff must make some showing that the other prescribed methods of service could not be made." *Avail 1 LLC v. Kalsi*, 2023 U.S. Dist. LEXIS 198782, at \*4 (S.D.N.Y. Nov. 6, 2023)(cleaned up)(addressing identical standard under CPLR 308(5)).

"[P]laintiff must, for each of the three traditional methods of service, set forth factual allegations to establish, for example, what steps plaintiff had taken to effect service pursuant to the prescribed methods, when such steps were undertaken, and/or why such steps were not practicable under the particular facts and circumstances." *Id.* at \*4-5 (cleaned up). "Thus, "[w]ithout Plaintiff's showing that the traditional methods of service […] could not be made, 'a court is without power to direct . . . service'" by alternate means. *Id.* at \* 7 quoting *David v. Total Identity Corp.*, 50 A.D.3d 1484, 857 N.Y.S.2d 380, 382 (4th Dep't 2008).[3]

### 2. Defendants are Not Proper Parties

Alternate service would be futile. Although the Court determined the Third Amended Complaint (TAC) to be the "operative complaint (ECF No. 88), its filing was unauthorized. Plaintiff was granted leave in the February 26, 2026 Order (ECF No. 75 at 21) to file an amended complaint only as to Section 1983 and declaratory relief claims. She was not granted leave to join any new parties or add in other claims, yet she independently decided to add the Daily Caller defendants (and others) and added claims for Civil RICO, Conspiracy to Obstruct Justice, and Witness Tampering.

The purpose of the Court granting leave to amend appears to be so that Plaintiff might try to allege sufficient facts to state a cause of action. (ECF No. 75 at 21). All she filed was an imagined conspiracy, untethered to the facts. She does not even say which of the Daily Caller defendants allegedly took what steps to join a conspiracy or enterprise or what actually was tortious. The only thing she even mentions about the Daily Caller defendants is that there was a 2019 article, removed as a courtesy. Plaintiff *expressly agreed* that there was "no obligation to remove the piece" and she was not "alleging any legal deficiencies" in the 2019 article by the Daily Caller News Foundation (Take Down Agreement, ECF No. 78-5 at 6).

Count I (§ 1983) alleges joint activity with Qatar and New York, but there are no factual allegations that Daily Caller defendants did so. Nor are there facts alleged that they joined the alleged

---

[3] Worth noting is the "actual notice" claimed by Plaintiff was sent to the wrong people: she emailed her "service" to employees of the Daily Caller, not to anyone at the Daily Caller News Foundation, which is an entirely separate and distinct corporate entity.



enterprise in Count II (RICO),[4] or the conspiracy for Count III, or did anything as part of any retaliatory campaign for Count IV (witness tampering).  Simply put, Daily Caller defendants are neither required parties (under FRCP 19) nor is there any participation in the same transactions or occurrence (under FRCP 20) and should not have been joined on a whim as defendants.

### 3.  Joining Motions to Dismiss

On May 12, other defendants who had previously made request of the Court for leave to serve motions to dismiss (ECF Nos. 85-88) filed such motions.  Were the Daily Caller defendants to be served, it would require them to engage in likely unnecessary efforts and burdensome expense to seek their own dismissals.  The Daily Caller defendants stand in a similar position with the Daily Mail defendants, and the granting of their motion to dismiss (ECF Nos. 120-122) would similarly be dispositive of the claims against the Daily Caller defendants.  The same may also be said as to the motion of the independent defendants (ECF Nos. 123-124) and of the Daily Beast defendants (ECF Nos. 125-127).  To the extent applicable, and without waiver of their own right (if they are served) to move for dismissal, the Daily Caller defendants join those three motions,[5] which are incorporated herein by reference.

This case began as an attack on journalism; Plaintiff was widely ridiculed by the general public in 2023 for allegedly calling 911 about an unlicensed food vendor.  (ECF No. 1).  She blamed the media for reporting on the story, and she pursued this theory in her First and Second Amended Complaints (ECF No. 29 & 54).  Although her TAC now involves sprawling RICO and 1983 allegations going back years and across continents, it is still nothing but a naked SLAPP suit, seeking to suppress or punish reporting on a matter of public concern.

The Daily Caller News Foundation published a story Plaintiff didn't like[6] because it "portray[ed her] as a naïve victim"  (ECF No. 78-5 at 40) and which she agreed was to be taken down solely "for privacy reasons" (*id.* at 6).  It is a non-defamatory statement ginned up as a defamation claim long past the statute of limitations.  Allowing a plaintiff to use a different tort to circumvent First Amendment standards would render those standards meaningless. *Compare Hustler Magazine v. Falwell*, 485 U.S. 46 (1988).

Alternate service would be futile, and the suit should be dismissed in its entirety, with prejudice.  The Daily Caller defendants have not been served, they are not properly yet parties to this action and in an act of judicial and party economy, consistent with our obligations under Fed. R. Civ. P. 1, will take no further action unless directed to do so by the Court.

Thank you for your attention to this matter.

---

[4] Notably, the RICO count fails under Fed. R. Civ. P. 9(b) as the purportedly fraudulent acts are not alleged with sufficient particularity.

[5] To the extent applicable, the Court should construe this letter as seeking a pre-motion conference per the Court's Individual Practices, though the Daily Caller defendants, as noted, believe such filing to be premature.

[6] Plaintiff characterizes it as a "hit piece" (ECF No. 78 at ¶ 53), a "smear campaign" (*id.* at ¶ 30), demonstrating that this is a dressed-up libel claim.

Randazza Legal Group
Page 4 of 4

**RANDAZZA**
LEGAL GROUP

Sincerely,

Jay M. Wolman (JW0800)
Randazza Legal Group, PLLC
100 Pearl St., 14th Floor
Hartford, CT 06103
Tel: (702) 420-2001
jmw@randazza.com

Charles Glasser, Esq.
Charles Glasser ESQ LLP
53 Valley Way
West Orange, NJ 07052
charlesglasseresq@gmail.com

cc:    All Appearing Parties (via CM/ECF)

**RANDAZZA**
LEGAL GROUP