

Sonya Shaykhoun, Esq.,
Law Offices of Sonya Shaykhoun, Esq.
825 West End Avenue,
New York, NY 10025
Email: sonya@shaykhounlaw.com
Tel: 929-996-5662

May 18, 2026

**VIA ECF**

The Honorable Andrew L. Carter, Jr.
United States District Court,
Southern District of New York,
40 Foley Square,
New York, NY 10007

**Re: 1:24-cv-09978-ALC — *Shaykhoun v. The Daily Mail, et al.* — Plaintiff's Letter-Motion Requesting Permission to File a Consolidated Omnibus Opposition Brief and Accompanying RICO Case Statement**

Dear Judge Carter:

I am the Plaintiff *Pro Se* in this matter. Pursuant to Paragraph 2(A) of Your Honor's Individual Practices, I respectfully write to seek leave (i) to file a single, consolidated Omnibus Opposition Brief responding to all Defendants, rather than filing four

separate responses, and (ii) to concurrently submit an accompanying RICO Case Statement as a clarifying evidentiary appendix. In the interest of judicial economy, I also request leave to enlarge the standard page limit to forty (40) pages for this unified submission, which is currently due on June 16, 2026.

Good cause authorizes this request. On May 12, 2026, the active Defendants (The Daily Beast Defendants, The Daily Mail Defendants, and The Independent Defendants, along with associated Counsel) filed three separate Motions to Dismiss totaling ninety (90) pages of overlapping briefing. Furthermore, on May 15, 2026, Counsel for The Daily Caller and The Daily Caller News Foundation filed a response styled as a "Response to Shaykhoun Filings Regarding Service and Time to Respond" (Dkt. 128). In that filing, despite protesting *inter alia* that their own clients, The Daily Caller and The Daily Caller News Foundation Defendants, have not yet been formally served, they explicitly joined the pending Motions to Dismiss submitted by the active Defendants. Specifically, they stated: "To the extent applicable, and without waiver of their own right (if they are served) to move for dismissal, the Daily Caller defendants join those three motions, which are incorporated herein by reference" (Dkt. 128, p. 2, ¶ 3).

Additionally, the Pillsbury Defendants have yet to file a Notice of Appearance on the docket ahead of their Wednesday, May 20, 2026, deadline to respond to the April 29, 2026, service. If and when Pillsbury submits a responsive pleading, its arguments will likely mimic those in the pending motions. If Pillsbury files a late response and/or a motion requiring independent treatment, I reserve the right to seek leave to address those specific issues separately.

Principles of judicial economy strongly favor consolidation. Because my Third Amended Complaint ("TAC") alleges an active, single, interconnected Association-in-Fact Enterprise spanning a 2019–2026 continuum, the factual infrastructure and legal predicates under 18 U.S.C. § 1962 are profoundly intertwined across all defendant groupings. While Defendants' moving papers rely on artificially isolating single events to manufacture an illusion of parallel conduct, my forthcoming RICO Case Statement will systematically chart the precise operational mechanics, funding nodes, and continuous timeline of the Enterprise, stripping away the defense's fictional narrative of independent action. Because these interconnected operational structures must ultimately be tested by discovery, providing the Court with this granular evidentiary matrix alongside my consolidated brief will streamline the record and demonstrate exactly why this litigation must proceed to the discovery phase. Requiring separate opposition briefs would result in substantial, repetitive text that would needlessly fragment the conspiracy narrative and burden the Court's active dockets. A single, 40-page Omnibus Opposition accompanied by a structured, granular RICO matrix is the most efficient mechanism to systematically dismantle ninety pages of defense arguments, saving the Court from reviewing redundant filings and conserving valuable judicial resources.

For clarity, I note that the Court's April 21, 2026, Scheduling Order (Dkt. 88) established a direct, bilateral briefing schedule following the completion of the Pre-Motion Conference letters (Dkt. 90). The Order requires me to file an Opposition on June 16, 2026. It does not mandate, nor do the Local Rules require, a meet-and-confer as a prerequisite to responding to an adversary's motion to dismiss.

Accordingly, to promote judicial economy and ensure a streamlined record, I respectfully request that the Court grant leave to file a single consolidated Omnibus Opposition Brief not to exceed forty (40) pages accompanied by a clarifying RICO Case Statement.

Respectfully submitted,

/s/ Sonya Shaykhoun

Sonya Shaykhoun, Esq.
*Plaintiff Pro Se*

CC: Defendants via ECF