

**RANDAZZA**
LEGAL GROUP

**Jay Marshall Wolman, JD**
Licensed in CT, MA, NY, DC

**19 May 2026**

Via CM/ECF
The Honorable Andrew L. Carter, Jr.
U.S. District Court, Southern District of New York
40 Foley Square, Room 444
New York, NY 10007

>    Re:    *Shaykhoun v. The Daily Mail et al. | Case No. 1:24-cv-09978-ALC*
>    *Response to Shaykhoun Letter (ECF No. 129)*

Dear Judge Carter:

We represent the Daily Caller and the Daily Caller News Foundation ("Daily Caller Defendants") in the above referenced case.  We are writing in response to the May 18, 2026, letter from Plaintiff seeking a consolidated opposition of no more than 40 pages to respond to the other Defendants' motions to dismiss and to file a RICO Case Statement.

Although our clients have not been served and are not, therefore, proper parties to the case, we nevertheless note as follows:  First, we take no position on the 40-page response request.  Second, we join the other Defendants' opposition to the request to file a RICO Case Statement (ECF No. 130).  Although Judges McMahon and Wood, for example, require such statements, Your Honor does not, and given that Plaintiff's hopeless RICO claim was filed in violation of the limited leave granted to amend, forcing the Defendants (including the Daily Caller Defendants, if they are ever served) to have to address such that statement would only serve to add unnecessary expense in responding to Plaintiff's futile and frivolous claims.[1]

Forcing unnecessary litigation expenses is the hallmark of a SLAPP suit and the Court should not further enable Plaintiff. Thank you for your attention to this matter.

Sincerely,

Jay M. Wolman (JW0800)
Randazza Legal Group, PLLC
100 Pearl St., 14th Floor
Hartford, CT 06103
Tel: (702) 420-2001
jmw@randazza.com

Charles Glasser, Esq.
Charles Glasser ESQ LLP
53 Valley Way
West Orange, NJ 07052
charlesglasseresq@gmail.com

cc:    All Appearing Parties (via CM/ECF)

---

[1] We respectfully ask that the Court, therefore exercise its discretion under FRCP 21 ("Misjoinder and Nonjoinder of Parties"). That rule states that "On motion or on its own, the court may at any time, on just terms, add or drop a party."