

Sonya Shaykhoun, Esq.
Law Offices of Sonya Shaykhoun, Esq.
825 West End Avenue,
New York, NY 10025
Email: sonya@shaykhounlaw.com
Tel: 929-996-5662

May 22, 2026

**VIA ECF**

Honorable Andrew L. Carter Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Re: *Shaykhoun v. The Daily Mail*, *et al.*, Case No. 1:2024-09978-ALC | Plaintiff's Reply to Pillsbury Winthrop Shaw Pittman LLP May 20, 2026, Request for Pre-Motion Conference (the "Pillsbury Letter")**

Dear Judge Carter:

I submit this brief response to the May 20, 2026, Pillsbury Letter filed by Defendant Pillsbury Winthrop Shaw Pittman LLP, wherein Pillsbury requests a stay of the schedule and a pre-motion conference. I respectfully oppose both requests as administratively premature, highly duplicative, and procedurally baseless.

As the Court is aware, the Ballard Spahr, Davis Wright Tremaine, and Stracher Defendants / Counsel have already filed overlapping substantive motions to dismiss, which the Daily Caller Defendants have formally adopted in their entirety. The fact that four separate defense factions successfully navigated the pleadings to formulate or adopt comprehensive Rule 12(b)(6) defenses empirically demonstrates that the core issues are well-defined.

If Pillsbury genuinely believed its defenses were straightforward and overlapping, it possessed the procedural mechanism to simply join the existing motions. By instead demanding a bespoke pre-motion conference and a customized delay of the schedule, Pillsbury is actively multiplying the proceedings and manufacturing unnecessary administrative burdens for the Court, which is a direct contravention of the mandate of Federal Rule of Civil Procedure 1 to secure "speedy and inexpensive" determination of this action. Their professed need for "clarification" is demonstrably a product of internal administrative dysfunction—previously evidenced by their inability to correctly identify the case caption in their initial notice of appearance—rather than genuine ambiguity in the pleadings.

Furthermore, Pillsbury's suggestion that a conference might "resolve deficiencies" is illusory. I do not contemplate any further amendments to the Third Amended Complaint; the overlapping defenses now require formal adjudication on the merits. Consequently, a pre-motion conference will not avert motion practice. It will merely serve. As an asymmetric discovery mechanism, granting Pillsbury an unearned oral preview of my consolidated legal architecture before they are required to commit their own Rule 12(b)(6) defenses to the docket.

To maximize judicial economy and permanently eliminate docket fragmentation, I am consolidating the response to all pending motions into a single, forthcoming Omnibus Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Reply Brief.")

The legal and factual arguments Pillsbury wishes to debate in an isolated conference are inextricably intertwined with the defenses already raised by their co-defendants. Convening a multi-party pre-motion conference at this juncture—pitting me against five separate defense factions in an unscripted forum prior to the submission of my Reply Brief—would be administratively inefficient and invite the same asymmetrical procedural chaos that has previously complicated this docket.

Furthermore, while Pillsbury attempts to invoke Section 2 of the Court's Individual Practices to secure an automatic stay of their deadline to respond, expanding this to a unilateral stay of the broader schedule is unwarranted where a defendant has yet to even docket a substantive motion for the Court to evaluate.

I respectfully request that the Court deny the procedurally deficient request for a stay and

defer any action on Pillsbury's request for a conference until the Court has the opportunity to review the forthcoming Omnibus Reply Brief.

Respectfully submitted,

/s/ Sonya Shaykhoun, Esq.

Sonya Shaykhoun, sq/