**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SONYA SHAYKHOUN, ESQ.,

        Plaintiff,

    v.

AL JAZEERA MEDIA NETWORK, et al.,
        Defendants.

Case No. 1:24-CV-09978-ALC

The Hon. Andrew L. Carter, Jr., U.S.D.J.

### MEMORANDUM OF LAW IN SUPPORT OF PILLSBURY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

Matthew D. Stockwell (Bar No. 4382081)
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, NY  10019
Phone: 212.858.1000
Fax: 212.881.9493
matthew.stockwell@pillsburylaw.com

*Counsel for Defendants Pillsbury Winthrop Shaw Pittman LLP and Edward Flanders*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS ......................................................................................................2

STANDARD.........................................................................................................................2

ARGUMENT........................................................................................................................3

    I.     The TAC Exceeds the Limited Leave to Amend Granted by the Court and
          Should Be Dismissed as to the Pillsbury Defendants...................................................3

    II.    Plaintiff's Section 1983 Count Fails to State a Claim Upon Which Relief
          May be Granted ........................................................................................................4

    III.   Plaintiff's Civil RICO Conspiracy Count Fails to State a Claim ............................7

        A.    Plaintiff Fails to Properly Plead a Conspiracy .............................................7

        B.    The TAC Fails to Plead Any Predicate Acts Necessary to Maintain
             a Civil RICO Claim.....................................................................................10

             i.     Wire Fraud ......................................................................................10

             ii.    Witness Tampering..........................................................................12

             iii.   Extortion.........................................................................................13

             iv.   Honest Services Fraud......................................................................13

    IV.   Plaintiff's Witness Intimidation Claim Fails as a Matter of Law ...........................14

    V.    Plaintiff Cannot Bring a Claim for Federal Witness Tampering...........................15

    VI.   Alternatively, The TAC Should Be Dismissed as to Edward Flanders as
          Plaintiff Does Not Allege any Specific Conduct By Mr. Flanders ........................16

CONCLUSION.....................................................................................................................17

CERTIFICATION .................................................................................................................18

i

# TABLE OF AUTHORITIES

Page(s)

Cases

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..............................................................................................................2, 3

*Azima v. Dechert LLP*,
No. 22-CV-8728 (PGG) (JW), 2024 WL 4665106 (S.D.N.Y. Sept. 26, 2024)........................12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................................................3

*Black v. Ganieva*,
619 F. Supp. 3d 309 (S.D.N.Y. 2022), *aff'd*, No. 22-1524-CV, 2023 WL 2317173 (2d
Cir. Mar. 2, 2023) ..................................................................................................... 9, 10, 12

*Bravo v. Established Burger One LLC*,
2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013) ...............................................................................4

*Cent. N.Y. Fair Bus. Ass'n v. Jewell*,
673 F. App'x 63 (2d Cir. 2016) ................................................................................................3

*Colony at Holbrook, Inc. v. Strata G.C., Inc.*,
928 F. Supp. 1224 (E.D.N.Y. 1996)........................................................................................10

*Contes v. City of N.Y.*,
1999 WL 500140 (S.D.N.Y. July 14, 1999) ............................................................................12

*Empire Merchants, LLC v. Reliable Churchill LLLP*,
No. 16CV5226ARRLB, 2017 WL 5559030 (E.D.N.Y. Mar. 16, 2017), *aff'd*, 902
F.3d 132 (2d Cir. 2018).........................................................................................................14

*Espire Ads LLC v. TAPP Influencers Corp.*,
655 F. Supp. 3d 223 (S.D.N.Y. 2023)........................................................................................8

*Farzan v. Bridgewater Associates, LP*,
699 Fed App'x 57 (2d Cir. 2017) ............................................................................................16

*First Capital Asset Management, Inc. v. Satinwood, Inc.*,
385 F.3d 159 (2d Cir. 2007) .....................................................................................................8

*First Nationwide Bank v. Gelt Funding Corp.*,
27 F.3d 763 (2d Cir. 1994).........................................................................................................3

*Flexborrow LLC v. TD Auto Fin. LLC*,
    255 F. Supp. 3d 406 (E.D.N.Y. 2017)..................................................................................10

*Goldfine v. Sichenzia*,
    118 F. Supp. 2d 392 (S.D.N.Y. 2000)....................................................................................7

*Gong v. Sarnoff*,
    2023 WL 4561800 (S.D.N.Y. July 17, 2023).........................................................................5

*United States v. Greenberg*,
    835 F.3d 295 (2d Cir. 2016) ................................................................................................12

*Gross v. Waywell*,
    628 F. Supp. 2d 475 (S.D.N.Y. 2009)..............................................................................11, 14

*Grunwald v. Bornfreund*,
    668 F. Supp. 128 (E.D.N.Y. 1987).......................................................................................10

*In re Hampton Transportation Ventures, Inc.*,
    No. 15-73837-AST, 2024 WL 3663204 (Bankr. E.D.N.Y. Aug. 2, 2024)..............................13

*Hemi Grp., LLC v. City of New York*,
    559 U.S. 1 (2010) ...............................................................................................................11

*Kim v. Kimm*,
    884 F.3d 98 (2d Cir. 2018)...................................................................................................12

*Kimm v. Chang Hoon Lee and Champ, Inc.*,
    2005 WL 89386 (S.D.N.Y. Jan. 13, 2005), *aff'd*, 196 F. App'x 14 (2d Cir. 2006)...........11, 12

*Laverpool v. New York City Transit Auth.*,
    760 F. Supp. 1046 (E.D.N.Y. 1991)...................................................................................9, 10

*Lewis v. Google LLC*,
    461 F. Supp. 3d 938 (N.D. Cal. 2020), *aff'd*, 851 F. App'x 723 (9th Cir. 2021)......................5

*Marciniak-Domingues v. Massachusetts Inst. of Tech.*,
    No. 1:22-CV-10959 (ALC) (SN), 2024 WL 4350826 (S.D.N.Y. Sept. 30, 2024)...................15

*Martin Hilti Fam. Tr. v. Knoedler Gallery, LLC*,
    386 F. Supp. 3d 319 (S.D.N.Y. 2019)....................................................................................7

*Martin v. Piotrowski*,
    No. 19CV1505PKCLB, 2019 WL 1517088 (E.D.N.Y. Apr. 8, 2019) ....................................15

*Massachusetts Bay Ins. Co. v. Sunrise Bldg. & Remodeling, Inc.*,
    225 F.R.D. 481 (S.D.N.Y. 2004)............................................................................................4

*McCray v. Patrolman N.A. Caparco*,
  761 F. App'x 27 (2d Cir. 2019) ..........................................................................................4

*Moore v. Guesno*,
  485 F. Supp. 2d 300 (W.D.N.Y. 2007) ...............................................................................8

*Palm Beach Strategic Income, LP v. Salzman*,
  457 F. App'x 40 (2d Cir. 2012) ..........................................................................................4

*Palomino Master Ltd. v. Credit Suisse Grp. AG*,
  2026 U.S. Dist. LEXIS 65327 (S.D.N.Y. Mar. 26, 2026) ..................................................8

*Patterson v. City of Utica*,
  370 F.3d 322 (2d Cir. 2004) ...............................................................................................6

*Pisano v. Mancone*,
  No. 08 CIV. 1045DC, 2009 WL 2337131 (S.D.N.Y. July 30, 2009) ..................................5

*Pitchell v. Callan*,
  13 F.3d 545 (2d Cir. 1994) .................................................................................................5

*Rene v. Citibank NA*,
  32 F. Supp. 2d 539 (E.D.N.Y. 1999) ..................................................................................3

*Salis v. Dopico*,
  2025 WL 880407 (2d Cir. Mar. 21, 2025) ........................................................................16

*Schmidt v. Fleet Bank*,
  16 F. Supp. 2d 340 (S.D.N.Y. 1998) ..................................................................................7

*Siyu Yang v. Ardizzone*,
  540 F. Supp. 3d 372 (W.D.N.Y. 2021) ...............................................................................5

*Skilling v. United States*,
  561 U.S. 358 (2010) ..........................................................................................................14

*Smith v. City of New York*,
  No. 23-CV-8229 (JLR) (RWL), 2025 WL 1983047 (S.D.N.Y. June 3, 2025) .............15, 16

*Spavone v. N.Y.S. Dep't of Corr. Servs.*,
  719 F.3d 127 (2d Cir. 2013) ...............................................................................................5

*Spear v. Town of W. Hartford*,
  954 F.2d 63 (2d Cir. 1992) .................................................................................................6

*Williams v. Long Beach Mortg. Co.*,
  2016 WL 5720810 (S.D.N.Y. Sept. 30, 2016*), aff'd on other grounds*, 709 F. App'x
  92 (2d Cir. 2018) ..............................................................................................................15

*Zahl v. Kosovsky*,
2011 WL 779784 (S.D.N.Y. Mar. 3, 2011), *aff'd on other grounds*, 471 F. App'x 34
(2d Cir. 2012)............................................................................................................... 15

## Constitutions

United States Constitution............................................................................................. 5

## Statutes and Codes

United States Code
Title 18, Section 1346 ............................................................................................. 14
Title 18, Section 1512 ............................................................................... 1, 2, 12, 15
Title 18, Section 1951 ............................................................................................. 13
Title 18, Section 1962(c).......................................................................................... 9
Title 18, Section 1962(d) ..................................................................................... 1, 10
Title 42, Section 1983 ...................................................................................... 1, 4, 5, 6
Title 42, Section 1985(2) ..................................................................................... 1, 14

## Rules and Regulations

Federal Rules of Civil Procedure
Rule 8 ........................................................................................................................ 3
Rule 8(a)(2)................................................................................................................ 3
Rule 9(b) .................................................................................................................. 10
Rule 12(b)(6)......................................................................................................... 1, 2
Rule 15(a)(1)............................................................................................................. 3

Defendants Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") and Edward Flanders (collectively, "Pillsbury Defendants") respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff's Third Amended Complaint (ECF Doc. No. 89) with prejudice, pursuant to Rule 12(b)(6).

## PRELIMINARY STATEMENT

Until the filing of her Third Amended Complaint ("TAC"), this litigation did not involve the Pillsbury Defendants. Following this Court's Order allowing Plaintiff to make limited amendments to her complaint, instead Plaintiff added entirely new claims and causes of action and also added as defendants the Pillsbury Defendants (and other current and former Partners of the firm). The TAC is difficult to decipher, but it appears that Plaintiff purports to assert four causes of action against the Pillsbury Defendants: (1) a 42 U.S.C. § 1983 claim, alleging all defendants acted under color of law by participating in joint activity with the State of Qatar ("Qatar") and the New York State Judiciary; (2) a Civil RICO conspiracy claim pursuant to 18 U.S.C. § 1962(d) alleging all defendants coordinated to extract "sovereign assets" and "shield those extractions from forensic audit"; (3) a claim for conspiracy to obstruct justice pursuant to 42 U.S.C. § 1985(2)), alleging that all defendants conspired to relegate the plaintiff to document review projects and to intimidate her into abandoning her role as a "whistleblower" in this matter; and (4) witness tampering pursuant to 18 U.S.C. § 1512.

Plaintiff's TAC exceeds the limited leave to amend granted by this Court, including naming the Pillsbury Defendants. Plaintiff's claims against the Pillsbury Defendants should be dismissed on this basis alone. Additionally, Plaintiff's claims fail to state a claim upon which relief may be granted. As more fully set forth below, the TAC provides no specificity or particularity as to what actions the Pillsbury Defendants took that could support any of the causes of action Plaintiff has brought. Plaintiff's Section 1983 claim fails because conspiring with a foreign government such

as Qatar does not satisfy the requirement that the Pillsbury Defendants must have acted under the "color of state law." Plaintiff also fails to plead a conspiracy between the Pillsbury Defendants and Qatar.

Plaintiff's civil RICO conspiracy claim also fails because Plaintiff does not allege with any specificity that Pillsbury conspired with any other party. The TAC does not allege that Pillsbury knowingly agreed to participate in a conspiracy or acted in furtherance of a conspiracy. Additionally, plaintiff fails to properly plead any of the predicate acts that could support a civil RICO claim. Next, Plaintiff's Section 1985 claim fails because the TAC fails to provide any factual basis supporting a meeting of the minds, and merely relies upon conclusory allegations of a conspiracy, which are insufficient as a matter of law.

Finally, Plaintiff's claim for witness tampering is simply not actionable, because 18 U.S.C. § 1512 is a criminal statute, and a plaintiff cannot pursue a civil cause of action unless the criminal statute at issue includes an express or implied private right of action – which it does not.

Accordingly, Plaintiff's TAC must be dismissed as a matter of law, and with prejudice.

## STATEMENT OF FACTS

The factual background and procedural history of this matter are set forth at length in the Memoranda of Law filed by the *Daily Mail* and Ballard Spahr Defendants (ECF Doc. No. 121), the Independent and Stracher Defendants (ECF Doc. No. 124) and the DWT Defendants (ECF Doc. No. 126). For the sake of brevity, the Pillsbury Defendants rely upon these co-defendants' Statement of Facts and Procedural History for purposes of the Pillsbury Defendants' Motion to Dismiss.

## STANDARD

To survive a Rule 12(b)(6) motion, a claim must have "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

2

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Mere "conclusions of law or unwarranted deductions of fact" need not be accepted as true. *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994) (citation omitted).

Rule 8 requires a plaintiff to provide a "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Courts "have consistently held that, where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541 (E.D.N.Y. 1999). *See also Cent. N.Y. Fair Bus. Ass'n v. Jewell*, 673 F. App'x 63, 65 (2d Cir. 2016) (complaint properly dismissed as to defendant where it "contained no allegations against him").

## ARGUMENT

### I.    The TAC Exceeds the Limited Leave to Amend Granted by the Court and Should Be Dismissed as to the Pillsbury Defendants

As a threshold matter, Plaintiff's claims against the Pillsbury Defendants should be dismissed because the TAC exceeds the limited scope of leave to amend granted by the Court. The Federal Rules of Civil Procedure permit a party to "amend its pleading once as a matter of course." Fed. R. Civ. P. 15(a)(1). After that, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* (a)(2). However, district courts in this Circuit have "routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission

3

granted." *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (collecting cases).

Here, Plaintiff exceeded the limited leave granted by the Court by using the TAC to add new defendants unrelated to the original defendants, as well as new factual theories, and causes of action far removed from the allegations previously before the Court. *See generally* TAC. Plaintiff's efforts directly contradict the Court's express directive granting Plaintiff only "leave to file an amended complaint as to the Section 1983 and declaratory relief claims." *See* Dkt. 75 at 21. Because Plaintiff neither sought nor obtained leave to assert new claims against newly added parties, the TAC is procedurally improper as to the Pillsbury Defendants and should be dismissed on that basis alone. *See e.g., Bravo v. Established Burger One LLC*, 2013 WL 5549495, at *5 (S.D.N.Y. Oct. 8, 2013) (dismissing newly asserted claims in the second amended complaint that are "totally different" and "on behalf of an entirely new class of" plaintiffs, where leave to amend was granted "only to add new parties on the same claims already asserted"); *McCray v. Patrolman N.A. Caparco*, 761 F. App'x 27 (2d Cir. 2019) (affirming a district court's "refusal to allow an amended complaint with fifty additional pages of allegations encompassing unrelated events occurring months and years later than those originally pleaded"); *Massachusetts Bay Ins. Co. v. Sunrise Bldg. & Remodeling, Inc.*, 225 F.R.D. 481, 483 (S.D.N.Y. 2004) (denying leave to amend to add a new defendant where plaintiff lacked colorable grounds for relief against the new defendant).

## II.     Plaintiff's Section 1983 Count Fails to State a Claim Upon Which Relief May be Granted

Plaintiff's TAC alleges that Pillsbury acted under color of law by "willfully participating in a joint venture with the state of Qatar" to execute what Plaintiff calls a "Market Erasure." (TAC, ¶ 16).  Plaintiff's Section 1983 cause of action also alleges joint activity with the New York State

4

Judiciary, but Plaintiff alleges no involvement by Pillsbury in the New York State Litigation. As a result of these purported activities, Plaintiff claims deprivation of her property interest in her professional standing and membership in the New York Bar. (TAC, ¶ 68).

In order to plead a Section 1983 claim, a plaintiff must allege conduct committed by a person acting under color of state law that deprived a person of rights, privileges, or immunities secured by the United States Constitution. *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). An individual defendant is not liable under Section 1983 absent personal involvement. *Pisano v. Mancone*, No. 08 CIV. 1045DC, 2009 WL 2337131, at *3 (S.D.N.Y. July 30, 2009). Indeed, personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under Section 1983. *Spavone v. N.Y.S. Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013).

Critically, acts by a foreign government and its officials cannot constitute conduct under color of state law pursuant to Section 1983. *Gong v. Sarnoff*, 2023 WL 4561800, at *7 (S.D.N.Y. July 17, 2023) (citing *Lewis v. Google LLC*, 461 F. Supp. 3d 938, 955-56 (N.D. Cal. 2020), *aff'd*, 851 F. App'x 723 (9th Cir. 2021)). *See also Siyu Yang v. Ardizzone*, 540 F. Supp. 3d 372, 380 (W.D.N.Y. 2021), *aff'd sub nom. Yang v. Eastman Sch. of Music*, No. 21-1482-CV, 2022 WL 1040418 (2d Cir. Apr. 7, 2022) (holding that a University's decision to rescind an offer of admission that was allegedly influenced by "Chinese communists" could not form the basis of a Section 1983 claim).

Accordingly, Plaintiff's claim that Defendants acted under color of state law by "willfully participating in a joint venture with the state of Qatar" is fatally defective and Plaintiff's first cause of action fails to state a claim as a matter of law.

Even if Plaintiff could show that Pillsbury acted under color of state law, the TAC fails to allege that Pillsbury acted *in concert* with Qatar.  Rather, the TAC alleges Pillsbury <u>deprived</u> Qatar of "honest services" and <u>defrauded</u> Qatar by allegedly concealing that one of its attorneys was not licensed in Jordan. (TAC ¶ 62, 75).  The only assertion of joint participation is that Pillsbury is a registered agent for the State of Qatar, performing "public policy" functions "entwined" with state authority. (TAC ¶ 7).  Although it is not exactly clear what that means, what is clear is that there is no allegation in the TAC that Pillsbury acted in concert with Qatar, to do anything.  And although paragraph 16 of the TAC baldly alleges a "joint venture" between Pillsbury and Qatar, the TAC fails to offer any factual background or information of what this supposed joint venture consisted of, who was involved, or what the purpose of the joint venture was, again citing to Pillsbury's status as a registered foreign agent of Qatar. (TAC, ¶ 17).  Thus, plaintiff fails to plead state action, requiring dismissal of her Section 1983 claim.  *Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992).

Finally, as more fully set forth in the Memorandum of Law filed by the *Daily Mail* and Ballard Spahr Defendants (ECF Doc. No. 121, pp. 14-15), Plaintiff's claim that her reputation was damaged is not sufficient to maintain a cause of action under Section 1983.  *Patterson v. City of Utica*, 370 F.3d 322, 329-30 (2d Cir. 2004).  The TAC also does not identify any facts that even come close to suggesting the Pillsbury Defendants participated in the "Karen" narrative, or that any actions the Pillsbury Defendants purportedly took had any impact upon Plaintiff's law license or reputation.  Plaintiff merely alleges that Pillsbury "shielded" an unlicensed Jordanian lawyer, but offers no logical connection to that alleged act and any impact upon Plaintiff.

Accordingly, Count I of the TAC should be dismissed as a matter of law.

### III.     Plaintiff's Civil RICO Conspiracy Count Fails to State a Claim

The thrust of Plaintiff's TAC can generally be characterized as Plaintiff's attempt to recover "for a coordinated Market Erasure via a seven-year-long continual press assault triggered by Plaintiff's 2019 attempt to expose her former colleague's lack of Jordanian law license." (TAC ¶ 2). As to Pillsbury, Count II of the TAC alleges Pillsbury provided the "'white shoe' institutional membrane required to sanitize the $Trillion extraction." (TAC ¶ 71). The predicate acts in support of Plaintiff's Civil RICO claim consist of allegations of wire fraud (by misrepresenting Mr. Abu Dehays' Jordanian law license) and inducements to secure "million-dollar legal mandates and partnership salaries" (TAC ¶ 72), witness tampering ( TAC ¶73), extortion (TAC ¶ 74) and honest services fraud (TAC ¶ 75), which Plaintiff calls the "Oxford Fabrication."

Courts scrutinize Civil RICO claims to ensure that the statute is used for the purposes intended by Congress. *Goldfine v. Sichenzia*, 118 F. Supp. 2d 392, 397 (S.D.N.Y. 2000). "[C]ivil RICO is an unusually potent weapon – the litigation equivalent of a thermonuclear device. Because the mere assertion of a RICO claim . . . has an almost inevitable stigmatizing effect on those named as defendants, . . . courts should strive to flush out frivolous RICO allegations at an early stage of the litigation." *Schmidt v. Fleet Bank*, 16 F. Supp. 2d 340, 346 (S.D.N.Y. 1998) (citations omitted). Plaintiff's RICO claim. cannot withstand that scrutiny.

#### A.     Plaintiff Fails to Properly Plead a Conspiracy

To establish a conspiracy to violate the civil RICO statute, a plaintiff must prove: (1) that there existed a conspiracy to commit acts that, if successful, would constitute a substantive civil RICO violation; (2) that defendant agreed to join in, and knowingly participated in, that conspiracy; and (3) that defendant acted in furtherance of the conspiracy in some manner (although not necessarily by the commission of any RICO predicate acts himself). *Martin Hilti Fam. Tr. v. Knoedler Gallery, LLC*, 386 F. Supp. 3d 319, 340 (S.D.N.Y. 2019). The defendants alleged to be

7

members of the enterprise unit must share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve their goal. *First Capital Asset Management, Inc. v. Satinwood, Inc.*, 385 F.3d 159, 174 (2d Cir. 2007). "Conclusory allegations of agreements to violate RICO are insufficient to state a RICO conspiracy claim." *Espire Ads LLC v. TAPP Influencers Corp.*, 655 F. Supp. 3d 223, 257 (S.D.N.Y. 2023). *See also Palomino Master Ltd. v. Credit Suisse Grp. AG*, 2026 U.S. Dist. LEXIS 65327, at *40 (S.D.N.Y. Mar. 26, 2026) (dismissing RICO conspiracy claim where pleading failed to allege "any facts suggesting when the alleged agreement was formed, what its terms were, or how any particular defendant manifested assent to it").

Here, Plaintiff does not allege with any specificity that the Pillsbury Defendants conspired with any other party. The TAC is devoid of any assertion that the Pillsbury Defendants knowingly agreed to participate in a conspiracy or acted in furtherance of the conspiracy. There is no mention of what was agreed to, by whom, and any timeframe of such agreement. The TAC rests purely upon conclusory allegations and speculation, which is insufficient to survive a motion to dismiss as a matter of law. *Espire*, 655 F. Supp. 3d. at 257. *See also Moore v. Guesno*, 485 F. Supp. 2d 300, 302 (W.D.N.Y. 2007) (dismissing plaintiff's complaint for failing to demonstrate injuries derived from defendant's acts that establish definition of pattern of racketerring activity or of an enterprise, and noting that the injury complained of must be a direct result of the alleged RICO violation, and not the result of a non-RICO violation or some other intervening action, and the injury must be reasonably foreseeable.) In *Moore*, the court found that plaintiff failed to allege a sufficient pattern of racketeering activity because the predicate acts alleged were "nothing more than isolated incidents involving different combinations of [defendants] at different times over the course of more than ten years. *Id*. at 307. Accordingly, there was nothing to suggest that the

8

predicate acts were sufficiently "related" to state a claim under RICO. *Id*. Because plaintiffs failed to state a claim under 1962(c), the RICO conspiracy claim also failed. Id. at 208. Moreover, the court further noted that the complaint did not allege a RICO conspiracy with sufficient particularity because it did not contain any allegations of an agreement between each of the defendants to commit at least two predicate acts. Instead, plaintiff alleged in conclusory fashion that "Defendants were associated with each other through the enterprise, and agreed and conspired to violate 18 U.S.C. 1962(c); that is, they agreed to conduct and participate, directly and indirectly, in the affairs of the enterprise through a pattern of racketeering activity." *Id*. at 309.

Moreover, to establish a RICO conspiracy, a civil plaintiff must demonstrate the alleged coconspirators knew about and agreed to facilitate a pattern of racketeering activity. *Black v. Ganieva*, 619 F. Supp. 3d 309, 329 (S.D.N.Y. 2022), *aff'd*, No. 22-1524-CV, 2023 WL 2317173 (2d Cir. Mar. 2, 2023). In evaluating whether a complaint pleads the required association, courts examine factors including:

> (i) whether members of the alleged enterprise have interpersonal relationships; (ii) where the members are located, and whether the complaint explains how they came to an agreement to act together or how they knew one another; (iii) whether the members are symbiotic—in other words, whether they depend on one another, act to benefit one another, or rely on one other's activities; and (iv) whether the alleged predicate acts could be accomplished without the assistance of the other members of the alleged enterprise.

*Id*. at 334.

Here, the TAC contains <u>no</u> factual assertions that the defendants have interpersonal relationships, how they supposedly came to an agreement to act together or how they knew one another, whether they depend upon one another, and whether the alleged predicate acts could be accomplished without the assistance of other members. Thus, the TAC fails to state a claim upon which relief may be granted. *Id*. at 335. *See also Laverpool v. New York City Transit Auth.*, 760

9

F. Supp. 1046, 1060 (E.D.N.Y. 1991)[1] ("Bare or conclusory allegations of participation in a conspiracy under section 1962(d) will not avail on a motion to dismiss, and the plaintiff must plead allegations that each defendant knowingly agreed to participate in the conspiracy, particularly when the predicate acts alleged are fraud.") (citing *Grunwald v. Bornfreund*, 668 F. Supp. 128, 133 (E.D.N.Y. 1987)).

> B.     The TAC Fails to Plead Any Predicate Acts Necessary to Maintain a Civil RICO Claim

None of the acts Plaintiff alleges constitutes a predicate act under RICO. As set forth above, the predicate acts are alleged to consist of wire fraud and inducements to secure "million-dollar legal mandates and partnership salaries" (TAC ¶ 72), witness tampering (TAC ¶ 73), extortion (TAC ¶ 74) and honest services fraud (TAC ¶ 75). These acts are addressed in turn.

> i.     Wire Fraud

"When alleging fraudulent activities as predicate acts for a RICO claim, a plaintiff must satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b) by "(1) specify[ing] the statements that the plaintiff contends were fraudulent, (2) identify[ing] the speaker, (3) stat[ing]where and when the statements were made, and (4) explain[ing] why the statements were fraudulent." *Flexborrow LLC v. TD Auto Fin. LLC*, 255 F. Supp. 3d 406, 420 (E.D.N.Y. 2017). "A complaint must also identify the purpose of the allegedly fraudulent communication within the defendant's fraudulent scheme and facts that give rise to a strong inference of fraudulent intent." *Black*, 619 F. Supp. 3d at 342 (cleaned up). If there are multiple defendants involved, the plaintiff must connect the allegations of fraud to each individual defendant. *Flexborrow*, 255 F. Supp. 3d at 420 (citing *Colony at Holbrook, Inc. v. Strata G.C., Inc.*, 928 F. Supp. 1224, 1231 (E.D.N.Y.

---

[1] In *Laverpool*, the court held that it was not clear from the face of the plaintiff's pleading how, or even if, each defendant participated in the alleged conspiracy to violate RICO, and the extent and nature of the roles of each of the defendants. The TAC here is similarly deficient.

1996)).  Reliance upon mail or wire fraud as predicate offenses demands greater specificity in the pleadings, including details regarding the alleged predicate acts in which each particular defendant was involved or had responsibility.  *Gross v. Waywell*, 628 F. Supp. 2d 475, 495-96 (S.D.N.Y. 2009).

Plaintiff alleges the Enterprise used a "Succession of Misrepresentations regarding Osama's purported Jordanian law license and the apparent 'Oxford Fabrication' (Exhibit V) as material inducements to secure multi-million-dollar legal mandates and partnership salaries." (TAC ¶ 72).  The only specifics given are that a Pillsbury employee transmitted "fraudulent licensure data about Osama . . . to suppress the audit (Exhibit P)."  The "Enterprise" then supposedly used these electronic transmissions to publish an August 3, 2019 "hit piece" to "chill" Plaintiff's testimony. (TAC ¶ 53).

Here, Plaintiff alleges the communication concerning Mr. Abu-Dehays's Jordanian law license were made to a reporter named Luke Rosiak (TAC ¶ 56 and Ex. P).  But Mr. Rosiak is alleged to be a co-conspirator, and Plaintiff fails to explain how this internal communication had any relationship to any scheme related to the Plaintiff, how it could possibly harm the Plaintiff,[2] or how the statement was even fraudulent.  In fact, Plaintiff does not suggest why Mr. Abu-Dehays's Jordanian law license is allegedly invalid.  Plaintiff does not allege that Pillsbury took any specific steps to quell Plaintiff's supposed "whistleblowing."  Finally, Plaintiff does not allege that the communication from Mr. Hyams to Mr. Rosiak was *knowingly* fraudulent, and that is fatal

---

[2] Plaintiff also does not allege that the Pillsbury Defendants communicated to Mr. Rosiak to "obtain money or property" or that Plaintiff was "induced to part with anything of value as a result," rendering her wire fraud claim defective. *Kimm v. Chang Hoon Lee and Champ, Inc.*, 2005 WL 89386, at *4 (S.D.N.Y. Jan. 13, 2005), *aff'd*, 196 F. App'x 14 (2d Cir. 2006).  Where an alleged RICO violation is predicated on acts of fraud, a plaintiff must allege that the defendant's acts were not only the *but for* cause of the plaintiff's injury, but the *proximate cause* as well.  *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 8 (2010).

to a wire fraud claim.  *See United States v. Greenberg*, 835 F.3d 295, 305-306 (2d Cir. 2016) (wire fraud statute "demands a showing that the defendant possessed a fraudulent intent") (citation omitted).  Thus, wire fraud cannot be a predicate act for Plaintiff's Civil RICO claim against the Pillsbury Defendants.

ii.    Witness Tampering

Plaintiff's sole allegation concerning witness tampering is that the "Enterprise" executed a coordinated campaign of witness neutralization, including the "Karen" script and the March 2, 2026, Post-Order Insult (the Reason.com article), to discourage Plaintiff's participation in federal proceedings.  It is not clear in what specific acts Plaintiff alleges the Pillsbury Defendants participated, but what is clear is that Pillsbury had nothing to do with the supposed "Karen" script or the March 2, 2026 publication of the *Reason* article, and the TAC does not allege the contrary. Thus, Plaintiff fails to plead witness tampering against the Pillsbury Defendants.

Moreover, it is well-settled that publications do not give rise to actionable RICO claims, as "[d]efamation is not a predicate act." *Contes v. City of N.Y.*, 1999 WL 500140, at *8 (S.D.N.Y. July 14, 1999); *see Kimm v. Lee*, 2005 WL 89386, at *5 (S.D.N.Y. Jan. 13, 2005) (same, collecting cases), *aff'd*, 196 F. App'x 14 (2d Cir. 2006).  In addition, courts routinely reject claimed predicate acts based on litigation activities, s*ee Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018), including the feeding of a media narrative concerning a lawsuit to the press, *Black*, 619 F. Supp. 3d at 344-45.

More importantly, where there is no "official proceeding" pending at the time of the alleged actions that support witness tampering, there can be no claim for witness tampering pursuant to 18 U.S.C. § 1512.  *Azima v. Dechert LLP*, No. 22-CV-8728 (PGG) (JW), 2024 WL 4665106, at *24 (S.D.N.Y. Sept. 26, 2024).  Plaintiff's TAC fails to identify any actions taken by Pillsbury during the pendency of any official proceeding that could constitute an attempt to influence, delay, or

12

prevent the testimony of any person, and therefore fails to meet the elements of a claim for witness tampering.

### iii.    Extortion

Pursuant to 18 U.S.C. § 1951, it is a crime to obstruct, delay, or affect commerce or the movement of any article or commodity in commerce, by robbery or extortion. Extortion is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951.

Plaintiff's claim for a predicate act of extortion rests entirely on the allegation that Plaintiff was provided with a $0.00 release (put differently, a "walk-away settlement offer) coupled with the threat of professional disparagement, "to force a legal surrender for no consideration." (TAC ¶ 74). Plaintiff does not allege that she was deprived of any property as a result of this offer. Moreover, routine settlement offers do not give rise to extortion claims. *In re Hampton Transportation Ventures, Inc.*, No. 15-73837-AST, 2024 WL 3663204, at *8 (Bankr. E.D.N.Y. Aug. 2, 2024). Further, as set forth in the *Daily Mail* and Ballard Spahr Defendants' Memorandum of Law (ECF Doc. No. 121, p. 19), litigation activities are not a basis for RICO liability. But even if Plaintiff could properly plead a predicate act of extortion, the TAC does not allege Pillsbury had any role in connection with these litigation activities[3] and pleads no specific facts that would support a claim of extortion pursuant to 18 U.S.C. § 1951. Therefore, it cannot serve as a predicate act under RICO.

### iv.    Honest Services Fraud

Plaintiff alleges that, by shielding an allegedly unlicensed lawyer, Pillsbury deprived the "Sovereign" of its right to the "Honest Services" of a legitimate professional, "a specific fraud that

---

[3] Pillsbury was not a party to the litigation at the time Plaintiff was offered a release.

anchored the $Trillion extraction," in violation of 18 U.S.C. § 1346. (TAC ¶ 75).  But Section 1346 "covers only bribery and kickback schemes." *Skilling v. United States*, 561 U.S. 358, 368 (2010). The TAC does not allege that Pillsbury was part of any bribery or kickback scheme, and therefore 18 U.S.C. § 1346 cannot serve as a predicate act for Plaintiff's RICO claim, as a matter of law.

Moreover, Plaintiff was aware that Mr. Abu-Dehays allegedly did not have a license to practice law in Jordan as of July 20, 2019, when she sent an email to the SRA. (TAC ¶ 57).  Plaintiff alleges the media campaign against her began no later than August 3, 2019 when the Daily Caller published a "hit piece." (TAC ¶ 37, 56).  Plaintiff then communicated with John Hawley and accused him of being paid off by Mr. Abu-Dehays in October 2019 (TAC ¶ 56). Plaintiff thus was aware of any alleged injuries as a result of Pillsbury's deprivation of the "Sovereign" of its right to "Honest Services" more than four years before her Complaint was filed in December, 2024, and more than five years before naming Pillsbury as a defendant.  Therefore, 18 U.S.C. § 1346 cannot serve as the basis for a predicate act, as it is barred by the four-year statute of limitations.  *Gross v. Waywell*, 628 F. Supp. 2d 475, 500 (S.D.N.Y. 2009).

Plaintiff, having failed to properly plead any predicate act that could form the basis of a Civil RICO claim, has failed to state such a claim and Count II should be dismissed as a matter of law.

## IV.    Plaintiff's Witness Intimidation Claim Fails as a Matter of Law

It is a violation of 42 U.S.C. § 1985(2) for two or more persons to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein.  To maintain a Section 1985 claim, a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end. *Empire Merchants, LLC*

14

*v. Reliable Churchill LLLP*, No. 16CV5226ARRLB, 2017 WL 5559030, at *19 (E.D.N.Y. Mar. 16, 2017), *aff'd*, 902 F.3d 132 (2d Cir. 2018).  Such conclusory allegations of a conspiracy do not suffice any more than they do for Plaintiff's  RICO claim.  *See Williams v. Long Beach Mortg. Co.*, 2016 WL 5720810, at *7 (S.D.N.Y. Sept. 30, 2016*)* (collecting cases), *aff'd on other grounds*, 709 F. App'x 92 (2d Cir. 2018).

Plaintiff does not plead that the Pillsbury Defendants had any part in the "Walk-Away Settlement Offer," much less an agreement with any of the other defendants to prevent Plaintiff from testifying in this case.  Plaintiff also fails to plead "force, intimidation, or threat," as the allegations in support consist only of a settlement offer that Plaintiff did not accept, and an article critical of her loss in court. (TAC ¶¶ 11, 24, 29, 62).  *See Marciniak-Domingues v. Massachusetts Inst. of Tech.*, No. 1:22-CV-10959 (ALC) (SN), 2024 WL 4350826, at *17 (S.D.N.Y. Sept. 30, 2024) (dismissing Complaint where plaintiff failed to allege that defendants conspired to interfere with any federal proceeding and obstruct justice through intimidation).

Count III therefore fails to state a claim upon which relief may be granted.

## V.     Plaintiff Cannot Bring a Claim for Federal Witness Tampering

Count IV of the TAC attempts to bring a cause of action for witness tampering under 18 U.S.C. § 1512 as a result of the publication of the article in Reason.com describing Plaintiff's loss in court. (TAC ¶ 82).  Section 1512 is part of the Criminal Code, and violations of the Criminal Code may not serve as the basis for a civil cause of action unless the statute includes an express or implied private right of action, which Section 1512 does not.  *Martin v. Piotrowski*, No. 19CV1505PKCLB, 2019 WL 1517088, at *3 (E.D.N.Y. Apr. 8, 2019).  *See also Zahl v. Kosovsky*, 2011 WL 779784, at *10 (S.D.N.Y. Mar. 3, 2011), *aff'd on other grounds*, 471 F. App'x 34 (2d Cir. 2012) (no private right of action pursuant to Section 1512) and *Smith v. City of New York*, No. 23-CV-8229 (JLR) (RWL), 2025 WL 1983047, at *14 (S.D.N.Y. June 3, 2025), *report and*

15

*recommendation adopted*, No. 1:23-CV-08229 (JLR) (RWL), 2025 WL 2022534 (S.D.N.Y. July 18, 2025), *appeal dismissed* (Oct. 9, 2025), *reconsideration denied*, No. 1:23-CV-08229 (JLR) (RWL), 2025 WL 2200074 (S.D.N.Y. Aug. 1, 2025) ("There is no private cause of action under the statute criminalizing the obstruction of justice.") (citing *Farzan v. Bridgewater Associates, LP*, 699 Fed App'x 57, 58 (2d Cir. 2017)).

Accordingly, Count IV fails to state a claim upon which relief may be granted.

## VI.     Alternatively, The TAC Should Be Dismissed as to Edward Flanders as Plaintiff Does Not Allege any Specific Conduct By Mr. Flanders

Plaintiff named as defendants Pillsbury Partner Edward Flanders, along with Pillsbury partners David Dekker and  Osama Abu Dehays, retired Pillsbury partner Edward Perron, and former Pillsbury partner Debra Erni.  To date, the only one of the five that Plaintiff has served with process is Mr. Flanders. The only allegation in the Complaint as to Mr. Flanders is that Plaintiff emailed Mr. Flanders, among others, about Mr. Abu Dehays, and that rather than investigate Plaintiff's allegations, ***Pillsbury*** engaged in "conscious avoidance" to "protect its Qatari billable relationship." (TAC ¶ 54).  Mr. Flanders' name does not appear anywhere else in the TAC, nor does the TAC contain any specific allegations concerning any actions or inactions on Mr. Flanders' part that could form the basis of any of the causes of action brought by Plaintiff.  Because Plaintiff fails to allege how or why Mr. Flanders violated the law or injured Plaintiff, all claims against him should be dismissed.  *Salis v. Dopico*, 2025 WL 880407, at *2 (2d Cir. Mar. 21, 2025) (summary order) (claim properly dismissed where party was named "as a defendant in the caption but fails to include any allegations that indicate how [it] violated the law or injured [the plaintiff"), *cert. denied*, 146 S. Ct. 184 (2025).

**CONCLUSION**

Based upon the foregoing, the Pillsbury Defendants respectfully requests that this Court dismiss the claims in TAC against them in their entirety, with prejudice, and grant such other and further relief as the Court deems appropriate.

Dated: New York, New York
June 16, 2026

/s/ Matthew D. Stockwell
Matthew D. Stockwell (NY Bar ID 4382081)
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, NY  10019
Phone: 212.858.1000
Fax: 212.881.9493
matthew.stockwell@pillsburylaw.com
*Counsel for Defendants Pillsbury Winthrop Shaw Pittman LLP and Edward Flanders*

17

**CERTIFICATION**

Under Local Civil Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I certify that, excluding the caption, table of contents, table of authorities, signature block, and this certification, the foregoing memorandum of law contains 5,353 words.  In preparing this certification, I have relied on the word count of the Microsoft Word processing system used to prepare this memorandum of law.

Dated: New York, New York
       June 16, 2026                                /s/ Matthew D. Stockwell
                                              Matthew D. Stockwell