UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x
                                                                 :

SONYA SHAYKHOUN, ESQ.,                         :

                                                               :

                                    Plaintiff,       :   Case No. 1:24-CV-9978-ALC

v.                                          :

                                                               :

THE DAILY MAIL, DAILYMAIL.COM,         :
DAILY MAIL AND GENERAL TRUST PLC ("DMGT"), :
NOA HALFF, THE DAILY BEAST COMPANY LLC   :
("TDB"), AMANDA J. MCDOUGALL (A/K/A AK   :
MCDOUGALL), BEN SHERWOOD, JOANNA COLES,  :
IAC INC. ("IAC"), TRACY CONNOR, BARRY DILLER, :
BEVAN HURLEY, THE INDEPENDENT, GEORGIE  :
GREIG, LOUISE THOMAS, RICHARD BEST     :

                                                               :

                                    Defendants.   :
------------------------------------------------------------------------- x

### REPLY MEMORANDUM OF LAW IN SUPPORT OF
### THE INDEPENDENT DEFENDANTS' AND STRACHER DEFENDANTS'
### MOTION TO DISMISS

In her Memorandum of Law in response to The Independent Defendants' and Stracher

Defendants' Motion to Dismiss ("Resp."), Plaintiff fails to save her baseless RICO claim and

entirely abandons her Section 1983, conspiracy to obstruct justice, and standalone 18 U.S.C. §

1512 claims against The Independent Defendants and Stracher Defendants.  As with the Third

Amended Complaint, the Response focuses on alleged conduct that did not involve The

Independent Defendants or The Stracher Defendants and does not plausibly connect these

Defendants to her fantastical conspiracy theory.  Because Plaintiff cannot overcome The

Independent Defendants' and Stracher Defendants' showing that Plaintiff has failed to allege a

cause of action against them, Plaintiff's Third Amended Complaint should be dismissed with

prejudice.

1

I.  **PLAINTIFF DOES NOT DISPUTE THAT SHE HAS FAILED TO PLEAD A SECTION 1983 CLAIM AGAINST THE INDEPENDENT DEFENDANTS AND STRACHER DEFENDANTS.**

In her Response, Plaintiff does not address the fact that The Independent Defendants and the Stracher Defendants are private parties and have not acted under color of state law. *See* Resp. 37–40. Instead, Plaintiff merely reasserts that the invocation of the New York anti-SLAPP statute by defendants in the New York State Action constituted state action but still does not dispute that The Independent Defendants and Stracher Defendants were not parties to or counsel in that action. *See id.* Thus, Plaintiff has waived her argument in opposition to dismissal of the Section 1983 claim against The Independent Defendants and Stracher Defendants, and the claim should be dismissed against them with prejudice. *See BYD Co. Ltd. v. VICE Media LLC*, 531 F. Supp. 3d 810, 819 (S.D.N.Y. 2021), *aff'd*, No. 21-1097, 2022 WL 598973 (2d Cir. Mar. 1, 2022) ("[Plaintiff's] failure to oppose Defendants' specific argument in a motion to dismiss is deemed waiver of that issue.") (citation omitted); *Adams v. New York State Educ. Dep't*, 752 F. Supp. 2d 420, 426 (S.D.N.Y. 2010), *aff'd sub nom. Ebewo v. Fairman*, 460 F. App'x. 67 (2d Cir. 2012), *cert. denied sub nom.*, *Cruz v. New York State Bd. of Educ.*, 568 U.S. 943 (2012) (dismissing the plaintiffs' claims as abandoned where "[the plaintiffs' opposition] papers fail[ed] to address substantive grounds raised by the [d]efendants' motions [to dismiss], thereby supporting a finding that the underlying claims have been abandoned.").

II.  **PLAINTIFF CANNOT PLAUSIBLY PLEAD A RICO CONSPIRACY CLAIM.**

Plaintiff fails to overcome The Independent Defendants' and Stracher Defendants' showing that Plaintiff has not, and cannot, plead a RICO conspiracy claim against them. Without citing to the TAC, Plaintiff's Response relies on unsubstantiated claims and introduces new theories in an attempt to save her RICO claim, *see* Resp. 11–32, but still does not plausibly allege the existence of an enterprise or agreement involving The Independent Defendants or

2

Stracher Defendants or plausibly allege that they participated in racketeering activity.[1] *Williams v. Affinion Grp., LLC*, 889 F.3d 116, 124 (2d Cir. 2018) (recognizing that to state a claim under 18 U.S.C. § 1962(c), a plaintiff must allege the existence of a RICO enterprise and that defendants participated in a "pattern" of "racketeering activity" and "to state a RICO conspiracy, a plaintiff must allege the existence of an agreement to violate RICO's substantive provisions.") (quotation omitted).

A.    **Plaintiff Cannot Demonstrate A Relationship Between Defendants.**

As Plaintiff admits, to satisfy the enterprise element of a substantive RICO claim she must show a relationship among those associated with the enterprise and that they shared a common purpose.  Resp. 12; *see also Black v. Ganieva*, 619 F. Supp. 3d 309, 330 (S.D.N.Y. 2022), *aff'd*, No. 22-1524-CV, 2023 WL 2317173 (2d Cir. Mar. 2, 2023) (recognizing that to qualify as a RICO enterprise there must be a "relationship[ ] among those associated with the enterprise" and the association must share a common purpose).  Similarly, to state a RICO conspiracy claim, a plaintiff must allege "the existence of an agreement to violate RICO's substantive provisions." *Williams*, 889 F.3d at 124.  In her Response, Plaintiff still fails to allege facts that show an interpersonal relationship, agreement, common purpose, or communication of any kind between the AJMN and Pillsbury enterprise "core" and The Independent Defendants and/or the Stracher Defendants. *See, gen*. Resp. 11–16.  Rather, Plaintiff maintains that an association amongst the Defendants is "definitively plausible" because of the similar timing of the Articles, the similarity of Defendants' Motions to Dismiss and their joint submissions to the

---

[1] The facts and exhibits outside of the TAC that Plaintiff relies on in her response should not be considered by the Court in ruling on Motion to Dismiss. *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (cautioning that a district court may not consider materials outside the pleadings submitted by plaintiff in response when ruling on a motion to dismiss).

Court, and the use of "legal blogs" and a settlement offer made after the dismissal of her Second Amended Complaint. *Id.* at 12.

Plaintiff's argument is meritless on its face. First, when multiple outlets report on the viral response to a social media post, *see* Memorandum in Support of Motion to Dismiss (ECF 124) ("Mem.") 2, the resulting articles would logically be published around the same time. Second, Plaintiff's contention that similar legal arguments, joint filings, and a joint settlement offer evidence a RICO enterprise is improperly raised for the first time in her Response, *see Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 500 (S.D.N.Y. 2015) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.") (citation omitted), and ignores the obvious explanation that Plaintiff has put the Media Defendants in a similar legal position by asserting the same claims against them. Third, Plaintiff has not alleged that The Independent Defendants or the Stracher Defendants were involved with the "post-Order . . . legal blogs." Resp. 13; TAC ¶ 24. Finally, even if these allegations demonstrated an association, it would not connect the Media Defendants to AJMN and Pillsbury and still does not demonstrate that all Defendants shared a common purpose to act unlawfully. *See* Mem. 10–12. Because Plaintiff cannot show either the required element of an enterprise for a substantive RICO violation, or the required element of an agreement for a RICO conspiracy claim, Plaintiff's RICO claim should be dismissed. *See* Mem 10–12, 15–16.

### B. None Of The Independent Defendants' or Stracher Defendants' Alleged Actions Amount To Racketeering Activity.

With the benefit of a Response, Plaintiff still cannot identify any racketeering activities committed by The Independent Defendants or Stracher Defendants. As with the TAC, the Response does not tie The Independent Defendants to any alleged racketeering activity aside from their participation in the "Karen script." *See* Resp. 17, 23–24. To the extent that Plaintiff

now argues that the publication of the Articles amounted to wire fraud, her argument has been squarely rejected by courts in this circuit.  *See Zappin v. Schorr*, No. 22-CV-2034 (ER), 2023 WL 2601578, at *10 n. 10 (S.D.N.Y. Mar. 22, 2023), *aff'd sub nom. Zappin v. Cooper*, No. 23-671, 2024 WL 3250475 (2d Cir. July 1, 2024) (dismissing RICO claim premised on wire fraud because "allegations that a defendant sought to harm a legal practice by making purported false statements do not plead a scheme with the object of obtaining money or property."); *Broccoli v. Ashworth*, No. 21-CV-6931 (KMK), 2023 WL 2664770, at *19 (S.D.N.Y. Mar. 28, 2023) ("It is well-established . . . that reputational harm alone, cannot support a claim for mail or wire fraud."); *Hollander v. Pressreader, Inc.*, No. 19-CV-2130 (AJN), 2020 WL 2836189, at *4 (S.D.N.Y. May 30, 2020) ("[Plaintiff's] wire fraud allegations are—at best—thinly clothed defamation claims. And it is firmly established that defamation and many other similar allegations do not provide the requisite predicate for RICO violations.") (internal marks omitted); *United States v. Ferrara*, 701 F. Supp. 39, 43 (E.D.N.Y. 1988), *aff'd*, 868 F.2d 1268 (2d Cir. 1988) ("[I]f one's reputation—standing alone—could be construed as property, then any ordinary defamation action could be brought under the mail fraud statute—a startling proposition.").[2]

Plaintiff's remaining racketeering allegations also fall short.  In regard to witness tampering under 18 U.S.C. § 1512, Plaintiff still does not identify an official proceeding that the Articles would have influenced or explain how a routine settlement offer amounted to a threat that would have prevented or influenced her testimony in a proceeding.  *See* Resp. 17–19; Mem.

---

[2] Plaintiff's reliance on *Haddle v. Garrison*, 525 U.S. 121 (1998), is misplaced.  Resp. 25–28.  The Court in *Haddle* found that "third-party interference with at-will employee relationships" could create a compensable injury, 525 U.S. at 126, not that the "hollowing of a professional livelihood" amounts to a property injury, Resp. 25.

13.  Similarly, Plaintiff makes no attempt to distinguish applicable caselaw holding that settlement offers do not give rise to extortion claims under 18 U.S.C. § 1951, Mem. 14, or otherwise clarify why the settlement offer here should be treated differently.  *See* Resp. 19–21.  Thus, Plaintiff has failed to allege that The Independent Defendants or Stracher Defendants participated in racketeering activity.

### III.  PLAINTIFF HAS ABANDONED HER REMAINING CLAIMS.

Plaintiff does not respond to The Independent Defendants' and Stracher Defendants' arguments that she has not pleaded a claim for conspiracy to obstruct justice under 42 U.S.C.  § 1985(2) and cannot maintain a standalone claim under 18 U.S.C. § 1512.  *See, gen.* Resp; Mem. 16–17.  Plaintiff has therefore abandoned these claims and Counts III and IV should be dismissed for this additional reason.  *See, supra*, *BYD Co. Ltd.*, 531 F. Supp. 3d at 819; *Adams*, 752 F. Supp. 2d at 426.

### CONCLUSION

For the foregoing reasons, as well as those set forth in The Independent Defendants' and Stracher Defendants' opening memorandum of law, Plaintiff's Third Amended Complaint should be dismissed in its entirety with prejudice.

Dated:   June 30, 2026                        Respectfully submitted,

                                              /s/*Cameron Stracher*
                                              Cameron Stracher
                                              Sara C. Tesoriero
                                              CAMERON STRACHER, PLLC
                                              1133 Broadway, Suite 516
                                              New York, NY 10010
                                              Tel: 646.992.3850
                                              Fax: 646.992.4241
                                              cam@stracherlaw.com
                                              sara@stracherlaw.com

                                              *Attorneys for The Independent Defendants and
                                              Stracher Defendants*

7

## **WORD COUNT CERTIFICATION**

I, Cameron Stracher, hereby certify that this Reply Memorandum contains 1,652 words and is in compliance with Rule 2(B) of this Court's Individual Practices and Local Rule 7.1. In preparing this certification, I relied on the word count of the word-processing system used to prepare this document.

Dated: June 30, 2026                    */s/ Cameron Stracher*
                                        Cameron Stracher

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2026, I caused a true copy of the foregoing to be served on all counsel of record via ECF.

/s/ *Sara C. Tesoriero*
Sara C. Tesoriero, Esq.