**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SONYA SHAYKHOUN, ESQ., <br><br>       Plaintiff, <br><br> v. <br><br> AL JAZEERA MEDIA NETWORK, et al., <br><br>       Defendants. | Civil Action No. 1:24-cv-09978-ALC <br><br><br> **ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE DB AND DWT**
**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S TAC**

Katherine M. Bolger
Lindsey B. Cherner
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, New York 10020
Telephone:   (212) 489-8230
Facsimile:   (212) 489-8340

*Attorneys for Defendants The Daily Beast Company
LLC, AJ McDougall, Ben Sherwood, Joanna Coles,
IAC Inc., Tracy Connor, Barry Diller, Davis Wright
Tremaine LLP, Katherine M. Bolger, Esq., and
Lindsey B. Cherner, Esq.*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT.................................................................................................. 1

I.      Plaintiff's TAC Violates Rule 8 and the Court's Order......................................................... 1

II.     Plaintiff Once Again Fails to Plead a Section 1983 Claim .................................................. 4

III.    Plaintiff Fails to Plead a RICO Conspiracy ......................................................................... 5

        A.      Plaintiff Fails to Plead an Agreement to Commit Crimes....................................... 5

        B.      Plaintiff Fails to Plead a RICO Enterprise ............................................................. 6

        C.      Plaintiff Fails to Plead "a Pattern of Racketeering Activity"................................. 7

                1.      Plaintiff Fails to Plead Wire Fraud.................................................................. 8

                2.      Plaintiff Fails to Plead Witness Tampering................................................... 8

                3.      Plaintiff Fails to Plead Extortion.................................................................. 9

        D.      Plaintiff Fails to Plead a Cognizable Injury or Proximate Causation .................... 9

CONCLUSION.................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Atuahene v. City of Hartford*,
10 F. App'x 33 (2d Cir. 2001) .................................................................................................2

*Budhani v. Monster Energy Co.*,
2021 WL 5761902 (S.D.N.Y. Dec. 3, 2021) ...........................................................................5

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*,
69 F. Supp. 3d 342 (S.D.N.Y. 2014)........................................................................................7

*Cruz v. FXDirectDealer, LLC*,
720 F.3d 115 (2d Cir. 2013)......................................................................................................6

*D. Penguin Bros. Ltd. v. City National Bank*,
587 F. App'x 663 (2d Cir. 2014) ..............................................................................................6

*First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*,
385 F.3d 159 (2d. Cir. 2004).....................................................................................................7

*Haddle v. Garrison*,
525 U.S. 121 (1998).................................................................................................................10

*Kimm v. Chang Hoon Lee and Champ, Inc.*,
2005 WL 89386 (S.D.N.Y. Jan. 13, 2005), *aff'd* 196 F. App'x 14 (2d Cir. 2006)....................8

*Koar v. United States*,
1997 WL 1038181 (S.D.N.Y. Sept. 2, 1997)...........................................................................4

*Kosakow v. New Rochelle Radiology Assocs., P.C.*,
274 F.3d 706 (2d Cir. 2001)..................................................................................................2, 3

*New Hampshire v. Maine*,
532 U.S. 742 (2001)..................................................................................................................3

*O'Brien v. Nat'l Prop. Analysts Partners*,
719 F. Supp. 222 (S.D.N.Y. 1989) ...........................................................................................5

*Palm Beach Strategic Income, LP v. Salzman*,
457 F. App'x 40 (2d Cir. 2012) ................................................................................................4

*Palomino Master Ltd. v. Credit Suisse Grp. AG.*,
2026 WL 848394 (S.D.N.Y. Mar. 26, 2026) ...........................................................................6

*Rieger v. Drabinsky (In re Livent, Inc. Noteholders Sec. Litig.),*
  151 F. Supp. 2d 371 (S.D.N.Y. 2001).................................................................................................5

*Salahuddin v. Cuomo,*
  861 F.2d 40 (2d Cir. 1988).................................................................................................................2

*Simmons v. Abruzzo,*
  49 F.3d 83 (2d Cir. 1995).................................................................................................................2

**Federal Statutes**

17 U.S.C. § 505.................................................................................................................................1

18 U.S.C. § 1512(b) ..........................................................................................................................9

42 U.S.C.§ 1983 ....................................................................................................................... *passim*

**State Statutes**

N.Y. Civ. Rights Law § 70-a ............................................................................................................1

**Rules**

Fed. R. Civ. P. 8...........................................................................................................................1, 2, 3

Fed. R. Civ. P. 12(b)(6)....................................................................................................................1

Fed. R. Civ. P. 12(f)..........................................................................................................................3

The DB and DWT Defendants submit this reply in support of their motion to dismiss Plaintiff's TAC pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice and for attorneys' fees and costs pursuant to 17 U.S.C. § 505 and N.Y. Civil Rights Law § 70-a.[1]

### PRELIMINARY STATEMENT

Plaintiff's opposition to the DB and DWT Defendants' motion to dismiss ("Opp.") confirms that her claim is meritless and dismissal is appropriate here. The Opp. concedes that the TAC fails to comply with Rule 8 and this Court's Order, and the TAC should be dismissed with prejudice on that basis alone. Each claim also fails on the merits. *First*, the Section 1983 claim fails because the DB Defendants are neither state actors nor willful participants in joint activity. *Second*, the RICO conspiracy claim fails because Plaintiff fails to plead its elements or that the DB or DWT Defendants proximately caused her any injury. *Finally*, the conspiracy to obstruct justice and witness tampering claims must be dismissed because Plaintiff's Opp. abandons them. Nothing in Plaintiff's unintelligible Opp.—which mischaracterizes the DB and DWT Defendants' arguments, invents facts not pled in her TAC, and repeatedly misunderstands the law upon which she purports to rely—can remedy these failures. The TAC should be dismissed with prejudice.

### I.    PLAINTIFF'S TAC VIOLATES RULE 8 AND THE COURT'S ORDER

As set forth in the Motion, Plaintiff's TAC must be dismissed in its entirety for failure to comply with Rule 8. It is anything but "a short and plain statement of the claim," improperly lumps all defendants together without any delineation of their supposed roles, and relies on conclusory allegations with no nexus to any actions taken by the DB or DWT Defendants. Mot. at 7-8. Fatally, the Opp. does not dispute that the TAC improperly groups all "Media

---

[1] This Reply uses the abbreviations from the DB and DWT Defendants' Motion to Dismiss (Dkt. No. 125-26) ("Motion" or "Mot."). It also incorporates and adopts, as relevant, the arguments advanced by the Daily Mail Defendants and Independent Defendants in their respective Motions (Dkt. Nos. 120-21 and 123-24) and Replies.

Defendants/Proxies" and "Law Firm Defendants" nor that the DB Defendants are no longer separately identified with any particular acts. *Compare* Mot. at 8 *with* Opp. This Court need look no further to dismiss all claims with prejudice. *See* Mot. at 7.

In response, Plaintiff first asserts that the Rule 8 argument fails, in essence, because the DB and DWT Defendants filed a comprehensive Motion and, therefore, the TAC must provide sufficient notice of the claims against them. Opp. at 7. Plaintiff is wrong. Courts routinely dismiss complaints that are prolix, confusing, or fail to provide fair notice by improperly grouping parties together—even where defendants move to dismiss them. *See, e.g.*, *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). While Plaintiff relies on *Simmons v. Abruzzo*, 49 F.3d 83 (2d Cir. 1995), for the proposition that the filing of a substantive brief "refutes" the arguments that a complaint violates Rule 8, that case holds no such thing. On the contrary, the *Simmons* court reversed the district court's *sua sponte* dismissal of an amended complaint because it found the complaint contained specific pleading details and "ascribed specific acts to specific individual defendants." *Id.* at 87. In addition, the defendants there never argued "that the amended complaint failed to comply with Rule 8, or that it did not give them notice of the substance of [plaintiff's] claims." *Id.* *Simmons*, therefore, is inapposite. This case is far more like *Atuahene v. City of Hartford*, in which the Second Circuit affirmed dismissal of a complaint that merely "lump[s] all the defendants together in each claim and provide[s] no factual basis to distinguish their conduct." 10 F. App'x 33, 34 (2d Cir. 2001) (affirming dismissal relying on *Simmons*).

Plaintiff next asserts that because the Motion demonstrated "absolute, granular comprehension," the DB and DWT Defendants are "equitably estopped from claiming lack of fair notice under Rule 8." Opp. at 10. But equitable estoppel requires a misrepresentation, reasonable reliance, and resulting prejudice. *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706,

725 (2d Cir. 2001).   The DB and DWT Defendants never made any misrepresentation that Plaintiff's TAC complied with Rule 8.  *See infra*.  To the contrary, they have always maintained that the TAC violates Rule 8 (*see* Dkts. 87, 91), and this Court acknowledged as much, ruling twice that the undersigned could raise this very argument in their motion.  Dkt. 88 ("This ruling is without prejudice to the arguments raised in Defendants' oppositions which may be renewed on a motion to dismiss."); *see also* Dkt. 91 (same).

Independently of Rule 8, Plaintiff's TAC should also be dismissed for violating the Court's Order.  Mot. at 7-10.  The Opp. does not dispute this, nor could it; the TAC *concedes* that the Court only granted Plaintiff "leave to amend as to the Section 1983 and declaratory relief claims."  TAC ¶ 1.  The Opp. ignores that the TAC improperly added new parties, claims, and conspiracy theories. *Compare* Mot. at 8-9 *with* Opp.  Nonetheless, Plaintiff argues the DB and DWT Defendants waived their right to argue the TAC is beyond the scope of the Order because they agreed the "perfected" TAC was the operative pleading (citing Dkts. 90-91).  This is incorrect.  On the contrary, the agreement allowing Plaintiff to file her perfected TAC was made with the understanding that it was without prejudice to the DB and DWT defendants raising this very argument.  Dkt. 90.  And, in any event, the Court's April 21 and April 29 orders expressly authorized the DB and DWT Defendants to raise the scope of leave (and Rule 8) arguments in their motion.  *See* Dkts. 88, 91.

Plaintiff next claims the DB and DWT Defendants waived their scope argument because their "exclusive remedy" was a Rule 12(f) motion.  Plaintiff is mistaken.  Courts routinely grant motions to dismiss claims in amended complaints exceeding the scope of leave.  *Compare* Opp. at 4 *with* Mot. at 8-9 (collecting Rule 12(b)(6) cases).  Nor are they estopped from making the very arguments that this Court gave them leave to raise.[2]  *Compare* Opp. at 4 *with* Dkts. 88, 91.

---

[2] Judicial estoppel applies only where a party adopts clearly inconsistent positions that have been accepted by the Court and would create an unfair advantage.  *New Hampshire v. Maine*, 532 U.S. 742, 749-51 (2001).  But there is

3

Finally, the Opp. disingenuously suggests that the TAC does not violate the Court's Order because the "factual architecture has been consistently maintained." Opp. at 5. This argument not only ignores that Plaintiff continues to reimagine the case—what was once a defamation case now centers on an improbably far-flung conspiracy involving the nation of Qatar and a purportedly unlicensed attorney—but is also irrelevant to the Court's Order, which expressly limited amendment to the Section 1983 and declaratory relief claims. Dkt. 75 at 21.[3] The Court need look no further to dismiss Plaintiff's claim once and for all.

## II.    PLAINTIFF ONCE AGAIN FAILS TO PLEAD A SECTION 1983 CLAIM

In the Motion, the DB and DWT Defendants demonstrated that Plaintiff did not plead a Section 1983 claim because they are neither state actors nor willful participants in joint activity with the state, and that even if the TAC had pled as much—it did not—it also failed to allege a deprivation of a liberty or property interest compensable under Section 1983. Mot. at 10-12. Plaintiff's Opp. concedes as much, failing to offer *any* response to the DB and DWT Defendants arguments that Qatar, the Pillsbury law firm, and the New York state judiciary are not state actors under Section 1983 jurisprudence. *Compare* Mot. at 10 *with* Opp. at 37-40.

Instead, Plaintiff's Opp. reprises the same allegation that doomed her SAC: "The private Defendants' acted under color of law by willfully engaging in a joint venture with domestic actors

---

nothing inconsistent with acknowledging the TAC as the operative pleading while also arguing that it fails to comply with the Court's Order. The DB and DWT Defendants have consistently maintained that Plaintiff was permitted to amend the complaint but only within the limits set by the Court. Dkts. 87, 90. Courts also routinely allow motions arguing that a pleading exceeds the scope of leave granted, even though the pleading is treated as operative while the motion is pending. *See*, *e.g.*, *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012). And as discussed *supra*, Plaintiff's equitable estoppel argument fails because the DB and DWT Defendants made no representation that the TAC complied with the Court's Order, and merely acknowledging the operative pleading does not waive their right to challenge its adequacy.

[3] Plaintiff's request that the Court "sanction counsel for bad-faith litigation abuse" based on the alleged "deployment of media proxies" (Opp. at 10), is wholly unsupported and itself improper. Courts repeatedly caution that baseless sanctions threats may themselves warrant sanctions. *See, e.g.*, *Koar v. United States*, 1997 WL 1038181, at *2 n.2 (S.D.N.Y. Sept. 2, 1997) ("The making of a frivolous Rule 11 motion can itself result in sanctions against the movant.").

4

to manipulate state enforcement mechanisms, using the state judiciary to achieve an extrajudicial foreclosure." Opp. at 38. But conclusory allegations of joint activity do not meet the pleading standard. Mot. at 10. And this Court already rejected Plaintiff's theory that the DB and DWT Defendants colluded with the New York state judiciary. Mot. at 11 (citing Dkt. 75 at 17-18).

Finally, while the Opp. strains to identify a "plus" that could make her Section 1983 claim viable on account of a supposed injury to her liberty or property interests, she cannot rewrite her TAC.[4] The TAC clearly seeks redress for the "deprivation of [her] property interest in her professional standing" and "membership in the New York Bar." TAC ¶ 71. For the reasons detailed in the Motion, Plaintiff cannot state a plausible Section 1983 claim against any defendant under any theory. The claim should be dismissed with prejudice.

## III.    PLAINTIFF FAILS TO PLEAD A RICO CONSPIRACY

### A.    Plaintiff Fails to Plead an Agreement to Commit Crimes

Plaintiff's RICO conspiracy claim fails because the TAC fails to plead an actual conspiracy, *i.e.*, an agreement to commit crimes that constitute RICO predicate acts. Mot. 13-14. Plaintiff's Opp. concedes this but insists, without support, that a conspiracy can be "legally inferred through defendants' continuous relationships and coordinated, operational output" (Opp. at 11-12) and through "continuous, synchronized maneuvers executed by Defendants across the docket." Opp. at 29; *see also* Opp. at 32 (arguing that court filings should be treated as "contemporaneous text-based evidence of coordination"). But the TAC lends no support to this conclusory position, and "the absence of factual allegations suggesting coordination or organization among co-Defendants

---

[4] Plaintiff's "stigma plus" argument does not save her Section 1983 claim. But even if it did, because it is not pled, this Court should ignore it. "[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss." *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989); *see also Budhani v. Monster Energy Co.*, 2021 WL 5761902, at *3 (S.D.N.Y. Dec. 3, 2021) (where an "allegation is not pleaded and was only introduced in the briefing, the Court ignores it"); *Rieger v. Drabinsky (In re Livent, Inc. Noteholders Sec. Litig.)*, 151 F. Supp. 2d 371, 432 (S.D.N.Y. 2001) ("[A] complaint cannot, of course, be amended by the briefs in opposition to a motion to dismiss.").

5

independently defeats any inference of agreement." *Palomino Master Ltd. v. Credit Suisse Grp. AG.*, 2026 WL 848394, at \*13 (S.D.N.Y. Mar. 26, 2026) (holding that "[c]ourts require allegations that the purported conspirators acted as a group with some degree of structure, interaction, or coordinated decision-making"). Here, Plaintiff's TAC does not allege any facts concerning how the DB and DWT Defendants coordinated, what roles they played, or whether they acted pursuant to any shared plan with all co-defendants. The TAC, thus, provides no basis to infer any agreement, much less a RICO conspiracy.

### B.    Plaintiff Fails to Plead a RICO Enterprise

Plaintiff has not plausibly pled a RICO enterprise. The Opp. does little more than repeat conclusory allegations that "the Enterprise executed a coordinated, digital market erasure protocol in direct retaliation for Plaintiff's anti-corruption whistleblowing activities." Opp. at 2, 11-14. But Plaintiff's Opp. fails to address the three structural hallmarks of an enterprise. Mot. at 14-16.

To begin, Plaintiff has not pled a common purpose. Plaintiff fails to address the DB and DWT Defendants' argument that the TAC pled different motivations for the DB Defendants as compared to the DWT Defendants and entirely different aims on the part of the other RICO defendants. *See* Mot. at 14-15. Not only does Plaintiff ignore cases like *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115 (2d Cir. 2013), and *D. Penguin Bros. Ltd. v. City National Bank*, 587 F. App'x 663 (2d Cir. 2014), which held that "individual self-interests" do not amount to a "common purpose" under RICO, 587 F. App'x at 668, but the Opp. actually identifies disparate purposes. *Compare* Opp. at 1 ("to shield" an unlicensed attorney and "insulate the lucrative sovereign Qatari billing streams" of a law firm) *with* Opp. at 31 ("to advance a corporate shakedown"). While the Opp. does make clear that the TAC has nothing to do with any supposed action by the DB and DWT Defendants, it does not address the divergent motivations alleged in the TAC.

Next, in response to the DB and DWT Defendants argument that the TAC fails to plausibly allege an association-in-fact relationship between them and all co-Defendants, *see BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 360 (S.D.N.Y. 2014), Plaintiff argues that an enterprise "requires no formal corporate charter, written bylaws, or explicit hierarchy; its existence is legally proven through an ongoing relationship and a specialized division of labor." Opp. at 31-32. But the Opp. merely underscores that no such relationship exists, conjuring up "Publishing Cogs," a "Directing Hub" and "Enforcement Spokes" without any plausible explanation how they acted together "as a unit." *Compare* Mot. at 15 *with* Opp. at 12-13 and TAC. The Opp. also fails to address the requirement that each defendant have "some part in directing [the enterprise's] affairs." Mot. at 15 (citing *De Falco v. Bernas*, 244 F.3d 286, 309 (2d Cir. 2001)).

Finally, as to longevity, the Opp. abandons closed-ended continuity. *Compare* Opp. *with* TAC ¶¶ 38-39. Plaintiff now insists that open-ended continuity exists because the "Enterprise's regular method of conducting business is the systemic mobilization of localized media cogs and legal spokes to permanently liquidate the commercial practice matrices of any whistleblower who threatens to expose Osama's multi-million-dollar credential fraud and Pillsbury's cover-up of that fraud." Opp. at 30. Such wildly speculative and unsupported insinuation is insufficient and ultimately meaningless. Moreover, news reporting and filing an anti-SLAPP motion are not criminal acts and thus cannot give rise to open-ended continuity. *See First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 181 (2d. Cir. 2004) (no open-ended continuity where alleged misconduct was not a predicate act).

### C.    Plaintiff Fails to Plead "a Pattern of Racketeering Activity"

Plaintiff's RICO claim also fails because the TAC fails to plead two related predicate acts within a ten-year period at the requisite level of continuity.

7

### 1.    Plaintiff Fails to Plead Wire Fraud

The Motion demonstrated that Plaintiff failed to plead wire fraud because she did not allege that the DB Defendants published their Article or that the DWT Defendants filed their clients' anti-SLAPP motion in order to "obtain[] money or property"; or that she was "induced to part with anything of value as a result," *Kimm v. Chang Hoon Lee and Champ, Inc.*, 2005 WL 89386, at *4 (S.D.N.Y. Jan. 13, 2005), *aff'd* 196 F. App'x 14 (2d Cir. 2006); or that she relied upon any alleged undisclosed facts to her detriment; or that the purported wire fraud was "interstate." *See* Mot. at 17-18. And the Opp. concedes as much, reiterating that Plaintiff's theory of wire fraud is based entirely on purported misrepresentations by *other* co-defendants regarding "Osama's" purported lack of a Jordanian law license, which was allegedly intended to secure multi-million-dollar legal mandates and partnership salaries. TAC ¶ 75; Opp. at 16. But, as the Motion explained, the TAC contains no allegations that the DB or DWT Defendants had any role in this purported conduct. Mot. at 17.

Plaintiff's Opp. also acknowledges she must plead wire fraud with particularity, Opp. at 16, and points to new, unpled matters to attempt to satisfy her burden. *Compare* TAC *with* Opp. at 16-17. But as noted *supra*, where an "allegation is not pleaded and was only introduced in the briefing, the Court ignores it." *Budhani*, 2021 WL 5761902, at *3. This claim fails.

Finally, Plaintiff's Opp. does not address her honest services claim. It is thus abandoned.

### 2.    Plaintiff Fails to Plead Witness Tampering

The Motion demonstrated that the TAC failed to allege witness tampering as a viable predicate act. Mot. at 18-19. Plaintiff's Opp. ignores case law holding that neither a claim of defamation nor routine litigation tactics support a claim for witness tampering. *Compare* Mot. at 18 *with* Opp. at 17-19. Instead, the Opp. doubles-down, claiming that the undersigned is not

8

engaged in "legitimate advocacy" and "intended to cause Plaintiff to abandon her active federal property claims." Opp. at 18. Even setting aside that neither a settlement offer nor news reporting supports this claim, the TAC does not even allege that the DB or DWT Defendants engaged in "corruption" or "misleading conduct" to influence her "testimony in an official proceeding." *Compare* TAC *with* 18 U.S.C. § 1512(b). This claim fails.

### 3.    Plaintiff Fails to Plead Extortion

The Motion established that Plaintiff failed to allege extortion as a viable predicate act. Mot. at 19. As the law cited by the DB and DWT Defendants and ignored by Plaintiff makes clear, pleading extortion requires interference or attempted interference with interstate commerce by "obtaining of property from another, with his consent, induced by the wrongful use of actual or threatened force, violence, or fear, or under color of official right." *Id.* (citing 18 U.S.C. § 1951(b)(2) and *Spiteri v. Russo*, 2013 WL 4806960, at *48 (E.D.N.Y. Sept. 7, 2013)). In response, the Opp. argues that "Defendants sought to obtain the surrender and permanent release" of Plaintiff's "property interest" in her "property claims" via "sever[e] economic fear" induced by the anti-SLAPP motion. Opp. at 20-21. This is plainly insufficient. The TAC does not even plead that the defendants attempted to obtain possession of Plaintiff's "property interest" in her "property claims." *See* TAC. Nor does the Opp. meaningfully address that extortion cannot be premised on "threats of litigation" or "even threats of meritless litigation or the actual pursuit of such litigation." *Compare* Mot. at 19 *with* Opp. at 19-20. The claim fails.

### D.    Plaintiff Fails to Plead a Cognizable Injury or Proximate Causation

The Motion established that the TAC failed to allege a concrete financial loss. Mot. at 19-20. Plaintiff's Opp. does not meaningfully dispute that the TAC seeks recovery for reputational harm. *Compare* Mot. at 19-20 *with* Opp. at 25. Instead, Plaintiff claims that her "professional

9

identity, market reputation, and branded intellectual property constitute goodwill" and that, under *Haddle v. Garrison*, 525 U.S. 121 (1998), such an injury is compensable. Opp. at 25-27. But *Haddle* is not a RICO case, and it merely held that "third-party interference with at-will employment relationships – states a claim for relief under § 1985(2)." 525 U.S. at 126. It does not state or event suggest, as the Opp. argues, that "a conspiratorial interference with a professional livelihood and employment marketability constitutes a direct, cognizable injury to property" under RICO. Opp. at 25.

As for causation, Plaintiff offers little in response to the DB and DWT Defendants' arguments that the TAC has not pled that any action by them proximately caused her injury. Mot. at 19–20. Plaintiff only offers the conclusory assertion that "[b]ecause the resulting financial destruction flows in a direct, unsevered causal line from their predicate acts of wire fraud and witness intimidation, the proximate cause standard under *Anza* and *Bridge* is fully satisfied." Opp. at 28-29. But the Opp. ignores that the TAC alleges that the "consequences go beyond the named Defendants." TAC ¶ 40. In addition, Plaintiff's alleged injury predates and is unrelated to any actions by the DB or DWT Defendants. Mot. at 20. It is simply not plausible that the DB or DWT Defendants' conduct as pled in the TAC proximately caused Plaintiff any financial harm.

## CONCLUSION

For the foregoing reasons and for those set forth in the Motion, the DB and DWT Defendants respectfully request that the TAC be dismissed with prejudice.

Dated: June 30, 2026
New York, New York

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

*Kathrine M. Bf*

10

Katherine M. Bolger
Lindsey B. Cherner
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, New York 10020
Telephone:    (212) 489-8230
Facsimile:    (212) 489-8340
katebolger@dwt.com
lindseycherner@dwt.com

*Attorneys for the DB and DWT Defendants*

11

## CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMITATIONS

I, Katherine M. Bolger, hereby certify that this reply memorandum of law is 10 pages in length and contains 3,453 words, in compliance with Rule 2(B) of this Court's Individual Practices and Local Civil Rule 7.1(c). In preparing this certification, I relied on the word count of the word-processing system used to prepare this document.

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  June 30, 2026

_Katherine M. Bolger_

Katherine M. Bolger

12