

**Jay Marshall Wolman, JD**
Licensed in CT, MA, NY, DC

**30 June 2026**

Via CM/ECF and Electronic Mail
The Honorable Andrew L. Carter, Jr.
U.S. District Court, Southern District of New York
40 Foley Square, Room 444
New York, NY 10007
<ALCarterNYSDChambers@nysd.uscourts.gov>

*Re:*    ***Shaykhoun v. The Daily Mail et al.* | Case No. 1:24-cv-09978-ALC**
             **Request for Conference**

Dear Judge Carter:

As the Court is aware, we represent the *Daily Caller* and the *Daily Caller News Foundation* ("*Daily Caller* Defendants") in the above referenced case. For the reasons set forth below, we request a status or case-management conference with the Court. As Your Honor is aware, this somewhat serpentine case, in various iterations, has wended its way between state and federal courts for several years.

It is worth noting that *Daily Caller* Defendants were not named in either of the first two Complaints filed in this case. As an afterthought, without notice or service, the *Daily Caller* Defendants were mysteriously – out of nowhere – added to the defendants on the Third Amended Complaint filed years later. Yet no facts in the Third Amended Complaint accuse *Daily Caller* Defendants of wrongdoing, other than Plaintiff's opinions or speculation. Let us be clear: the *Daily Caller* Defendants do not and never have had any conspiratorial, joint enterprise, or similar legal relationship with the other media defendants.

On May 15, 2026, we sent a letter to the Court (ECF No. 128) in response to Plaintiff's May 11, 2026, Notice to the Court Regarding Courtesy Copies (ECF No. 117) to note the error of Plaintiff's assertion that the *Daily Caller* Defendants were served, noting that my clients would take no further action unless directed to do so by the Court. We explained why no response was yet due and why they were not properly made parties. To the extent applicable, we also joined the then-filed motions to dismiss by other parties (and now we also, to the extent applicable, join the motion to dismiss by the Pillsbury Defendants, ECF Nos. 141 & 142). We also join, to the extent applicable, the reply of *The Independent* Defendants (ECF No. 144) and the *Daily Beast* defendants (ECF No. 146) and any other forthcoming defense replies.

In her Omnibus opposition (ECF No. 140), Plaintiff made various assertions regarding the *Daily Caller* Defendants in her red-string board of hallucinated conspiracy. She also referred to the May 15 letter as "lockstep coordination" with the other defendants merely because counsel did what any sensible defense counsel would do—take a belt and suspenders approach and adopt the reasonable arguments of co-defendants. That the various defendants would all argue Plaintiff is not entitled to relief for much of the same reasons is the norm in multi-defendant cases; Plaintiff's



**RANDAZZA**
LEGAL GROUP

lack of familiarity with what happens in litigation is not cause to suppose a conspiracy or coordination (nor is there anything tortious, in any event, with various defendants communicating with each other in common defense).

Contrary to her assertion, the *Daily Caller* Defendants have not made a general appearance or subjected themselves to jurisdiction in this Court; Plaintiff still has not served them nor sought a waiver of service. Yet, she asks for affirmative relief (without making a motion) to deem the *Daily Caller* Defendants served, strike the May 15 letter (assuming that's what she means by "reject their…machinations"), deem the letter to be an admission of coordination, and compel the onset of discovery.

Plaintiff's requests are wholly improper. The *Daily Caller* Defendants, as noted, have not been served and Plaintiff has made no attempt to effect proper service. There is no basis for striking the letter, whether under Rule 12(f) or otherwise. It is not any evidence of coordination; Plaintiff's speculation is not evidence. Nor is discovery yet proper under Rule 26.

Your Honor may consider the Court's discretion under Fed. R. Civ. P. 21, which specifically covers "Misjoinder and Nonjoinder of Parties" and states: "*On motion or on its own, the court may at any time, on just terms, add or drop a party.*" In the interest of equity, judicial efficiency, and wayward litigation, it would seem that a party added several years after a suit's initiation only to be named in an unserved, frivolous Third Amended Complaint containing no actionable facts about the *Daily Caller* Defendants should be dropped from this matter.

Given that Plaintiff is not abiding the rules and is not litigating as litigants ordinarily do, the *Daily Caller* Defendants believe that a status or case-management conference (preferably telephonic or by Zoom) and some guidance by the Court as to how it wishes the parties to proceed would be of assistance.

Thank you for your attention to this matter.

Sincerely,

Jay M. Wolman (JW0800)
Randazza Legal Group, PLLC
100 Pearl St., 14th Floor
Hartford, CT 06103
Tel: (702) 420-2001
jmw@randazza.com

Charles Glasser, Esq.
Charles Glasser ESQ LLP
53 Valley Way
West Orange, NJ 07052
charlesglasseresq@gmail.com

cc:    All Appearing Parties (via CM/ECF)