**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SONYA HASHIM SHAYKHOUN, ESQ.,                    :
                                                 :
                                                 :     No. 24 Civ. 9978 (ALC)
                                   Plaintiff,       :
                                                 :
                                                 :     ECF Case
-against-                                         :
                                                 :
                                                 :
AL JAZEERA MEDIA NETWORK, DAVID T.                :
DEKKER, ESQ., EDWARD FLANDERS, ESQ.,              :
EDWARD A. PERRON, ESQ., OSAMA ABU                 :
DEHAYS, PILLSBURY WINTHROP SHAW                   :
PITTMAN LLP, DEBRA ERNI, ETHAN BARTON,            :
JOHN HAWLEY, LUKE ROSIAK, THE DAILY               :
CALLER NEWS FOUNDATION, THE DAILY                 :
MAIL, DAILYMAIL.COM, DAILY MAIL AND               :
GENERAL TRUST PLC, NOA HALFF,                     :
JOHNATHAN HARMSWORTH, THE DAILY                   :
BEAST COMPANY LLC, AMANDA J.                      :
MCDOUGALL, BEN SHERWOOD, JOANNA                   :
COLES, IAC INC., TRACY CONNOR, BARRY              :
DILLER, BEVAN HURLEY, THE INDEPENDENT,            :
GEORDIE GREIG, LOUISE THOMAS, RICHARD             :
BEST, BALLARD SPAHR LLP, THOMAS                   :
SULLIVAN, ESQ., SAUMYA VAISHAMPAYAN,              :
ESQ., CAMERON STRACHER, ESQ., DAVIS               :
WRIGHT TREMAINE LLP, KATHERINE M.                 :
BOLGER, LINDSEY B. CHERNER,                       :
                                                 :
                                                 :
                                   Defendants.      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**REPLY IN FURTHER SUPPORT OF**
**DAILY MAIL DEFENDANTS' AND BALLARD SPAHR DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Jacquelyn N. Schell
BALLARD SPAHR LLP
1675 Broadway, 19th Floor
New York, NY 10019
Tel: (212) 223-0200
Fax: (212) 223-1942
schellj@ballardspahr.com

*Attorneys for Ballard Spahr
Defendants*

Thomas B. Sullivan
Saumya K. Vaishampayan
BALLARD SPAHR LLP
1675 Broadway, 19th Floor
New York, NY 10019
Tel: (212) 223-0200
Fax: (212) 223-1942
sullivant@ballardspahr.com
vaishampayans@ballardspahr.com

*Attorneys for Daily Mail
Defendants*

**TABLE OF CONTENTS**

**Page**

ARGUMENT ......................................................................................................................... 1

I. PLAINTIFF DOES NOT DISPUTE THAT HER TAC EXCEEDS THE COURT'S LEAVE TO AMEND AND HER PROCEDURAL ARGUMENTS HAVE NO MERIT ............................................................................................... 1

II. ON THE MERITS, THE TAC SHOULD BE DISMISSED BECAUSE IT FAILS TO PLAUSIBLY STATE ANY OF ITS CLAIMS ............................................................ 3

    A. PLAINTIFF STILL DOES NOT POINT TO ANY ALLEGATIONS OF SPECIFIC CONDUCT BY THE DAILY MAIL DEFENDANTS IN THE TAC ........................................................................................................... 3

    B. THE COURT HAS ALREADY REJECTED PLAINTIFF'S REHASHED SECTION 1983 CLAIM ................................................................................. 3

    C. THE TAC HAS NOT ALLEGED A RICO CONSPIRACY CLAIM ................... 5

    D. PLAINTIFF HAS ABANDONED HER CLAIM UNDER 42 U.S.C. 1985(2) ............................................................................................................ 9

    E. PLAINTIFF HAS ABANDONED HER CLAIM FOR FEDERAL WITNESS TAMPERING ........................................................................... 9

III. PLAINTIFF'S ASIDES THAT HAVE NO BEARING ON THIS MOTION ................. 10

CONCLUSION ................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alphas Co. of N.Y. v. Hunts Point Terminal Produce Coop.*,
    2017 WL 1929506 (S.D.N.Y. May 9, 2017) ...................................................................8

*Anza v. Ideal Steel Supply Corp.*,
    547 U.S. 451 (2006) .........................................................................................................8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .........................................................................................................6

*Bridge v. Phoenix Bond & Indemnity Co.*,
    553 U.S. 639 (2008) .........................................................................................................8

*Chambers v. NASCO*,
    501 U.S. 32 (1991) .........................................................................................................10

*Doe v. Indyke*,
    457 F. Supp. 3d 278 (S.D.N.Y. 2020) .............................................................................2

*Doe v. Jackson*,
    2025 WL 753949 (S.D.N.Y. Mar. 10, 2025) ...................................................................9

*Dunleavy v. Wayne Cnty. Comm'n*,
    2006 WL 8431836 (E.D. Mich. May 11, 2006) ...............................................................8

*Elsevier Inc. v. W.H.P.R.*,
    692 F. Supp. 2d 297 (S.D.N.Y. 2010) .............................................................................6

*Gordon v. Equitas Cap. Grp.*,
    2025 WL 2771708 (S.D.N.Y. Sept. 29, 2025) .......................................................8, 9, 10

*Haddle v. Garrison*,
    525 U.S. 121 (1998) .........................................................................................................8

*Idema v. Wager*,
    120 F. Supp. 2d 361 (S.D.N.Y. 2000) .............................................................................5

*O'Brien v. Nat'l Prop. Analysts Partners*,
    719 F. Supp. 222 (S.D.N.Y. 1989) ..................................................................................4

*Pagan v. N.Y.S. Div. of Parole*,
    2002 WL 398682 (S.D.N.Y. Mar. 13, 2002) ...................................................................2

*Palm Beach Strategic Income v. Salzman*,
   457 F. App'x 40 (2d Cir. 2012) ................................................................................2

*Rene v. Citibank NA*,
   32 F. Supp. 2d 539 (E.D.N.Y. 1999) ........................................................................3

*Roosevelt Rd. Re v. Haggar*,
   2026 WL 682192 (E.D.N.Y. Mar. 11, 2026)............................................................6

*Sadallah v. City of Utica*,
   383 F.3d 34 (2d Cir. 2004)........................................................................................5

*United States v. $79,000 in Acct. No. 2168050/6749900 at Bank of N.Y.*,
   1996 WL 648934 (S.D.N.Y. Nov. 7, 1996)...............................................................2

*World Wrestling Ent. v. Jakks Pac.*,
   530 F. Supp. 2d 486 (S.D.N.Y. 2007)........................................................................9

**Statutes**

17 U.S.C. § 505........................................................................................................................8

18 U.S.C. § 1512................................................................................................................9, 10

42 U.S.C. § 1964........................................................................................................................8

42 U.S.C. § 1983................................................................................................................3, 4, 5

42 U.S.C. § 1985.....................................................................................................................8, 9

42 U.S.C. § 1988........................................................................................................................8

**Other Authorities**

Fed. R. Civ. P. 8........................................................................................................................3

Fed. R. Civ. P. 12...................................................................................................................1, 2

The Daily Mail Defendants[1] and Ballard Spahr Defendants respectfully submit this reply in further support of their motion to dismiss the operative Third Amended Complaint ("TAC") (Dkt. 89 at 7-42) with prejudice pursuant to Rule 12(b)(6).  In her opposition ("Opposition" or "Opp.") (Dkt. 140), Plaintiff makes conclusory statements about the merits of her claims, supported with just four citations to the allegations of her TAC, while not addressing the substance of defendants' arguments.  *See* Opp. at 12, 30, 33.  For the reasons identified in the opening Memorandum, each claim fails in multiple ways.

## ARGUMENT

**I.    PLAINTIFF DOES NOT DISPUTE THAT HER TAC EXCEEDS THE COURT'S LEAVE TO AMEND AND HER PROCEDURAL ARGUMENTS HAVE NO MERIT**

As an initial matter, the TAC should be dismissed because it exceeds the scope of permitted amendment.  *See* Mem. at 5-8.  Plaintiff does not dispute that this Court granted her leave to amend for a limited purpose and that her TAC exceeded the scope of the permission granted.  In her Opposition, she instead raises procedural objections, claiming the defendants consented to her amendment and that this motion should have been brought under Rule 12(f) instead of Rule 12(b)(6).  She is wrong on both counts.

*First*, while Plaintiff contends that Defendants waived any objection to her amendment by consenting to the substitution of the "perfected" TAC for the version of the TAC which was originally filed, *see* Opp. at 3-4, the Defendants in fact explicitly preserved their arguments on this point in offering consent.  In their April 28, 2026 letter, which was so ordered by this Court, the Defendants conditioned their acceptance on "the understanding that . . . consistent with the Court's prior order, the acceptance of this new version of the TAC is without prejudice to the

---

[1] This and other capitalized terms used in this Reply are defined as they are in the opening memorandum of law ("Memorandum" or "Mem."), Dkt. 121.

arguments raised in Defendants' prior oppositions which may be renewed on a motion to dismiss." *See* Dkt. 91 at 1 (cleaned up).  Those prior arguments included an objection that the TAC exceeded the permissible scope.  *See* Dkt. 85 at 1-2.  Similarly, while Plaintiff claims that the Court gave "repetitive judicial authorization of the TAC and its iterations," *see* Opp. at 6, the Court in fact reserved judgment on all issues raised by defendants in their oppositions to the filing of the amended TAC, *see* Dkt. 88 at 1.

*Second*, Plaintiff argues that a challenge to an improper amendment should be made through a motion to strike, but she cites no precedent for this point, and courts in fact routinely dismiss such complaints.  *See, e.g.*, *Palm Beach Strategic Income v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012); *Pagan v. N.Y.S. Div. of Parole*, 2002 WL 398682, at *3 (S.D.N.Y. Mar. 13, 2002).  Even assuming *arguendo* that Plaintiff is correct on the procedural point, the Court could simply treat the motion as being made under Rule 12(f).  *Cf. Doe v. Indyke*, 457 F. Supp. 3d 278, 284 (S.D.N.Y. 2020) (finding dispute over whether motion to strike or motion to dismiss was appropriate vehicle to address prayer for relief was a "conceptual debate" because a "motion to dismiss under Rule 12(b)(6) alternatively can be treated as a motion to strike under Federal Rule of Civil Procedure 12(f)"); *United States v. $79,000 in Acct. No. 2168050/6749900 at Bank of N.Y.*, 1996 WL 648934, at *3 (S.D.N.Y. Nov. 7, 1996) ("[W]hether this is a Rule 12(f) or a Rule 12(b)(6) motion, the test is the same and so is the outcome.").

Other than these procedural objections, Plaintiff does not dispute that her TAC exceeded the leave given by this Court.  Indeed, she concedes as much in the TAC itself.  *See* Mem. at 6. While Plaintiff argues that she previously alleged that she "was the target" of "identical, coordinated professional hits" in her Second Amended Complaint ("SAC"), *see* Opp. at 5, those paragraphs related to her copyright claim, *see* SAC ¶¶ 9, 11, which is no longer part of this case.

And in those paragraphs Plaintiff alleged that "Defendants' synchronized Articles . . . demonstrate a conspiracy to exploit the Plaintiff's Tweet for profit," *id.* ¶ 11; *see id.* ¶ 9 (alleging "profit-driven exploitation"), very different from the RICO conspiracy to conceal Abu-Dehays's licensure status now alleged in the TAC.

The Court should dismiss the TAC as beyond the scope of the permitted amendment.

## II.     ON THE MERITS, THE TAC SHOULD BE DISMISSED BECAUSE IT FAILS TO PLAUSIBLY STATE ANY OF ITS CLAIMS

### A.     PLAINTIFF STILL DOES NOT POINT TO ANY ALLEGATIONS OF SPECIFIC CONDUCT BY THE DAILY MAIL DEFENDANTS IN THE TAC

Based on Federal Rule of Civil Procedure 8(a)'s mandate that a complaint sets forth a "short and plain statement of the claim" showing entitlement to relief, courts "have consistently held that, where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541 (E.D.N.Y. 1999); *see* Mem. at 8-11.  Plaintiff offers no response.  The Opposition sheds no light on what actions taken by the Daily Mail Defendants are at issue in the TAC.  Nor does it cite any paragraph of the TAC that contains allegations about the Daily Mail Defendants.  *See* Opp. at 12, 30, 33 (citing only TAC ¶¶ 56, 76).  The Court should dismiss the TAC with respect to the Daily Mail Defendants for this reason.

### B.     THE COURT HAS ALREADY REJECTED PLAINTIFF'S REHASHED SECTION 1983 CLAIM

For her Section 1983 claim, Plaintiff constructs a strawman defense.  She claims that The Daily Mail Defendants' and Ballard Spahr Defendants' dismissal arguments rest solely on the fact that she retains her law license.  Opp. at 37.  Instead, as explained in the Memorandum, Plaintiff's Section 1983 claim fails for at least three different reasons.  *See* Mem. at 11-15.

3

Plaintiff fails to address these arguments or attempts to do so by raising arguments the Court has already rejected. Accordingly, the Court should dismiss her claim with prejudice.

*First,* the TAC does not allege any conduct that violated Section 1983 by the Daily Mail or Ballard Spahr Defendants. *See* Mem. at 12-13. The Opposition fails to point to *any* such allegation in her TAC. *See* Opp. at 37-40. Plaintiff instead continues to point to the Defendants as a group, which does not suffice. *See* Mem. at 13 n.8.

*Second*, conduct alleged in the TAC is not state action, as required for a Section 1983 claim. *See* Mem. at 13-14. In response, Plaintiff claims that state action exists because "[t]he private Defendants . . . manipulate[d] state enforcement mechanisms, using the state judiciary to achieve an extrajudicial foreclosure." Opp. at 38. Though the TAC references only a small portion of the state court proceedings, the alleged delay in adjudicating her sanctions motion against Davis Wright Tremaine, as the basis for a Section 1983 claim, *see* TAC ¶ 51, Plaintiff now appears to rely more broadly to Defendants' invocation of the anti-SLAPP statue, *see* Opp. at 38 (contending that the defendants "systematically subverted the state's adjudication processes, transforming an on-docket proceeding into an affirmative instrument of economic attrition."); *see also id.* at 2 ("Defendants exploited the New York State judiciary and its statutory tools to execute an economic blockade"); *id.* at 39 ("Defense counsel weaponized a state-authorized 'blind spot' in the New York anti-SLAPP statute"). "[I]t is axiomatic that [a] [c]omplaint cannot be amended by the briefs in opposition to a motion to dismiss." *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989). But even if she could do so, this Court already rejected that claim. *See* Dkt. 75 at 17-19; *see* Mem. at 12 n.7.

Plaintiff also appears to argue that publishing articles is somehow state action. *See* Opp. at 38-39. Again, this is not a stated basis for her claim in the TAC, and Plaintiff does not even

4

attempt to argue that any state actor was involved.  In addition, the law is clear that "[a]ctions by journalists in publishing a[n] . . . article do not constitute the requisite 'state action' to support state action claims." *Idema v. Wager*, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000), *aff'd*, 29 F. App'x 676 (2d Cir. 2002).

*Third*, Plaintiff cannot state a Section 1983 claim based on the injury to her good reputation alone, which is what she alleges in this case.  Mem. at 14.  Plaintiff now contends that her Section 1983 claim arises under the "stigma plus" doctrine, "which in limited circumstances provides a remedy for government defamation under federal constitutional law."  *See* Opp. at 37-38; *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004).  To state such a claim, a plaintiff must allege "(1) the utterance of a statement 'sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false,' and (2) a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." *Sadallah*, 383 F.3d at 38.  To the extent Plaintiff contends that the article published by the Daily Mail Defendants meets the first prong, no allegations about that article appear in the TAC.  *See generally* TAC.  In any event, she cannot allege any state-imposed burden.  Her complaints about articles "profiling" her "as a 'Karen', unsavvy', and 'conspiratorial,'" Opp. at 29, are complaints about the "deleterious effects flowing directly from a sullied reputation" that do not constitute a burden for the purposes of a stigma plus claim, *Sadallah*, 383 F.3d at 38 (cleaned up).

## C.    THE TAC HAS NOT ALLEGED A RICO CONSPIRACY CLAIM

As explained in the Memorandum, Plaintiff fails to state a RICO conspiracy claim because she does not allege that that: (1) the Daily Mail or Ballard Spahr Defendants conspired with anyone, (2) the Daily Mail or Ballard Spahr Defendants knew about or agreed to facilitate a pattern of racketeering activity, (3) she suffered a cognizable injury, and (4) she filed a timely claim.  *See* Mem. at 15-22.  The Opposition does nothing to rebut those arguments.  For all of

5

these reasons, the Court should dismiss the RICO conspiracy claim with prejudice.

*First*, Plaintiff incorrectly contends that the Court can infer the existence of a conspiracy through the various defendants' conduct. *See* Opp. at 11 ("coordinated conduct infers a plausible conspiratorial agreement" (cleaned up)); *id.* at 12 ("conspiratorial agreement is legally inferred through defendants' continuous relationships and coordinated, operational output"). Courts have rejected this exact argument. *See Elsevier Inc. v. W.H.P.R.*, 692 F. Supp. 2d 297, 313 (S.D.N.Y. 2010) ("[P]arallel conduct by different defendants affords an insufficient basis for inferring that an agreement was reached."); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) ("Without more, parallel conduct does not suggest conspiracy . . . ."). Instead, a plaintiff must "state with specificity what the agreement was, who entered into the agreement, when the agreement commenced, and what actions were taken in furtherance of it." *Roosevelt Rd. Re v. Haggar*, 2026 WL 682192, at *15 (E.D.N.Y. Mar. 11, 2026); *see Elsevier*, 692 F. Supp. 2d at 313 ("[A]llegations . . . must set forth specific facts tending to show that each of the defendants entered into an agreement . . . ."); *see also* Mem. at 16-17. Plaintiff does not point to any allegations in the TAC that satisfy this requirement. While she claims that "The Daily Mail Defendants . . . operated as the publishing cogs of the association-in-fact Enterprise," this is a conclusion, not an allegation of fact. *See* Opp. at 12-13.

*Second*, simply stating that the factual allegations satisfy the elements of various predicate acts does not carry the day. *See* Opp. at 16, 17, 19. As detailed below, because none of the acts she alleges constitute predicate acts under RICO, Plaintiff does not allege that the Daily Mail Defendants or Ballard Spahr Defendants knew about or agreed to facilitate a pattern

6

of racketeering activity.  *See* Mem. at 17-20.[2]

**Wire Fraud**.  Plaintiff apparently concedes that the only allegations in the TAC that could possibly constitute wire fraud is a series of emails sent by Pillsbury Winthrop to *Daily Caller* reporter Luke Rosiak.  *See* Opp. at 16.  But she does not address the fundamental flaws with this claim, including how the communication defrauded Plaintiff or anyone else or why, if Rosiak was a member of the RICO conspiracy, it was necessary to "divert" him "away from Osama's credential deficit."  *See* Mem. at 18; Opp. at 17.  Moreover, this is now the only predicate act Plaintiff actually defends, and a single predicate act is insufficient to establish a pattern of racketeering activity.  *See* Mem. at 17.

**Witness Tampering**.  Plaintiff does not invoke any allegation in the TAC or any case to support her claim that she has "safisfie[d] the statutory elements of witness intimidation."  Opp. at 17.  While she offers a series of legal conclusions, she does not respond to the arguments in the Memorandum demonstrating that the conduct she describes cannot be the basis for RICO liability.  *See* Mem. at 18.

**Extortion**.  Once again, Plaintiff fails to cite the TAC or any RICO case in support of her argument that "the factual record satisfies every element of extortion," and she has also declined to address the arguments in the Memorandum.  Opp. at 19; Mem. at 19.  She also appears to now argue that the invocation of the anti-SLAPP Act in the state court action was somehow extortionate, an allegation absent from the TAC and therefore not properly raised here. It is also litigation activity that cannot be the basis for RICO liability.  *See* Mem. at 19  The cases Plaintiff does cite, concerning that application of certain state law provisions in federal

---

[2] Plaintiff criticizes the Memorandum for addressing various predicate acts allegedly committed by other parties.  *See* Opp. at 7-8, 13.  The purpose of these arguments is to show that no alleged co-conspirator committed any predicate acts.  *See* Mem. at 17-20.

court, including the California anti-SLAPP statute, do not help her on extortion.  Daily Mail

Defendants and Ballard Spahr Defendants would also seek their fees in this case under the

Copyright Act, 17 U.S.C. § 505, and 42 U.S.C. § 1988(b), not New York's anti-SLAPP law.

**Honest Services Wire Fraud**.  Finally, Plaintiff does not mention honest services wire

fraud in her Opposition.  She has therefore conceded the deficiencies previously identified, *see*

Mem. at 19-20, and abandoned this purported predicate act.  *See Gordon v. Equitas Cap. Grp.*,

2025 WL 2771708, at *6 (S.D.N.Y. Sept. 29, 2025).[3]

*Third*, Plaintiff clarifies that her RICO claim rests on an injury that courts do not

recognize: her purportedly damaged "commercial goodwill."  Opp. at 26.  But as this Court has

held, an "injury to . . . reputation and goodwill" is not an injury "within the meaning of RICO."

*Alphas Co. of N.Y. v. Hunts Point Terminal Produce Coop.*, 2017 WL 1929506, at *4 (S.D.N.Y.

May 9, 2017).  Plaintiff also fails to distinguish the cases in the Memorandum making this same

point.  *See* Mem. at 20-21.

Plaintiff relies extensively *Haddle v. Garrison*, 525 U.S. 121 (1998), *see* Opp. at 25-27,

but that case involves a claim for damages under 42 U.S.C. § 1985(2), not one for RICO.  *See*

*Dunleavy v. Wayne Cnty. Comm'n*, 2006 WL 8431836, at *4 (E.D. Mich. May 11, 2006)

(finding that *Haddle* "had nothing to do with § 1964(c)").  Neither *Bridge v. Phoenix Bond &*

*Indemnity Co.*, 553 U.S. 639, 661 (2008), nor *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451,

461 (2006), save her claim, as those decisions underscore how she has not alleged either a

cognizable injury or proximate causation.

*Finally*, Plaintiff's assertion that her RICO claim is timely does not address the argument

in the Memorandum that discovery of "injuries that are derivative of the core injury sustained,"

8

as opposed to injuries that are independent, do not trigger a new limitations period.  Mem. at 21;

*see World Wrestling Ent. v. Jakks Pac.*, 530 F. Supp. 2d 486, 524 (S.D.N.Y. 2007), *aff'd*, 328 F.

App'x 695 (2d Cir. 2009).  Plaintiff contends that her RICO claim is timely because she

discovered it in May 2023 through the "Karen Articles."  Opp. at 33.  Again, the TAC is devoid

of allegations about any article published by the Daily Mail Defendants.  Even if it contained

such allegations and the injury was cognizable, Plaintiff's statement that any injury caused by the

article is "non-derivative" is conclusory and contradicted by her acknowledgment that the

August 2019 *Daily Caller* article that "discredit[ed]" her "serve[d] as the foundational predicate

act anchoring" her RICO claim.  Opp. at 33.  Her RICO claim therefore relates to injuries that

she discovered more than four years before the original complaint was filed.

### D.   PLAINTIFF HAS ABANDONED HER CLAIM UNDER 42 U.S.C. 1985(2)

Plaintiff has failed to allege a claim under Section 1985(2) because she has failed to

allege any of the three required elements: the existence of a conspiracy, that the purpose of the

conspiracy was to deter her by force, intimidation or threat from attending court or testifying

freely in any pending matter, and that this caused her an injury.  Mem. at 22-23.  Plaintiff does

not mention her Section 1985 claim in her Opposition or address any of these arguments.  She

has therefore conceded these deficiencies and abandoned this claim.  *See Gordon*, 2025 WL

2771708, at *6; *Doe v. Jackson*, 2025 WL 753949, at *8 (S.D.N.Y. Mar. 10, 2025).  Therefore,

this claim should be dismissed.

### E.   PLAINTIFF HAS ABANDONED HER CLAIM FOR FEDERAL WITNESS TAMPERING

Plaintiff cannot bring a claim for federal witness tampering under 18 U.S.C. § 1512

---

[3] Plaintiff also does not mention and thereby abandons any reliance on the acts mentioned in her Extended Chronology and correspondence.  *See* Mem. at 19-20.

because there is no private right of action to enforce this section of the Criminal Code. *See* Mem. at 23-24. Plaintiff does not dispute this point and thereby also abandons any claim under Section 1512.[4] *See Gordon*, 2025 WL 2771708, at *6.

## III.    PLAINTIFF'S ASIDES HAVE NO BEARING ON THIS MOTION

The Daily Mail Defendants and Ballard Spahr Defendants write briefly to address arguments in the Opposition that simply do not apply here. *First*, Plaintiff's throwaway request to sanction "counsel for bad-faith litigation abuse" has no legal basis. Opp. at 10. The case upon which she relies does not support the imposition of sanctions upon lawyers for defending their clients against a meritless lawsuit. *See Chambers v. NASCO*, 501 U.S. 32, 51 (1991) (affirming imposition of sanctions on counsel for a "course of conduct throughout the lawsuit" that "evidenced bad faith and an attempt to perpetrate a fraud on the court"). *Second*, no reason exists for Plaintiff to ask the Court to take judicial notice of an unrelated case in London against Associated Newspapers Limited ("ANL"). Opp. at 37. While ANL is the correct name of two defendants that she seeks to sue here, the case in London has no bearing on the allegations in the TAC or this case. *See* Mem. at 1 n.1. *Finally*, because the Court declined to exercise supplemental jurisdiction over the state-law claims in the Second Amended Complaint, *see* Dkt. 75 at 20, and the TAC asserts only federal claims, the Opposition's reference to Plaintiff's "remaining state-law claims" is outdated. *See* Opp. at 34-36.

## CONCLUSION

For each and all the foregoing reasons, the Daily Mail Defendants and the Ballard Spahr Defendants respectfully request that this Court dismiss the TAC in its entirety with prejudice and grant such other relief as this Court deems appropriate.

---

[4] As discussed above, Plaintiff does address Section 1512 as a predicate act under her RICO claim. Those arguments fail for the reasons previously explained.

10

Dated:  June 30, 2026

Respectfully submitted,

**BALLARD SPAHR LLP**

By: */s/ Thomas B. Sullivan*

Thomas B. Sullivan
Saumya K. Vaishampayan
1675 Broadway, 19th Floor
New York, NY 10019
Tel: (212) 223-0200
Fax: (212) 223-1942
sullivant@ballardspahr.com
vaishampayans@ballardspahr.com

*Attorneys for Daily Mail Defendants*


By: */s/ Jacquelyn N. Schell*
Jacquelyn N. Schell
1675 Broadway, 19th Floor
New York, NY 10019
Tel: (212) 223-0200
Fax: (212) 223-1942
schellj@ballardspahr.com

*Attorneys for Ballard Spahr Defendants*

11

**WORD COUNT CERTIFICATION**

I, Thomas B. Sullivan, hereby certify that this Reply contains 3,303 words and is in compliance with Rule 2(B) of this Court's Individual Practices and Local Rule 7.1.  In preparing this certification, I relied on the word count of the word-processing system used to prepare this document.

Dated: June 30, 2026                    /s/ Thomas B. Sullivan
                                        Thomas B. Sullivan

12

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2026, I caused a true and correct copy of

the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system,

which will serve all parties of record in the case.

*/s/  Thomas B. Sullivan*
Thomas B. Sullivan

13