**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SONYA SHAYKHOUN, ESQ., | |
| Plaintiff, | |
| v. | Case No. 1:24-CV-09978-ALC |
| AL JAZEERA MEDIA NETWORK, et al., | The Hon. Andrew L. Carter, Jr., U.S.D.J. |
| Defendants. | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PILLSBURY
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED
COMPLAINT**

Matthew D. Stockwell (Bar No. 4382081)
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, NY 10019
Phone: 212.858.1000
Fax: 212.881.9493
matthew.stockwell@pillsburylaw.com

*Counsel for Defendants Pillsbury Winthrop Shaw
Pittman LLP and Edward Flanders*

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................. 1

I.   The TAC Violates This Court's Order Allowing Plaintiff Leave to Amend the
     Section 1983 and Declaratory Relief Claims............................................................ 1

II.  Plaintiff's Opposition Sidesteps the "Color of *State* Law" Requirement and Fails
     to Save Her Defective Section 1983 Claim .............................................................. 3

III. Plaintiff Fails to Prove a Civil RICO Conspiracy.................................................... 4

     A.   Plaintiff Does Not Respond to the Pillsbury Defendants' Arguments That
          Wire Fraud, Extortion and Honest Services Fraud Cannot Constitute
          Predicate Acts ................................................................................................. 5

     B.   Plaintiff's Witness Tampering Claim Fails as Both a Predicate Act and a
          Substantive Claim ........................................................................................... 6

IV.  Plaintiff Fails to Respond to Pillsbury Defendants' Argument that Count III,
     Witness Intimidation, Should Be Dismissed ........................................................... 7

V.   Plaintiff's New Factual Allegations Concerning Mr. Flanders are Improper and
     Should Be Rejected................................................................................................... 7

CONCLUSION................................................................................................................. 8

## TABLE OF AUTHORITIES

Page(s)

### Cases

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..........................................................................................................5

*Bravo v. Established Burger One LLC*,
No. 12 Civ. 9044 (CM), 2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013) ....................................3

*BYD Co. Ltd. v. VICE Media LLC*,
531 F. Supp. 3d 810 (S.D.N.Y. 2021), *aff'd*, No. 21-1097, 2022 WL 598973 (2d Cir. Mar. 1, 2022) .................................................................................................................................6, 7

*Kerik v. Tacopina*,
64 F. Supp. 3d 542 (S.D.N.Y. 2014).................................................................................7

*New Hampshire v. Maine*,
532 U.S. 742 (2001)..........................................................................................................2

*Palm Beach Strategic Income, LP v. Salzman*,
457 F. App'x 40 (2d Cir. 2012) .........................................................................................3

*Salis v. Dopico*,
2025 WL 880407 (2d Cir. Mar. 21, 2025), *cert. denied*, 146 S. Ct. 184 (2025) ......................8

### Statutes and Codes

United States Code
Title 18, Section 1512 ......................................................................................................6
Title 42, Section 1985(2) ..................................................................................................7

### Rules and Regulations

Federal Rules of Civil Procedure
Rule 12(b)(6)....................................................................................................................2
Rule 12(f) .........................................................................................................................2

### Other Authorities

*Daily Mail* .....................................................................................................................4, 7

**PRELIMINARY STATEMENT**

Plaintiff's opposition to the Pillsbury Defendants' Motion to Dismiss merely highlights the deficiencies in the TAC.[1]  Further, Plaintiff apparently seeks to avoid dismissal by ignoring arguments for which she apparently has no response and simply abandons several of her causes of action.  The TAC should be dismissed with prejudice.

Plaintiff cannot overcome the fact that the TAC and Plaintiff's opposition provide no specificity or particularity as to what actions the Pillsbury Defendants took that support any of the causes of action in the TAC.  Plaintiff cannot maintain a Section 1983 claim because Qatar is a foreign government and therefore the Pillsbury Defendants could not have acted under color of state law.  Plaintiff's civil RICO claim fails because Plaintiff cannot and does not allege that the Pillsbury Defendants conspired with any other Party, that they agreed to participate in a conspiracy, or acted in furtherance of a conspiracy.  And, as to Plaintiff's witness tampering and witness intimidation claims, Plaintiff makes no attempt to respond to the glaring deficiencies set forth in Pillsbury Defendants' Memorandum of Law in support of their Motion to Dismiss ("Opening Memorandum").

**I.**    **The TAC Violates This Court's Order Allowing Plaintiff Leave to Amend the Section 1983 and Declaratory Relief Claims**

Plaintiff cannot overcome the fact that the TAC exceeds the limited leave to amend granted by this Court.  Instead of addressing the authorities cited in Pillsbury Defendants' Opening Memorandum, which hold that courts routinely dismiss claims asserted beyond the scope of leave to amend, Plaintiff advances three procedural arguments: (1) the Court "ratified" the TAC; (2) the Pillsbury Defendants are judicially estopped from challenging the TAC because they moved to

---

[1] Unless otherwise defined in this memorandum of law, capitalized terms have the same meaning as in the Pillsbury Defendants' Opening Memorandum.

dismiss it; and (3) any challenge should have been brought under Rule 12(f). None of these arguments has merit.

First, Plaintiff does not dispute the central premise of the Pillsbury Defendants' motion: the TAC added entirely new defendants, including the Pillsbury Defendants, along with new factual theories and causes of action that were not authorized by the Court's Order granting Plaintiff limited leave to amend.  Nor does Plaintiff attempt to distinguish the authorities cited by the Pillsbury Defendants recognizing that district courts routinely dismiss claims asserted beyond the scope of leave granted by the court. Instead, Plaintiff simply ignores those authorities altogether.

Second, Plaintiff's reliance on judicial estoppel is misplaced.  Judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.  *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).  The doctrine applies only where a party has taken a position that is "clearly inconsistent" with a prior position, the prior position has been accepted by the court, and permitting the inconsistent position would create an unfair advantage. *Id.* at 750-51.  None of those circumstances exists here. Filing a motion to dismiss directed at the operative complaint does not concede that the complaint was properly filed, nor is it inconsistent with preserving and asserting the threshold argument that the pleading exceeds the Court's leave. Plaintiff cites no authority to the contrary.

Finally, Plaintiff's assertion that the Pillsbury Defendants waived their objection by proceeding under Rule 12(b)(6) rather than Rule 12(f) likewise fails.  Plaintiff cites no authority establishing that a Rule 12(f) motion is the exclusive means of challenging an amended pleading that exceeds the scope of leave granted by the Court.  Nor could she, as courts within this Circuit routinely dismiss claims asserted beyond the scope of permitted amendment in response to motions

2

to dismiss. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012); *see also Bravo v. Established Burger One LLC*, No. 12 Civ. 9044 (CM), 2013 WL 5549495, at *5 (S.D.N.Y. Oct. 8, 2013).  The Pillsbury Defendants properly challenged Plaintiff's unauthorized expansion of this litigation at their first available opportunity.

Because Plaintiff does not dispute that the TAC exceeds the scope of the Court's leave, and instead relies on unsupported waiver and estoppel theories, the TAC should be dismissed as to the Pillsbury Defendants on that basis alone.

## II.    Plaintiff's Opposition Sidesteps the "Color of *State* Law" Requirement and Fails to Save Her Defective Section 1983 Claim

In their Opening Memorandum, the Pillsbury Defendants explain that Qatar cannot be a state actor, and because plaintiff alleges no involvement by Pillsbury in the NYS litigation, there could be no joint activity with the NYS Judiciary.  Plaintiff ignores these arguments, claiming that Pillsbury acted "under color of law" by exercising sovereign authority via its registered foreign agent status for the State of Qatar and, by "suppressing Osama's licensure deficit," Pillsbury and the TCO "fused their private commercial interests with Qatari state action." (ECF 147, p. 13). Plaintiff ignores the case law cited in Pillsbury's Opening Memorandum holding that acts by a foreign government and its officials cannot constitute conduct under color of state law for purposes of a Section 1983 claim (ECF 142, p. 11) and cites no authority to the contrary.

Even if Qatar could constitute a "state actor," Plaintiff still fails to show that Pillsbury acted in concert with Qatar to do anything.  Plaintiff does not allege any facts even remotely suggesting Pillsbury "fused [its] private commercial interests with Qatari state action."  To the contrary, the TAC's alleges that Pillsbury deprived Qatar of "honest services" and *defrauded* Qatar.  (TAC, ¶¶ 62, 75).

3

Plaintiff's remaining allegations, which she characterizes as the "Procedural Weaponization" and the "Stigma-Plus Doctrine," have nothing to do with Pillsbury. The TAC does not identify any facts that remotely suggest the Pillsbury Defendants participated in the "Karen" narrative, or that any actions the Pillsbury Defendants purportedly took had any impact upon Plaintiff's law license or reputation. Accordingly, Plaintiff's Section 1983 claim fails as a matter of law. The Pillsbury Defendants also join in the reply arguments of the *Daily Mail* and Ballard Spahr Defendants (ECF 149, pp. 8-10), the *Independent* and Stracher Defendants (ECF 144, p. 2), and the DB and DWT Defendants. (ECF 146, pp. 8-9).

It is also worth noting that even if Plaintiff's allegations concerning Mr. Abu Dehays's license were correct—they are not[2]—those allegations are irrelevant because the TAC still fails to state a Section 1983.

## III.   Plaintiff Fails to Prove a Civil RICO Conspiracy

Plaintiff's TAC and her opposition fail to make a showing of a conspiracy. In its Opening Memorandum, the Pillsbury Defendants asserted Plaintiff does not allege with any specificity that the Pillsbury Defendants conspired with any other party and that the TAC is devoid of any assertion that the Pillsbury Defendants knowingly agreed to participate in a conspiracy or acted in furtherance of the conspiracy. In opposition, Plaintiff asserts that, "[b]y legitimizing Osama, Pillsbury embodied the enforcement arm of a racketing conspiracy, abandoning its role as a global

---

[2] Plaintiff alleges in her opposition that Pillsbury breached its Duty of Candor pursuant to NYRPC 3.3 by "knowingly concealing Osama's licensure deficit from this Court." (ECF 147, pp. 13-14). But Plaintiff's allegations concerning Mr. Abu Dehays's Jordanian law license are false, having been rejected by the Solicitors Regulation Authority ("SRA"). Mr. Abu Dehays was admitted to the Jordanian Bar Association as a Trainee Solicitor in 2002 and a Barrister in 2009 and Plaintiff knows this. Why? Because in May 2020, Plaintiff made a report to the SRA asserting Mr. Abu Dehays was not a licensed Jordanian lawyer. On July 16, 2020, the SRA conducted an investigation into Plaintiff's claim and required Mr. Abu Dehays to provide various documents, including a copy of his Certificate of Good Standing showing he is a qualified lawyer from Jordan. In August, 2020 the SRA informed Plaintiff the matter was closed. (ECF 78-6, p. 1). Separately, the SRA sent an email to Mr. Abu Dehays acknowledging that the Jordan Bar Association confirmed his certificate of good standing is genuine.

law firm.  Pillsbury exploited various Enterprise cogs to silence Plaintiff via the media 'hit pieces' and the weaponization of the New York anti-SLAPP statute . . ."  (ECF 147, p. 14).  But there is no dispute that Pillsbury not only had nothing to do with the alleged media "hit pieces," or at least the TAC contains no such assertion.  Moreover, Pillsbury was not involved in Plaintiff's state court litigation.

Plaintiff continues to cite to *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  But the *Twombly* decision actually supports dismissal of Plaintiff's claims:

> It makes sense to say, therefore, that an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. **Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality**.

*Id*. at 557 (emphasis added).

As set forth in Pillsbury's Opening Memorandum, the TAC contains no factual assertions that the defendants have interpersonal relationships, how they supposedly came to an agreement to act together or how they knew one another, whether they depend upon one another, and whether the alleged predicate acts could be accomplished without the assistance of other members.  Plaintiff's opposition does not respond to these deficiencies in the TAC and further underscores why Plaintiff's Civil RICO claim fails as a matter of law.

A.    Plaintiff Does Not Respond to the Pillsbury Defendants' Arguments That Wire Fraud, Extortion and Honest Services Fraud Cannot Constitute Predicate Acts

In its Opening Memorandum, Pillsbury Defendants argued that wire fraud cannot constitute a predicate act for Plaintiff's civil RICO claim because Plaintiff failed to explain how a communication to a reporter had any relationship to any scheme related to the Plaintiff, how it could harm the Plaintiff, or how the statement was even fraudulent, let alone *knowingly* fraudulent.  (ECF 142, pp. 16-18).  Pillsbury Defendants further argued that extortion cannot constitute a

5

predicate act because routine settlement offers do not give rise to extortion claims, but more importantly, the TAC does not allege Pillsbury had any role in connection with the settlement offer. (ECF 142, p. 19). Finally, Pillsbury Defendants explain that honest services fraud cannot constitute a predicate act because the TAC does not allege Pillsbury was part of any bribery or kickback scheme and further, that such a claim is barred by the Statute of Limitations. (ECF 142, pp. 19-20). Plaintiff does not address any of these arguments in her opposition. Therefore, they are waived. *BYD Co. Ltd. v. VICE Media LLC*, 531 F. Supp. 3d 810, 819 (S.D.N.Y. 2021), *aff'd*, No. 21-1097, 2022 WL 598973 (2d Cir. Mar. 1, 2022) ("[Plaintiff's] failure to oppose Defendants' specific argument in a motion to dismiss is deemed waiver of that issue.") (citation omitted).

B.   Plaintiff's Witness Tampering Claim Fails as Both a Predicate Act and a Substantive Claim

In their Opening Memorandum, Pillsbury Defendants explained that witness tampering pursuant to 18 U.S.C. § 1512 could not serve as a predicate act because publications do not give rise to actionable RICO claims, courts reject predicate acts based upon litigation activities, and no official proceeding was pending at the time of the alleged actions. (ECF 142, p. 18). Separately, Pillsbury Defendants also moved to dismiss Count IV of the TAC, which seeks to bring a cause of action for Witness Tampering pursuant to the same statute. (*Id*., pp. 21-22).

Plaintiff's opposition concedes that Count IV fails to state a claim, as Plaintiff now concedes, "Plaintiff does not assert § 1512 as a standalone civil claim; it is a predicate act of racketeering supporting the RICO conspiracy charge." (ECF 147, p. 15). Thus, Count IV should be dismissed.

Regarding Plaintiff's assertion that Section 1512 constitutes a predicate act, Plaintiff ignores Pillsbury Defendants' arguments and case law and declares witness tampering can serve as a predicate act because RICO explicitly incorporates it as an actionable predicate act of

6

racketeering.  But that is not the issue.  Plaintiff still must state a claim that a defendant committed an actionable predicate act and has failed to do so here.  *See, e.g., Kerik v. Tacopina*, 64 F. Supp. 3d 542, 563 (S.D.N.Y. 2014) (dismissing complaint because plaintiff failed to plausibly state a claim for any actionable predicate act).

Pillsbury also joins in the reply arguments of the *Daily Mail* and Ballard Spahr Defendants (ECF 149, pp. 10-15), the *Independent* and Stracher Defendants (ECF 144, pp. 2-6), and the DB and DWT Defendants.  (ECF 146, pp. 9-14).

**IV.    Plaintiff Fails to Respond to Pillsbury Defendants' Argument that Count III, Witness Intimidation, Should Be Dismissed**

Count III of the TAC is a claim for Witness Intimidation pursuant to 42 U.S.C. § 1985(2). Pillsbury Defendants moved to dismiss this cause of action on the ground that conclusory allegations of a conspiracy do not suffice, that Plaintiff failed to plead that the Pillsbury Defendants had any part in the "Walk-Away Settlement Offer," and that Plaintiff failed to plead force, intimidation or threat. (ECF 142, pp. 20-21).  Plaintiff's opposition does not respond to these arguments and therefore are waived and so Count III should be dismissed.  *BYD Co. Ltd.*, *supra*.

**V.    Plaintiff's New Factual Allegations Concerning Mr. Flanders are Improper and Should Be Rejected**

In response to Pillsbury Defendants' argument that the TAC should be dismissed as to Edward Flanders because the TAC does not allege any specific conduct by Mr. Flanders (ECF 142, p. 22), Plaintiff now asserts, for the first time, that she made "personal observations" of Mr. Flanders' internal firmwide invitations to attend Osama's marketing meetings, which Plaintiff claims establishes Mr. Flanders' "active role in promoting and willful blindness to the Enterprise's fraud."  Plaintiff also claims Mr. Flanders made misrepresentations to the DOJ (which Plaintiff does not specify) and other alleged conduct.  None of these allegations is pled in the TAC and they should therefore be rejected.  Even if they were true, Plaintiff fails to connect any of this alleged

7

conduct to the other defendants or otherwise suggest that Mr. Flanders was part of Plaintiff's purported "conspiracy." Plaintiff fails to allege that Mr. Flanders violated any law or harmed the Plaintiff, and although all of Plaintiff's claims should be dismissed as a matter of law, in the alternative, all claims against Mr. Flanders should be dismissed as the TAC does not allege any specific conduct by Mr. Flanders. *Salis v. Dopico*, 2025 WL 880407, at \*2 (2d Cir. Mar. 21, 2025) (summary order), *cert. denied*, 146 S. Ct. 184 (2025).

## <u>CONCLUSION</u>

For the foregoing reasons, and those contained in Pillsbury Defendants' Opening Memorandum, it is respectfully submitted that Plaintiff's TAC should be dismissed, with prejudice.

Dated: New York, New York
July 10, 2026

/s/ Matthew D. Stockwell
Matthew D. Stockwell (NY Bar ID 4382081)
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, NY 10019
Phone: 212.858.1000
Fax: 212.881.9493
matthew.stockwell@pillsburylaw.com
*Counsel for Defendants Pillsbury Winthrop Shaw Pittman LLP and Edward Flanders*

8

**CERTIFICATION**

Under Local Civil Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I certify that, excluding the caption, table of contents, table of authorities, signature block, and this certification, the foregoing memorandum of law contains 2,428 words. In preparing this certification, I have relied on the word count of the Microsoft Word processing system used to prepare this memorandum of law.

Dated: New York, New York
      July 10, 2026

/s/ Matthew D. Stockwell
Matthew D. Stockwell

9