1:2024cv09978

# EXHIBIT J:
# ENHANCED UPDATED CHRONOLOGY

1:2024cv09978

## UPDATED EXTENDED CHRONOLOGY
### (May 3, 2026 VERSION- Resubmitted on July 13 for Substitution)
*This "Extended Chronology" serves to map out Plaintiff's RICO and Section 1983 allegations in the TAC. It is a reference tool only, a deconstruction of the TAC in table form with a few administrative flags included.*

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| 1. | **July 2002** | **Graduation (Kent, England):** Osama obtains Common Law LLB in Canterbury, England. | Undisputed – Per Plaintiff's correspondence with a LinkedIn colleague who was a former accountant at the University of Kent at Canterbury, Osama did graduate with his LLB as asserted. | **Exhibit I:** Osama's LinkedIn and Pillsbury Biographies. |
| 2. | 2002 | Per Pillsbury's Matt Hyams' (then Director of Public Relations) July 26, 2019, correspondence with Defendant Luke Rosiak (Row No. XX), Osama obtained his Jordanian law license in 2002, the same year he obtained his LL.B. from the University of Kent at Canterbury, England, which is a mathematical impossibility when compared | **Predicate Act:** 18. U.S.C. § 1343 (Wire Fraud) and § 1512 (Witness Tampering / Obstruction). **Rule Violation:** NYRPC 5.1 (Supervision) and 8.4(c) (Misconduct). | **Exhibit M:** Jordanian Bar Association - How to Become a Lawyer. **Exhibit P**: Matt Hyams (Pillsbury) July 26, 2019, Emails about Osama's Jordanian credentials. |

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | with the rules of the Jordanian Bar Association (JBA, How to Become a Lawyer). | | |
| **TRACK A: THE "DE JURE" REQUIREMENT** *(i.e., What The Jordanian Bar Association Law No. 11 of 1972 requires of candidates to become a licensed Jordanian lawyer).* | | | | |
| 3. | 2002-2003 | **Degree Recognition:** 6-month Ministry of Higher Education audit of Osama's University of Kent at Canterbury (England) for "Equivalency". | **Dubai Entry:** Osama joins MBC Group in Dubai as an Associate Lawyer. **Unauthorized Practice of Law ("UPL") Predicate:** Practicing under the "Partner" label without legal qualification. | **Exhibit I:** Osama's LinkedIn and Pillsbury Biographies. **Exhibit M:** Jordanian Bar Association - How to Become a Lawyer. |
| 4. | 2002-2003 | **Bridging Course:** Mandatory 1-year Civil/Sharia equivalency for UK graduates in Amman, Jordan. The Bridging Course covers the Jordanian Napoleonic Code/Civil Law/ Sharia Law). | **Zero Gap:** Osama claims 2002 licensure while working full-time in Dubai at MBC. **Predicate Act:** **Wire Fraud (18 U.S.C. § 1343):** Electronic transmission of false pedigree. **Rule Violation:** NYRPC 5.1(d): Institutional ratification | **Exhibit P:** Matt Hyams (Pillsbury) July 26, 2019, Emails about Osama's Jordanian credentials. |

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | | of a chronological impossibility. | |
| 5. | 2004-2005 | **Apprenticeship:** Two years of mandatory, continuous residency in Jordan.<br><br>**Per Article 8 of the JBA Law (No. 11 of 1972),** the apprenticeship is not a correspondence course. It requires:<br><br>**1. Continuous Physical Residency in Jordan:** The trainee must reside in Jordan for the full two-year duration.<br><br>**2. Daily Supervision:** The trainee must work daily under a "Senior Advocate" (a lawyer with at least 10 years' experience) at a registered Jordanian law firm. | **Zero Gap:**<br><br>Osama claims 2002 licensure while working full-time in Dubai at MBC (2002-2005).<br><br>**Predicate Act:** 18 U.S.C. § 1343 (Wire Fraud / UPL).<br><br>**Rule Violations:**<br><br>NYRPC 5.1(d) (Supervisory Responsibility) & 8.4(c) (Misconduct). | **Exhibit I:** Osama's LinkedIn and Pillsbury Biographies.<br><br>**Exhibit M:** Jordanian Bar Association - How to Become a Lawyer. |

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | **3. Court Attendance:** The trainee must attend a minimum number of court sessions and document them in a physical "training log" verified by the JBA.<br><br>The apprenticeship culminates with a dissertation written under the supervision of the supervising senior Jordanian advocate (it should be in the physical JBA files) and final exams. | | |
| 6. | 2002-2003 | **The JBA Mandate (Legal Requirement):**<br><br>**Mandatory Residency:** Continuous physical presence in Jordan for a two-year apprenticeship. | **Predicate Act:**<br><br>18 U.S.C. § 1343 (Wire Fraud)<br><br>**Rule Violation:**<br>NYRPC 5.1(d) & 8.4(c) | **Exhibit M:** Jordanian Bar Association - How to Become a Lawyer. |

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| 7. | 2002-2003 | **The JBA Requirement (Legal Requirement):**<br><br>**Educational Bridging Course** (<br><br>Under JBA Law (No. 11 of 1972), specifically Article 8, a candidate must hold a degree in law from a recognized university. However, for foreign degrees from Common Law jurisdictions (like the UK):<br><br>**1. The Equivalency Requirement:** The Ministry of Higher Education and the JBA require a Certificate of Equivalency.<br><br>**2. The Substantive Gap:** A Common Law degree (Kent) does not cover the | **The Predicate Act:**<br><br>18 U.S.C. § 1341 (Mail/Wire Fraud). | **Exhibit M:** Jordanian Bar Association - How to Become a Lawyer. |

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | Jordanian Civil Code (based on the Egyptian/French model) or the **Code of Civil Procedure.** <br><br> **3. The Exam:** Bridging this gap requires passing specific exams in Arabic covering Jordanian constitutional, civil, and Sharia law. | | |
| **TRACK B: THE "DE FACTO" REALITY** <br> (*What Osama Abu Dehays was really doing while, all things being equal, he should have been in Jordan doing his training contract per the JBA Rules*) | | | | |
| 8. | 2002-2005 | **Physical Absence from Jordan:** Osama joins MBC (Middle East Broadcasting Centre) as an Associate Lawyer. MBC Group Headquarters are in KSA and there is a Dubai Office[1], where Osama is | **Predicate Act:** <br><br> 18 U.S.C. § 1343 (Wire Fraud). <br><br> **Rule Violation:** <br><br> NYRPC 5.1(d) and 8.4(c) ("Conduct involving dishonesty, fraud, deceit, or misrepresentation"). | **Exhibit I:** Osama's LinkedIn and Pillsbury Biographies. <br><br> **Physics Conflict:** Osama cannot satisfy the Jordanian residency while physically in Dubai. |

---

[1] MBC (Middle East Broadcasting Center), https://www.mbc.net/contact-us, (last accessed April 16, 2026).

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | understood to have worked. | | |
| 9. | 2005-2009 | **Arab Media Group ("AMC"), Dubai, UAE:** Osama joins AMC as Head of Legal & Business Affairs.<br><br>Osama is employed continuously by AMC in Dubai. | **Predicate Act:**<br><br>Wire Fraud (18 U.S.C. § 1343): Utilizing the false "Jordanian Partner" pedigree to secure high-level corporate roles in the UAE, and later Qatar and London. | **Exhibit I:** Osama's LinkedIn and Pillsbury Biographies.<br><br>No record of Jordanian practice or physical residency. |
| 10. | 2009-2012 | **Al Jazeera Media Network (AJMN), Doha, Qatar:** Osama joins Al Jazeera as the Chief Legal Counsel. | **Predicate Acts:**<br><br>18 U.S.C. § 1343 (Wire Fraud - Transnational).<br><br>18 U.S.C. § 1341 (Mail Fraud).<br><br>18 U.S.C. § 1346 (Honest Services).<br><br>UPL Predicate/ Sovereign Fraud. | **Exhibit I:** Osama's LinkedIn and Pillsbury Biographies.<br><br>No record of Jordanian practice or physical residency. |
| 11. | 2009-2011 | **Yousef Al Jaber ("Al Jaber"), Senior Legal Counsel and Qatari Lawyer, sues Osama Abu Dehays, AJMN, and the Chairman of AJMN in Qatari Civil Court.** | **UPL Predicate:**<br><br>Conclusive proof of practicing without the claimed license.<br><br>**18 U.S.C. § 1341 (Mail/Honest Services Fraud):** | **Physical Audit by Licensed Professional:** Qatari lawsuits are not matters of public record, so it is not possible to access Al Jaber's lawsuit. |

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | Al Jaber travelled to Jordan to investigate Osama's professional credentials and did not find Osama on the JBA roster. | Continued extraction of state funds via fraudulent status. | Plaintiff reports the Licensure Deficit as a direct communication from a witness with first-hand knowledge of his own investigation.<br><br>If Yousef were lying, he would have faced harsh penalties in Qatar, which he did not. |
| 12. | 2010-2011 | **Plaintiff is Offered Job at AJMN (July 2010);** Osama sabotages the onboarding, causing Plaintiff extreme financial and emotional distress, leaving her stranded in a foreign country as a single woman and sinking deeper into debt in a country that jails debtors; **Plaintiff finally joins AJMN in February 2011.** | **Predicate Act:**<br><br>18 U.S.C. § 1512 (Witness Tampering). | **Exhibit L:** Plaintiff lobbies Sh. Ahmed for the salary she lost because Osama Abu Dehays' sabotage of her onboarding.<br><br>Preventative obstruction to hide Osama's Licensure Deficit. |
| 13. | 2012-2014 | **Bird & Bird, Qatar & UAE:** Osama joins Bird | **Predicate Acts:** | **Exhibit I:** |

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | & Bird as a corporate partner. Bird & Bird marketed Osama as a 2002 Jordanian lawyer; physically located in the UAE/Qatar. | 18 U.S.C. § 1343 (Wire Fraud).<br><br>18 U.S.C. § 1341 (Mail Fraud - Honest Services).<br><br>UPL.<br><br>**Rule Violation:**<br><br>NYRPC 8.4(c). | Osama's LinkedIn and Pillsbury Biographies.<br><br>No record of Jordanian practice or physical residency. |
| 14. | 2014 – now | **Pillsbury Winthrop Shaw Pittman LLP – Osama joins as a Corporate Partner** | **Predicate Acts:**<br><br>18 U.S.C. § 1343 (Wire Fraud).<br><br>Mail Fraud (18 U.S.C. § 1341) | **Exhibit I:** Osama's LinkedIn and Pillsbury Biographies - Osama/Pillsbury advertise Osama as a Jordanian licensed lawyer. |
| 15. | 2014 | **Pillsbury files a FARA form registering Osama as a new corporate partner.** | **Predicate Acts:**<br><br>Violation of FARA (22 U.S.C. § 618 and 18 U.S.C. § 1001)<br><br>Wire Fraud (18 U.S.C. § 1343) | **Exhibit B:** Pillsbury's FARA Filing dated March 2015 (See Exhibit 2) |
| 16. | 2003 - 2026 | **Everchanging Pillsbury Biography:** Osama claims to have a Postgraduate Degree, | **Predicate Act:**<br><br>Wire Fraud (18 U.S.C. § 1343): Misrepresentation of pedigree to induce contracts. | **Exhibit I:** Claims "Postgraduate Degree / LL.M." from Oxford University. Oxford only offers a PGDip |

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | International Intellectual Property, University of Oxford – presents it as an LL.M. in IP Law (Oxford's IP Postgraduate Degree is an MSc or a PGDip or the WIPO[2] IP summer course). | **Rule Violation:**<br><br>NYRPC 8.4(c): Conduct involving dishonesty and deceit by the firm. | or an MSc in Intellectual Property, not an LL.M. Alternatively, they offer a WIPO IP summer school. |
| 17. | **March 2019** | **The Daily Caller:** Adam Lovinger (non-party) introduces Plaintiff to The Daily Caller in Washington, D.C.<br><br>Plaintiff collaborates with Defendants Luke Rosiak and John Hawley from March 2019 to August 2019 on what was supposed to be a story about Osama's Licensure Deficit and malfeasance witnessed and investigated by Plaintiff while | **Actual Notice:**<br><br>Media Defendants are fully apprised of the UPL Predicate.<br><br>**Predicate Act:**<br><br>18 U.S.C. § 1512: Coordinated obstruction of a whistleblower's disclosure. | Defendants Rosiak and Hawley receive the full dossier on the Licensure Deficit. |

[2] The Oath, "Osama Abu-Dehays joins Pillsbury", November 2014, https://theoath-me.com/osama-abu-dehays-joins-pillsbury/ (last accessed April 16, 2026).

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | they overlapped at AJMN (2011-2012). | | |
| 18. | **March 2019 – August 2019** | **John Hawley (Ex-Special Ops according to Hawley):** John Hawley, the fixer appointed by The Daily Caller to investigate my article about Osama Abu Dehays, confirmed that he had an investigator in Jordan check Osama's "law license" and confirmed **it was a "very good forgery."**<br><br>The Daily Caller told me they would print the article about Osama but at the last minute they pivoted and a derisory article about me. | **Predicate Acts:**<br><br>**RICO Conspiracy (18 U.S.C. § 1951(Wire Fraud; Malice in Fact) and § 1962(d)) (Investigative Fraud):**<br><br>The transition from investigating and confirming a fraudulent operative (Osama Abu Dehays) to launching a smear campaign against the person who exposed him (Plaintiff / the "Karen Smear") is the definitive RICO Turning Point. This is not just a change of editorial direction; it is the moment the Enterprise moved from "Damage Control" to Active Racketeering.<br><br>Extortionate Interference with Plaintiff's professional standing.<br><br>**The Pivot:** By "pivoting," The Daily Caller/Enterprise used the media platform as a Racketeering Tool to | **Forensic Truth:** Every communication where The Daily Caller Defendants promised to "print an article about Osama" while preparing the smear campaign is a discrete act of Wire Fraud.<br><br>**The Bait-and-Switch:** The Daily Caller/Osama/ Pillsbury Enterprise used interstate wires (emails/calls/Whats Apps) to induce Plaintiff's cooperation under the false pretenses (the "Osama investigation") to gather intelligence for the subsequent attack. This establishes bad faith and malice, stripping The Daily Caller of the "Fair Report Privilege" or "First Amendment" |

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | | protect the Osama/Pillsbury Node. This proves that the daily caller was not an independent news organization, but a functional wing of the Enterprise.<br><br>Physical and Psychological Intimidation: The fact that The Daily Caller identified Hawley as "Ex-Special Ops" adds a lawyer of physical and psychological intimidation to the predicate acts. | protections usually afforded to the press.<br><br>This was not "journalism"; it was a "hit job" by a RICO wingman. |
| 19. | **July 20, 2019 – September 10, 2020** | **SRA:** Plaintiff initiates Investigation into Osama at the Solicitors Regulatory Authority (SRA), Birmingham, England which results in no investigation into Osama, despite the logic that Plaintiff presented to them about how his Licensure Deficit is certain | **Predicate Acts:**<br><br>18 U.S.C. § 1343 (Wire Fraud) – Pillsbury continued to market Osama as a "Partner" in London and Qatar even after presenting the SRA with the Licensure Deficit.<br><br>18 U.S.C. § 1512 (Obstruction/Witness Tampering) – although the SRA is not a party to this lawsuit, if the Enterprise used its institutional vault to provide false or | **Exhibit T: SRA Emails**<br><br>**Forensic Blockade:** Proof that the fraud has bypassed international regulatory safeguards.<br><br>**Institutional Ratification:** Silence from the SRA is used as a shield to continue the **$4.5 Billion** fraud. |

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | | misleading assurances to the SRA to kill the investigation, they engaged in witness tampering.<br><br>**Rule Violation:**<br><br>NYRPC 5.1(d) (Failure to remediate) & 8.4(c) (Misconduct involving deceit). | |
| 20. | July 26, 2019 | Matt Hyams confirms via email to Defendant Luke Rosiak that "*I can confirm Osama Abu-Dehays was admitted to the Jordanian Bar Assocation in 2002 and that his Bar number is 11840. He is also registered with the UK's Solicitors Regulation Authority as a registered foreign lawyer and is a member of the Law Society of* | **Ethical Violation New York Rule of Professional Conduct (NYRPC) 5.1 (Failure to Supervise).**<br><br>**Predicate Act:**<br><br>18 U.S.C. § 1341 & 1343 (Wire and Mail Fraud). | **Exhibit P**: Matt Hyams (Pillsbury) Emails about Osama's credentials.<br><br>**Exhibit M:** Jordanian Bar Association - How to Become a Lawyer. |

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | *England and Wales.*" | | |
| 21. | **August 3, 2019** | Defendants The Daily Caller and Luke Rosiak publish the "bait and switch" article about Plaintiff – **<u>conspicuously six days after the correspondence with Matt Hyams of Pillsbury</u>** - omitting Osama's fraud, per the mutual understanding which is why Plaintiff cooperated with The Daily Caller. | **Predicate Acts:** <br><br> Primary Predicate Act 18 U.S.C. § 1512 (Witness Tampering / Retaliation). <br><br> The Secondary Predicate: **18 U.S.C. § 1343 (Wire Fraud – Honest Services).** <br><br> **NYPRC 8.4(c) (Misconduct):** <br><br> A lawyer shall not engage in conduct involving "dishonesty, fraud, deceit, or misrepresentation." | **Exhibit Q:** The Daily Caller Article, August 3, 2019 (now unpublished). |
| 22. | **March 2020** | Plaintiff notifies Pillsbury Partners (Debra Erni, Edward Flanders, David Dekker, and Edward Perron) of Osama's Licensure Deficit. | **Predicate Act:** <br><br> 18 U.S.C. § 1343: Ongoing pattern of racketeering activity. <br><br> Rule Violation: NYRPC 5.1(d): <br><br> Intentional failure to mitigate a known UPL violation. <br><br> **NYRPC 8.4(c):** | **Exhibit D:** Plaintiff's email to Debra Erni about Osama's Licensure Deficit. <br><br> **Exhibit E:** Plaintiff's email to Edward Flanders about Osama's Licensure Deficit. <br><br> **Exhibit F:** Plaintiff's Email to |

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | | Conduct involving dishonesty, fraud, and deceit. (2020-Present). | David Dekker about Osama's Licensure Deficit. **Exhibit G:** Plaintiff's Email to Edward Perron about Osama's Licensure Deficit. The Pillsbury partners ignored Plaintiff. Debra Erni refused to take her phone call from New York when she followed up the next day. |
| 23. | April 7 to 14, 2021 | **Ethan Barton (Former Editor-in-Chief of The Daily Caller) ("Barton") agrees to unpublish the August 3, 2019, Article.** In unpublishing The August 3, 2019, Article, Barton waived a **"White Flag."** The Editor-in-Chief essentially admitted they were caught running a "Hit | **Predicate Acts:** 18 U.S.C. § 1512 (Witness Tampering & Retaliation). 18 U.S.C. § 1343 (Wire Fraud). 18 U.S.C. § 1951 (Extortion/Interference with Commerce) | **Exhibit Q:** The August 3, 2019, Article in The Daily Caller **Exhibit S:** Ethan Barton Emails |

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | Piece" for the Enterprise. | | |
| 24. | **May 17, 2023** | Plaintiff Tweets about an uncomfortable interaction with "unlicensed vendor" in the Riverside Park ("Tweet"). The Tweet inexplicably gets almost 7 million views. | N/A | |
| 25. | **May 18 – 19, 2023** | Defendants Daily Beast[3], Daily Mail[4], The Independent[5] | **Predicate Acts:** 18 U.S.C. § 1512 (Intimidation). | Daily Mail's inclusion of Plaintiff's home address and |

[3] See AJ McDougall, *NYC Lawyer Roasted for Calling 911 on a Food Vendor*, **The Daily Beast** (May 18, 2023), available at https://www.thedailybeast.com/nyc-lawyer-sonya-shaykhoun-roasted-for-calling-911-on-a-food-vendor/. This publication served as the **Forensic Opening** of the 2023 retaliatory strike. By publishing this "roasting" narrative five days prior to the **Daily Mail's** doxing of Plaintiff's home address, the Daily Beast Defendants initiated a coordinated **Predicate Act** under **18 U.S.C. § 1512** (Witness Retaliation). The intent was to saturate the digital environment with a derogatory professional narrative to preemptively discredit Plaintiff's disclosures regarding the **Licensure Deficit** anywhere (as she had attempted to do in 2019 with The Daily Caller, which resulted in a "bait and switch" that demeaned her and was silent on Osama's Licensure Deficit. (Accessed April 16, 2026.)

[4] See Noa Halff, *New York City lawyer is roasted for calling 911 on two female vendors selling food in Upper West Side park without a permit: 'Get a life, Karen,'* **DailyMail.com** (May 19, 2023), available at https://www.dailymail.co.uk/news/article-12103463/Outrage-erupts-NYC-lawyer-unleashes-fury-vendors-selling-food-without-permit-local-park.html. This publication served as the primary vehicle for the "Doxing Protocol," intentionally exposing Plaintiff's private residence to a global audience to incite third-party harassment and physical intimidation in retaliation for Plaintiff's disclosure of the UPL Predicate. (Accessed April 16, 2026.)

[5] Bevan Hurley, *NYC Lawyer roasted on Twitter for reporting illegal food stand rails against city's 'rapid deterioration'*, **The Independent**, (19 May 2023), https://www.independent.co.uk/news/world/americas/food-stall-lawyer-sonya-shaykhoun-new-york-b2342213.html (accessed April 16, 2026). Published within 24 hours of the **Daily Beast** "Lead Strike" (May 18), this article constitutes a secondary **Predicate Act** under **18 U.S.C. § 1512** (Witness Retaliation). By immediately mirroring the derogatory narrative, The Independent

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | publish conspicuously similar articles bashing Plaintiff as a "Karen." | 18 U.S.C. § 2261A (Cyberstalking). | specific residential identifiers in the May 23, 2023, article constitutes a violation of 18 U.S.C. § 1512 (Witness Retaliation) and 18 U.S.C. § 2261A (Cyberstalking) Plaintiff objected to the doxing in in the NY Supreme Court but the Hon. Judge d'Auguste refused to hear the case based on anti-SLAPP laws providing uneven protection to the media Defendants. |
| 25. | **May 2023** | "Do Not Hire" messages on LinkedIn, The American Lawyer, and Next Door started appearing under Plaintiff's name and law firm. | **Predicate Acts:** **Economic Kill Shots – Blacklisting and Tortious Interference (not a cause of action in the TAC):** Wire Fraud (18 U.S.C. § 1343) and conspiracy to destroy Plaintiff's livelihood. | |
| 26. | **May 2024** | Plaintiff sued Defendants in | Plaintiff raised 15 causes of action, including defamation, | See: NYSC, Index No. 10058/2024. |

Defendants acted in concert with the **Enterprise** to create a "Social Phalanx," ensuring that Plaintiff was professionally neutralized across international jurisdictions before the **Daily Mail** deployed the physical **Doxing Protocol** on May 23.

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | New York Supreme Court. Judge James Edward d'Auguste presiding. | defamation per se, vicarious liability, injurious falsehood, prima facie tort, negligent misrepresentation causing harm, fraudulent inducement, fraud and deceit, equitable fraud, equitable estoppel, promissory estoppel, unjust enrichment, copyright infringement, breach of privacy, and emotional distress. | |
| 27. | **November 20, 2024** | Judge James Edward D'Auguste holds conference with Plaintiff and Defendants. It is "off the record" and Plaintiff does not have a witness. D'August gives Plaintiff the option of withdrawing the case by 12/31/24 or being liable for Defendants' attorneys' fees. | **Predicate Acts:** Violation of 42 U.S.C. § 1983 and the Due Process Clause. **18 U.S.C. § 1951:** Interference with commerce via judicial extortion. | See: NYSC, Index No. 10058/2024, Document No. 26 "Notice of Withdrawal of Action / Proceeding" (Order of Voluntary Discontinuance). |
| 28. | **December 27, 2024** | Plaintiff commences the SDNY action. | The primary cause of action was copyright infringement. | See: 1:2024cv09978-ALC |

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | | | |
| 29. | **December 31, 2024** | Plaintiff withdrew the case voluntarily. | N/A | See: Doc. No. 26, NYSC Index No. 10058/2024 |
| **THE INSTITUTIONAL BLOCKADE AND STATE-ACTOR COLLUSION (42 U.S.C. § 1983) – THE SYSTEMIC SUPPRESSION OF THE FORENSIC LEDGER (JULY 2025 – APRIL 2026).** | | | | |
| 30. | **January 27, 2025** | Kate Bolger, Esq. (DWT) and Thomas Sullivan, Esq. (Ballard Spahr) file Notices of Entry, accepting Plaintiff's withdrawal. | N/A | See: Doc. 28 and Doc. 29, NYSC, Index No. 10058/2024. |
| 31. | **June 2, 2025** | Kate Bolger, Esq. files fee motion against Plaintiff, despite filing a Notice of Entry on January 27, 2025, with no reservations. | Breach of "Without Liability" Clause of the January 15, 2015, Signed Order.<br><br>Ignored the Good-Faith Agreement made with Judge d'Auguste in the "off-the-record" conference on November 20, 2024. | See: Document No. 33, NYSC Index No. 10058/2024. |
| 32. | **June 11, 2025** | Plaintiff files a Cross-Motion for Sanctions against Kate Bolger, Esq., Lindsey Cherner, Esq. and DWT. | Notice of Entry Without Reservation entered by Kate Bolger, Esq. on January 27, 2025.<br><br>Breach of Judiciary Law § 487 | See: Doc. No. 49, NYSC Index No. 10058/2024.<br><br>The return date was July 1, 2025, and there has been |

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | Judge d'Auguste has had Plaintiff's Cross-Motion for Sanctions since June 11, 2025, the reply date to which was July 1, 2025, and he has yet to address it.<br><br>Despite the date of the Order Denying Fee Waiver (Doc 77), it was not uploaded to NYSCEF until April 10, 2026, more than six months later, just as the SDNY deadlines approached. | Frivolous and Vexatious Litigation Tactics<br><br>Collateral Estoppel.<br><br>NYRPC 3.1 & 3.3: Deceit toward the Tribunal | no movement on the matter except that Court declined Plaintiff's fee waiver application (see **Doc. No. 77**, dated October 19, 2025, but not received by NYSCEF until April 10, 2026.)<br><br>The disparity in response times to DWT's motions (very quick) as compared with response times to Plaintiff (10+ months) is stark, supporting Plaintiff's Section 1983 claims that her constitutional rights to Due Process and Equal Protection face prejudice in the State Court.[6] |
| 33. | **July 1, 2025** | Return Date of Cross Motion for Sanctions (Dormancy Begins) | **42 U.S.C. § 1983:** Denial of the right to be heard. | The State Court initiates 314-day administrative freeze on Plaintiff's motion. |

---

[6]

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| 34. | **October 19, 2025** | Shadow Order Signed (Doc. No. 77) | **18 U.S.C. § 1503:** Ostensibly administrative delay resulting in the strategic withholding of the October 19, 2025, Order until April 10, 2026. | Order signed by Judge d'Auguste but withheld from the public docket without explanation. |
| 35. | **April 10, 2025** | NYSCEF Strategic Reveal – Judge d'Auguste denied Plaintiff's fee waiver request, even though Defendants" smear campaign deleteriously impacted her practice, license, and earning capacity. | **Concerted Activity:** Forensic proof of State/Private actor coordination. | Order released only 6 days before the SDNY Defendants' synchronized filing. |

*Conclusion: The State Court's 314-day administrative dormancy (July 1, 2025 – April 10, 2026) resulted in a de facto blockade of the forensic ledger. The withholding of the October 19, 2025, order from the public docket until the eve of federal filings effectively facilitated the retaliatory protocol, thereby depriving Plaintiff of due process under color of state law.*

| | | | | |
|---|---|---|---|---|
| | **JUDGE CARTER'S FEBRUARY 26, 2026, ORDER & OPINION AND PLAINTIFF'S THIRD AMENDED COMPLAINT DUE APRIL 8, 2026** | | | |
| 36. | **February 26, 2026** | Hon. Judge Carter's Order & Opinion Dismissing copyright infringement claim and | N/A | See Doc. 75, 1:2024cv09978-ALC |

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | granting Plaintiff leave to file an amended complaint as to the Section 1983 and declaratory relief claims. | | |
| **EXTRAJUDICIAL PUBLICITY AND SOCIAL ENGINEERING (NYRPC 3.6 & 18 U.S.C. § 1512)** | | | | |
| 37. | **March 2, 2026** | **Volokh Blog Post #1:** Eugene Volokh publishes first blog about the relatively obscure SDNY case.<br><br>The blog post explicitly names Thomas Sullivan, Esq. and Saumya Vaisampayan, Esq., indicating that they sponsored the article, which ends with a derogatory mention about the aptness of Plaintiff's brand moniker, "The Commercially Savvy Lawyer." | **Predicate Acts:**<br><br>18 U.S.C. § 1512 (Witness Tampering/Harassment)<br><br>18 U.S.C. § 1343 (Wire Fraud / Branding Theft)<br><br>**Rule Violation:**<br>NYRPC 8.4(c) & 3.6 (Trial Publicity) | **Exhibit H:** *The Volokh Conspiracy, "Reproducing Controversial Tweet in News Story = Fair Use," Eugene Volokh, March 2, 2026, 8:48 am* |
| 38. | **April 11, 2026** | **Volokh Blog Post # 2:** Eugene | **18 U.S.C. § 1512:** | **DERIVATIVE STRIKE:** Academic |

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | Volokh pens a second blog post entitled, "Follow-up to 'Reproducing Controversial Tweet in News Story – Fair Use' Post"[7] **Curated "Bot-Type" Comments:** Orchestrated social derision ("Karen" tropes) to create a "Social Wall" against the **JBA Roster** disclosures. | Witness Retaliation / Harassment. **Pattern: "The Karen Protocol"** **18 U.S.C. § 1343:** Wire Fraud (Intangible Rights to professional standing). | derision following the "Shadow Reveal." Curated comments section targeting Plaintiff's "aptitude." The "Academic Pincer": Published exactly five days before the defense lawyers hit "submit" on their federal oppositions, the follow-up post ensures that your litigation remains "socially toxic" in the legal community. By keeping the derisive narrative active, the Defendants utilize Volokh's pedigree to validate their "futility" arguments. Given that the March 2, 2026, blog post about an obscure case made it to Volokh's blog |

---

[7] Eugene Volokh, *Follow-Up to "Reproducing Controversial Tweet in News Story = Fair Use" Post,* The Volokh Conspiracy, (April 11, 2026), Reason.com, https://reason.com/volokh/2026/04/11/follow-up-to-reproducing-controversial-tweet-in-news-story-fair-use-post/ (Accessed April 16, 2026.)

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | | | and only referenced Thomas Sullivan, Esq. and Saumya Vaishampayan, Esq., it begs the question if Ballard Spahr is deliberately placing these blog posts and bot-type comments to prejudice the Court and to ensure Plaintiff continues to be cast as a "Karen" and a "loose cannon." The Enterprise continues to demonize Plaintiff to ensure her TAC is received with skepticism instead of through the lens of the forensic ECF metadata. |
| **Coercive Pre-Filing Overture Cameron Stracher, Esq. (Counsel for The Independent)** | | | | |
| 39. | **March 3 and March 4, 2026** | Cameron Stracher, Esq. Called Plaintiff and Plaintiff returned his call on March 4, 2026.<br><br>Cameron requested that | **Predicate Act:**<br><br>18 U.S.C. § 1512 (Witness Tampering). | Following the initial **Academic Strike** (March 2), Cameron Stracher, Esq. contacted Plaintiff via telephone to demand a release of all claims against |

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | Plaintiff release his clients for no consideration. Plaintiff said she was still considering her options. | | his clients for **zero consideration**. This overture, made under the shadow of the orchestrated "Karen" narrative, was designed to exploit Plaintiff's professional distress and bypass the Forensic Stabilization of the Master Record. |
| 40. | **April 8, 2026** | Plaintiff submits the Third Amended Complaint via the Pro Se Unit. | N/A | The Pro Se Unit requested the hard copies because the PDFs were "malformed." |
| 41. | **April 9, 2026** | Plaintiff corrects the Caption, adds Defendant Debra Erni, John Hawley's surname to the body of the Complaint, and makes a few superficial adjustments. | N/A | Rule 15(a)(1): Amendment as a Matter of Course |
| 42. | **April 10, 2026** | Plaintiff submits hard copies of the TAC to the Pro Se Unit. | N/A | See 1:2024-cv-09978-ACL Doc. No. 76. |
| 43. | **April 12, 2026** | Plaintiff writes to the AG of Qatar | N/A | **Forensic Truth:** Plaintiff's former Al |

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | and the Former AG of Qatar, who is the Chairman of the Rule of Law and Anti-Corruption Center (ROLACC) in Doha, Qatar, where Plaintiff got her second LL.M. in Corruption, Law and Governance. | | Jazeera Media Network colleague, Yousef Al Jaber, who is Senior Legal Counsel at Al Jazeera now, informed Plaintiff that, as part of his lawsuit against Al Jazeera, its chairman, and Osama, Al Jaber went to Jordan to confirm Osama's legal credentials at the Jordanian Bar Association and did not find Osama on the roster.

The registration of Pillsbury with Osama as the Managing Partner is a fraud on Qatar given the mathematical impossibility of Osama's Jordanian licesensure. |
| 44. | **April 14, 2026** | Thomas Sullivan, Esq. emails communication offering a waiver of service in lieu of 60 extra days under Rule 4. | **Predicate Act:**

18 U.S.C. § 1512: Obstruction of Justice

While not a Rule Violation, Plaintiff sees this as an attempt to | If the TAC is "frivolous" and "futile" as Defendants claim in their April 16, 2026, letters to the Court, why would they need an |

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | | secure an administrative blockade, in violation of Rule 1: Failure to secure the "just, speedy, and inexpensive" determination of the action. | additional 60 days to mull over their response to the TAC? |
| 45. | **April 14, 2026** | Plaintiff files amended TAC which expands the Pillsbury Defendants in the Parties Section and expands the Verification by two points.<br><br>The Pro Se Unit rejected it as "malformed. | N/A | See April 17, 2026. |
| 46. | **April 14, 2026** | Plaintiff files the Letter Motion for Leave to Amend the TAC. The Pro Se Unit rejects it because it is "malformed." | N/A | See April 17, 2026. |
| 47. | **April 16, 2026** | **Synchronized Filing:** Defendants' DWT, Cameron Stracher, and Ballard Spahr | **Predicate Act:**<br><br>18 U.S.C. § 1503 (Obstruction of Justice) | **Exhibit 1:** ECF Ledger April 16, 2026 |

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| | | synchronized filing on ECF.<br><br>The Defendants' Letter seeking permission to file has yet to be filed with the Pro Se Unit. | | |
| 48. | April 17, 2026 | Plaintiff files Letter seeking the Court's permission to file the Letter Motion to Amend the TAC (i.e., to expand the Parties section and to expand the Verification). The Letter seeking permission includes the Draft Letter Motion. | N/A | **Rule 15(a)(2) applies.** There is no numerical "cap" on how many times a Plaintiff can seek to amend. The rule explicitly says that **"a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."**<br><br>Plaintiff's TAC alleges serious breaches that undermine the integrity of the global legal profession and the Rule of Law. That is hardly "frivolous." |

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| 49. | **April 17, 2026** | Plaintiff submits her letter seeking permission to submit a Letter Motion seeking alternate service considering the volume of the brief, the number of the Defendants, the costs involved, and the fact that the war in the Arabian Gulf is impacting international flights, including cargo flights.<br><br>The letter includes a draft of the Letter Motion seeking permission to effect alternate service. | N/A | Plaintiff seeks alternative service via email and service by proxy in NYC to the extent possible (as outlined in the draft Letter Motion attached to the letter seeking permission for alternate service) to mitigate against the war in the GCC (force majeure), the costs of replicating and mailing a voluminous brief, and email communication being safe and effective. |
| 50. | **April 29, 2026** | Managing Partner of DWT, Sharon Schneier "grills" Mary Shakun (Plaintiff's 81-year-old mother) during service. | Predicate Act: Witness Intimidation (18 U.S.C. § 1512); Harassment. | Affirmation of Service for DWT submitted May 4, 2026, to Pro Se Unit via email. |

1:2024cv09978

| No. | DATE/ TIME | EVENT DESCRIPTION | PREDICATE ACT/ RULE VIOLATION | FORENSIC TRUTH/ EXHIBIT REFERENCE |
|---|---|---|---|---|
| 51. | April-May 2026 | Pillsbury's Doha office undergoes employee reshuffling. The installation of a new Middle East Associate who seems to have undertaken his training in Jordan in accordance with the rules of the JBA. | Potential Spoilation of Evidence and Concealment of RICO Predicates. | See Preservation Notice Dated May 3, 2026. |

1:2024cv09978

## THE STATUTORY LANGUAGE

## NYRPC 3.1: NON-MERITORIOUS CLAIMS AND CONTENTIONS

a) A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous. A lawyer for the defendant in a criminal proceeding or for the respondent in a proceeding that could result in incarceration may nevertheless so defend the proceeding as to require that every element of the case be established.

(b) A lawyer's conduct is "frivolous" for purposes of this Rule if:

(1) the lawyer knowingly advances a claim or defense that is unwarranted under existing law, except that the lawyer may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law;

(2) the conduct has no reasonable purpose other than to delay or prolong the resolution of litigation, in violation of Rule 3.2, or serves merely to harass or maliciously injure another; or

(3) the lawyer knowingly asserts material factual statements that are false.

## NYRPC 3.3: CONDUCT BEFORE A TRIBUNAL

(a) A lawyer shall not knowingly:

(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;

(2) fail to disclose to the tribunal controlling legal authority known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or

1:2024cv09978

(3) offer or use evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.

(b) A lawyer who represents a client before a tribunal and who knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.

(c) The duties stated in paragraphs (a) and (b) apply even if compliance requires disclosure of information otherwise protected by Rule 1.6.

(d) In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.

(e) In presenting a matter to a tribunal, a lawyer shall disclose, unless privileged or irrelevant, the identities of the clients the lawyer represents and of the persons who employed the lawyer.

(f) In appearing as a lawyer before a tribunal, a lawyer shall not:

(1) fail to comply with known local customs of courtesy or practice of the bar or a particular tribunal without giving to opposing counsel timely notice of the intent not to comply;

(2) engage in undignified or discourteous conduct;

(3) intentionally or habitually violate any established

1:2024cv09978

rule of procedure or of evidence; or (4) engage in conduct intended to disrupt the tribunal.

## NYRPC 3.6(a) TRIAL PUBLICITY

(a) A lawyer who is participating in or has participated in a criminal or civil matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.

## NYRPC 5.1(d)

(d) A lawyer shall be responsible for a violation of these Rules by another lawyer if:

(1) the lawyer orders or, with knowledge of the specific conduct, ratifies the conduct involved; or

(2) the lawyer is a partner in a law firm in which the other lawyer practices, or has a comparable managerial authority in the law firm in which the other lawyer practices, or has direct supervisory authority over the other lawyer, and knows of such conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.

## NYRPC 8.4(c)

A lawyer or firm shall not:

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.