ADMITTED IN:
NEW YORK
CONNECTICUT

LAW OFFICES OF
**CAMERON
STRACHER**
MEDIA AND ENTERTAINMENT LAW
**1133 BROADWAY, SUITE 516
NEW YORK, NY 10010**
————————
**(646) 992-3850
CAM@STRACHERLAW.COM**

WWW.STRACHERLAW.COM

July 14, 2026

**Via Electronic Filing**

Hon. Andrew L. Carter Jr.
U.S. District Court, Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

      Re:     ***Shaykhoun v. The Daily Mail et al.*, No. 24 Civ. 9978 (ALC) (S.D.N.Y.)**

Dear Judge Carter:

We represent Defendants Independent Digital News and Media Limited (sued incorrectly herein as "The Independent"), Bevan Hurley, Geordie Greig, Louise Thomas, and Richard Best (collectively, "The Independent Defendants") and their counsel, Cameron Stracher and Cameron Stracher, PLLC (the "Stracher Defendants") in the above-captioned matter. We write on behalf of the Independent Defendants, the Stracher Defendants, and, with the consent of their counsel, on behalf of co-Defendants The Daily Beast Company LLC, AJ McDougall, Ben Sherwood, Joanna Coles, IAC Inc., Tracy Connor, Barry Diller, Davis Wright Tremaine LLP, Katherine M. Bolger, and Lindsey B. Cherner (the "Defendants"). We write in response to Plaintiff Sonya Shaykhoun's two July 12, 2026 letters, which request permission to (1) file an "Updated Extended Chronology" exhibit to her Third Amended Complaint (ECF 154) and (2) file a sur-relpy to Defendants' replies in support of their various Motions to Dismiss (ECF 153).[1] Defendants oppose both requests.

Since filing her Third Amended Complaint ("TAC"), Plaintiff has made numerous efforts through letter motions to supplement, correct, or "clarify" the TAC and its exhibits. On April 28, 2026, this Court so ordered Defendants' agreement to Plaintiff's request to recognize the TAC filed at ECF 89 as the operative complaint on the condition that it was the final version of the TAC. (ECF 91). Defendants proceeded with filing their motions to dismiss based on that TAC and briefing on those motions is now complete. There is no authority, and Plaintiff cites to none, that would permit Plaintiff to retroactively edit an exhibit to the TAC after briefing is complete. Such a change would clearly prejudice Defendants, who relied on the previously agreed-to version of the TAC. In addition, this Court already denied Plaintiff's other request for leave to "submit an accompanying Case Statement, as Plaintiff ha[d] already been given the chance to

---

[1] Plaintiff's letters are dated July 13, 2026, but were filed on July 12, 2026. (ECF 153, 154).

file a Perfected Third Amended Complaint which included, in part, RICO claims that exceed the scope of the limited leave this Court granted Plaintiff to amend." (ECF 132). Thus, Plaintiff's request to file an "updated" exhibit should be similarly denied.

Plaintiff's request for a sur-reply similarly lacks merit. "The Court may permit a sur-reply when the defendant has raised new arguments on reply; but where the plaintiff was 'on notice' of the defendant's argument and had ample time to address it, leave to file a sur-reply is generally denied." *Thompson v. Lemon*, No. 23-CV-2102 (JHR) (KHP), 2026 WL 1230842, at *1 (S.D.N.Y. May 5, 2026). Here, Plaintiff does not identify any arguments that were not already raised in Defendants' opening memorandum and appears to merely want a second chance to oppose them. Accordingly, her request to file a sur-reply should also be denied.

For these reasons, the Defendants respectfully request that the Court deny Plaintiff's motion for leave to file an updated exhibit and to file a sur-reply.

Respectfully,

Cameron Stracher

cc:     Plaintiff and all other defendants (via ECF)

CAMERON STRACHER, PLLC

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2026, I caused a true copy of the foregoing to be served on all counsel of record via ECF.

/s/ *Sara Tesoriero*
Sara Tesoriero, Esq.