# Ballard Spahr
LLP

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Thomas Sullivan
Tel: 212.850.6139
Fax: 212.223.1942
sullivant@ballardspahr.com

Jacquelyn Schell
Tel: 646.446.8048
Fax: 212.223.1942
schellj@ballardspahr.com

July 14, 2026

*By Electronic Filing*

Hon. Andrew L. Carter Jr.
U.S. District Court, Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Re:    *Shaykhoun v. The Daily Mail et al.*, No. 24 Civ. 9978 (ALC) (S.D.N.Y.)

Dear Judge Carter:

We represent Defendants The Daily Mail, Dailymail.com, Daily Mail and General Trust PLC, Noa Halff, and Jonathan Harmsworth (collectively, the "Daily Mail Defendants") and Ballard Spahr LLP, Thomas Sullivan, and Saumya Vaishampayan (collectively, the "Ballard Spahr Defendants") in the above-captioned matter.  We write on behalf of the Daily Mail Defendants and Ballard Spahr Defendants in response to Plaintiff Sonya Shaykhoun's July 12, 2026 letter, *see* Dkt. 153, which seeks leave to file a sur-reply. The motion should be denied as Plaintiff does not identify any newly raised arguments which she could not have addressed in her prior papers.

"Surreplies are rarely permitted on a motion to dismiss." *Thompson v. Lemon*, 2026 WL 1230842, at *1 (S.D.N.Y. May 5, 2026); *accord Sec. & Exch. Comm'n v. Xia*, 2022 WL 2784871, at *1 (E.D.N.Y. July 15, 2022) ("Courts in this circuit grant leave to file sur-replies sparingly.").  This is because allowing sur-replies has the potential for placing a court "in the position of refereeing an endless volley of briefs." *Kapiti v. Kelly*, 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008), *aff'd*, 2008 WL 1882652 (S.D.N.Y. Apr. 28, 2008). "The Court may permit a surreply when the defendant has raised new arguments on reply; but where the plaintiff was 'on notice' of the defendant's argument and had ample time to address it, leave to file a surreply is generally denied." *Thompson*, 2026 WL 1230842, at *1; *accord Preston Hollow Cap. LLC v. Nuveen Asset Mgmt. LLC*, 343 F.R.D. 460, 466 (S.D.N.Y. 2023) ("[W]here a party requesting to submit a sur-reply was on notice of the opposing party's argument or the party had 'ample opportunity' to address the argument, courts have denied leave to file a sur-reply.").  Similarly, a plaintiff is not entitled to a sur-reply when "the reply papers merely respond to points raised in opposition to the underlying

Hon. Andrew L. Carter Jr.
July 14, 2026
Page 2

motion." *Polidoro v. L. Firm of Jonathan D'Agostino, P.C.*, 2022 WL 2286951, at \*7 (S.D.N.Y. June 23, 2022).

Plaintiff does not identify any new arguments raised for the first time in the Daily Mail Defendants and Ballard Spahr Defendants' reply. Much of her letter appears to relate to arguments made by other defendants.[1] With respect to the arguments that even potentially apply to the parties represented by the undersigned, each of those issues is not an appropriate subject for a sur-reply.

- Plaintiff already claimed that she plausibly alleged a RICO enterprise under *Boyle v. United States*, 556 U.S 938 (2009), *see* Dkt. 153 at 3, in her opposition brief. *See* Dkt. 140 at 31-32.

- Plaintiff first contended that the Daily Mail Defendants and Ballard Spahr Defendants' motion should have been made under Rule 12(f), *see* Dkt. 153 at 3, in her opposition brief. *See* Dkt. 140 at 4-5. The Daily Mail Defendants and Ballard Spahr Defendants responded in their reply. *See* Dkt. 149 at 2.

- The Daily Mail Defendants and Ballard Spahr Defendants raised the issue of defamation being an inappropriate basis for a RICO or Section 1983 claim, *see* Dkt. 153 at 3, in their opening brief. *See* Dkt. 121 at 14-15, 18-121. Plaintiff had the opportunity to respond and did so. *See* Dkt. 140 at 2, 28, 40.

- The Daily Mail Defendants and Ballard Spahr Defendants raised issues with Plaintiff's reliance on communications with Luke Rosiak, *see* Dkt. 153 at 4, in their opening brief. *See* Dkt. 121 at 18. Again, Plaintiff had the opportunity to respond and did so. *See* Dkt. 140 at 16-17.

Finally, Plaintiff appears to argue that she should be allowed to belatedly respond to the various arguments for dismissal which she failed to address in her opposition and thereby waived her claims. *See* Dkt. 153 at 4. By definition, when a plaintiff fails to respond to an issue raised in the opening brief, she had ample time to address it and no sur-reply is appropriate. While she complains about "judicial page limits," Plaintiff made the choice to file a single omnibus opposition and, with Defendants' non-opposition, was granted the

---

[1] Plaintiff's first two points argue that Pillsbury Winthrop misstates Osama Abu Dehays's licensure status. *See* Dkt. 153 at 2-3. Plaintiff had ample opportunity to develop this argument in her Opposition. S*ee* Dkt. 140 at 16-17, 22. In addition, none of Plaintiff's claims against the Daily Mail Defendants or Ballard Spahr Defendants rise or fall based on whether or not Abu Dehays was properly licensed.

Hon. Andrew L. Carter Jr.
July 14, 2026
Page 3


extended page limit that she requested.  *See* Dkts. 130, 132.  Moreover, she concedes that she made a strategic decision to "focus on the central RICO/Section 1983 issues rather than rebutting every peripheral argument."  *See* Dkt. 153 at 4.  She should not be allowed to revisit those choices now.

For these reasons, the Daily Mail Defendants and Ballard Spahr Defendants respectfully request that the Court deny Plaintiff's motion for leave to file a sur-reply.

Respectfully submitted,

*/s/ Thomas Sullivan*

Thomas Sullivan


*/s/ Jacquelyn Schell*

Jacquelyn Schell

cc:    Plaintiff; all counsel of record (via ECF)