# Ballard Spahr
LLP

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Thomas Sullivan
Tel: 212.850.6139
Fax: 212.223.1942
sullivant@ballardspahr.com

Jacquelyn Schell
Tel: 646.446.8048
Fax: 212.223.1942
schellj@ballardspahr.com

July 14, 2026

*By Electronic Filing*

Hon. Andrew L. Carter Jr.
U.S. District Court, Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Re:     *Shaykhoun v. The Daily Mail et al.*, No. 24 Civ. 9978 (ALC) (S.D.N.Y.)

Dear Judge Carter:

We represent Defendants The Daily Mail, Dailymail.com, Daily Mail and General Trust PLC, Noa Halff, and Jonathan Harmsworth (collectively, the "Daily Mail Defendants") and Ballard Spahr LLP, Thomas Sullivan, and Saumya Vaishampayan (collectively, the "Ballard Spahr Defendants") in the above-captioned matter. We write on behalf of the Daily Mail Defendants and Ballard Spahr Defendants in response to Plaintiff Sonya Shaykhoun's July 12, 2026 letter, *see* Dkt. 154, which seeks leave to substitute in her "Extended Chronology" for the existing Exhibit J to her Third Amended Complaint. The Court should reject Plaintiff's latest effort to supplement her pleadings, particularly since briefing on the various motions to dismiss is now complete.

As an initial matter, Plaintiff's description of the Extended Chronology is inaccurate. Plaintiff contends that it is designed to "provid[e] a more precise forensic map of the *existing allegations . . .* to assist the Court in its review of the complex racketeering predicates *already alleged in the TAC*," *see* Dkt. 154 at 1 (emphases added). However, it in fact contains numerous additional alleged supposed predicate acts, as well as supposed violations of the rules of professional responsibility. *See* Dkt. 121 at 19-20.

In its February 26, 2026 Order dismissing the Second Amendment Complaint, this Court set an April 8, 2026 deadline for file a new pleading. *See* Dkt. 75 at 21. "When a party moves to amend the pleadings after the deadline to do so in the court's scheduling order has passed, he must satisfy the good cause requirement of Fed. R. Civ. P. 16(b) before being granted leave to amend. Only if good cause is shown must the moving party demonstrate that the amendment is proper under the lenient standard of Rule 15(a)." *Lincoln*

Hon. Andrew L. Carter Jr.
July 14, 2026
Page 2

*v. Potter*, 418 F. Supp. 2d 443, 453 (S.D.N.Y. 2006) (cleaned up); *see Parker v. Columbia Pictures Indus.*, 204 F. 3d 326, 340-41 (2d Cir. 2000).  A "finding of 'good cause' depends on the diligence of the moving party." *Parker*, 204 F.3d at 340.  "A party is not considered to have acted diligently where the proposed amendment is based on information that the party knew, or should have known, in advance of the motion deadline." *Christians of California, Inc. v. Clive Christian New York, LLP,* 2014 WL 3605526, at *4 (S.D.N.Y. July 18, 2014).  "If a party was not diligent, the good cause inquiry should end." *Lincoln*, 418 F. Supp. 2d at 454 (cleaned up).

Plaintiff does not assert that she acted with diligence or address this standard at all.  Instead, she claims that she is not amending the TAC at all, though she is seeking to add a new document to it.  It would be impossible for her to claim to have acted with diligence here.  All of the events of the chronology which occurred prior to April 8, 2026 were known to Plaintiff at the time she filed the TAC.  Plaintiff offers no explanation for why these allegations could not have been included therein.  The Daily Mail Defendants and Ballard Spahr Defendants explained in their opposition filed on May 12, 2026, two months before Plaintiff sought the current relief, that all of these new allegations, including those occurring after April 8, were not included in the TAC.  *See* Dkt. 121 at 10-11, 19-20.  Plaintiff did not address this issue in her opposition papers.  She offers no explanation for why this motion was only filed now, after all of the defendants have fully briefed their dismissal motions.

Even if Plaintiff could demonstrate good cause, which again she cannot, "[a]fter the moving party demonstrates diligence under Rule 16, the Rule 15 standard applies to determine whether the amendment is proper." *Wheeler v. Citibank*, 2012 WL 1995148, at *5 (S.D.N.Y. June 1, 2012).  Leave to amend under Rule 15 "need not be granted . . . where the proposed amendment would be futile." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir. 1997) (cleaned up).  First, the Expanded Chronology is a "narrative summary" not appropriately considered on a motion to dismiss.  *See Lively v. Wayfarer Studios LLC*, 786 F. Supp. 3d 695, 716 (S.D.N.Y. 2025).  Second, as the Daily Mail Defendants and Ballard Spahr Defendants explained, none of the new allegations contained in the Expanded Chronology state a claim.  *See* Dkt. 121 at 19-20.  Plaintiff failed to respond to this argument in her Opposition and therefore has abandoned any claim based on these allegations.  *See Gordon v. Equitas Cap. Grp.*, 2025 WL 2771708, at *6 (S.D.N.Y. Sept. 29, 2025); *see also* Dkt. 149 at 9 n.3.

As the Daily Mail Defendants and Ballard Spahr Defendants noted in response to Plaintiff's previous motion to supplement her pleadings, "Defendants are entitled to have a single complaint they can move against, rather than contending with a moving target." *Newsome v. Gutierrez*, 2025 WL 4693968, at *1 (S.D.N.Y. May 6, 2025).  Dkt. 130 at 2.  For the reasons the various Defendants have explained at length in their moving papers, the TAC does not and cannot state a claim.  This Court should reject Plaintiff's latest effort to

Hon. Andrew L. Carter Jr.
July 14, 2026
Page 3


further extend this litigation.  For these reasons, the Defendants respectfully request that the Court deny Plaintiff's motion for leave to substitute in an alternate version of her Exhibit J.

Respectfully submitted,

*/s/ Thomas Sullivan*

Thomas Sullivan


*/s/ Jacquelyn Schell*

Jacquelyn Schell

cc:      Plaintiff; all counsel of record (via ECF)