

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1075

Matthew Stockwell
Tel: +1.212.858.1075
Matthew.stockwell@pillsburylaw.com

July 15, 2026

*By Electronic Filing and E-mail*

The Honorable Andrew L. Carter Jr., U.S.D.J.
U.S. District Court, Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Re: *Shaykhoun v. The Daily Mail et al.*, No. 24 Civ. 9978 (ALC) (S.D.N.Y.)

Dear Judge Carter:

We represent Defendants Pillsbury Winthrop Shaw Pittman LLP and Edward
Flanders (the "Pillsbury Defendants") in the above-captioned matter. We write in
response to Plaintiff Sonya Shaykhoun's two July 13, 2026 letter motions (filed on
July 12, 2026), which request permission to: (1) effectively substitute an "Updated
Extended Chronology" exhibit to her Third Amended Complaint ("TAC") (ECF 154);
and (2) file a sur-reply to Pillsbury Defendants' replies in support of their Motions to
Dismiss (ECF 153). The Pillsbury Defendants categorically oppose both requests,
which are only the latest in Plaintiff's never-ending efforts to supplement or correct
her TAC and its exhibits.

Plaintiff's request to substitute an "Updated Extended Chronology" should be denied.
On April 28, 2026, this Court so ordered certain co-defendants' agreement to
Plaintiff's request to recognize the TAC as the operative complaint on the condition
that it was the final version of the TAC ("April 28 Order") (ECF 89 and ECF 91). The
Pillsbury Defendants then filed their motion to dismiss (ECF 141 and ECF 142) and
reply in support of their motion to dismiss (ECF 152) based on that operative TAC.
Plaintiff identifies no procedural rule or authority permitting her to retroactively
revise, replace, or supplement an exhibit to the operative complaint after the Pillsbury
Defendants have fully briefed their motions to dismiss. Nor is this a trivial correction.
Plaintiff seeks to substitute a new chronology for an exhibit to the operative pleading

The Honorable Andrew L. Carter Jr., U.S.D.J.
July 15, 2026
Page 2

after the Pillsbury Defendants relied on the existing TAC and exhibits in preparing their Rule 12 motion. Permitting that substitution would undermine the Court's April 28 Order and prejudice the Pillsbury Defendants by requiring them to litigate against a moving target after motion practice is complete.

Similarly, Plaintiff's request for leave to file a sur-reply should be denied. A sur-reply is appropriate only in limited circumstances and may be permitted where a reply raises new arguments that the opposing party had no fair opportunity to address. *See e.g.*, *Thompson v. Lemon*, 2026 WL 1230842, at *1 (S.D.N.Y. May 5, 2026) ("Surreplies are rarely permitted on a motion to dismiss"); *Sec. & Exch. Comm'n v. Xia*, 2022 WL 2784871, at *1 (E.D.N.Y. July 15, 2022) ("Courts in this circuit grant leave to file sur-replies sparingly"); *Preston Hollow Cap. LLC v. Nuveen Asset Mgmt. LLC*, 343 F.R.D. 460, 466 (S.D.N.Y. 2023) ("[W]here a party requesting to submit a sur-reply was on notice of the opposing party's argument or the party had 'ample opportunity' to address the argument, courts have denied leave to file a sur-reply"). Here, Plaintiff fails to identify any new argument raised for the first time in the Pillsbury Defendants' reply. Instead, Plaintiff seeks a further opportunity to dispute arguments that were already raised in the Pillsbury Defendants' opening memorandum. Plaintiff's disagreement with those arguments does not warrant another round of briefing.

For these reasons, the Pillsbury Defendants respectfully request that the Court deny Plaintiff's motions for leave to substitute an updated exhibit and to file a sur-reply.


Respectfully submitted,

Matthew D. Stockwell


cc: All counsel of record and plaintiff (via ECF)